UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE VINCE CHHABRIA

| | |
|---|---|
| LAURA MARKS, GAYLIA PICKLES & DONNA VANDIVER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) |
| PLAINTIFFS, | ) ) ) |
| VS. | ) NO. C 3:15-CV-05329 VC ) |
| KATE SPADE AND COMPANY, A DELAWARE CORPORATION; AND DOES 1-50, | ) ) ) ) SAN FRANCISCO, CALIFORNIA |
| DEFENDANTS. | ) THURSDAY ) MAY 5, 2016 ) |

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING 10:20 A.M. - 10:31 A.M.**

**APPEARANCES:**

| | |
|---|---|
| **FOR PLAINTIFF**<br>**PICKLES** | MARKUN, SUZMAN, FRENIERE, COMPTON, LLP<br>17383 WEST SUNSET BOULEVARD<br>SUITE A 380<br>PACIFIC PALISADES, CALIFORNIA 90272<br>**BY: MARK A. OZZELLO, ESQUIRE** |

(FURTHER APPEARANCES ON FOLLOWING PAGE)

*REPORTED BY: JOAN MARIE COLUMBINI, CSR #5435, RPR*
*RETIRED OFFICIAL COURT REPORTER, USDC*

**APPEARANCES (CONTINUED)**

**FOR PLAINTIFF**          WILLIAMSON LAW FIRM, LLC
**VANDIVER**               1770 ST. JAMES PLACE
                        SUITE 100
                        HOUSTON, TEXAS  77056
           **BY:  CHE DAWN WILLIAMSON, ESQUIRE**


**FOR DEFENDANTS**         SHEPPARD, MULLIN, RICHTER & HAMPTON,
                          LLP
                        1901 AVENUE OF THE STARS, SUITE 1600
                        LOS ANGELES, CALIFORNIA  90067
           **BY:  P. CRAIG CARDON, ESQUIRE**

THURSDAY, MAY 5, 2016                              10:20 A.M.

                              PROCEEDINGS

                              ---O0O---

          **THE CLERK:**  CALLING CASE NUMBER 15-CV-5329, PICKLES,

ET AL. VERSUS KATE SPADE AND COMPANY.

          COUNSEL, PLEASE STEP FORWARD AND STATE YOUR

APPEARANCES FOR THE RECORD.

          **MR. OZZELLO:**  GOOD MORNING, YOUR HONOR.  MARK OZZELLO

FOR THE PLAINTIFFS.

          **THE COURT:**  GOOD MORNING.

          **MS. WILLIAMSON:**  CHE WILLIAMSON FOR THE PLAINTIFFS.

          **THE COURT:**  GOOD MORNING.

          **MR. CARDON:**  GOOD MORNING, YOUR HONOR.  CRAIG CARDON

FOR THE DEFENDANT KATE SPADE AND COMPANY.

          **THE COURT:**  GOOD MORNING.  YOU KNOW, I DON'T KNOW HOW

IMPORTANT THIS MOTION IS, BECAUSE I ASSUME THAT IF I GRANTED

THE MOTION TO DISMISS, YOU PROBABLY WOULD BE ABLE TO ADD FACTS

THAT ALLOW YOU TO STATE A CLAIM.  BUT I DO FIND IT DIFFICULT,

EVEN IF IT MAY NOT BE THAT IMPORTANT.

          AND I DO HAVE QUITE A BIT OF SYMPATHY FOR THEIR

ARGUMENT, THAT IF WHAT YOU HAVE INCLUDED IN THE COMPLAINT IS

ENOUGH, THAT THAT MEANS THAT ANY TIME A STORE ADVERTISES A

FORMER PRICE, OR "OUR PRICE," AND THEN UNDERNEATH IT PUTS "SALE

PRICE," OR "CURRENT PRICE," OR WHATEVER IT IS, THAT YOU COULD

HAUL SOMEONE INTO COURT ON A FRAUD CLAIM, YOU KNOW, AS LONG AS

1   YOU HAVE A PLAINTIFF WHO BOUGHT IT.

2           AND I FOUND THE ARGUMENT IN THEIR REPLY PRETTY

3   PERSUASIVE, THAT YOU ARE SORT OF CONFLATING THE DISTINCTION

4   BETWEEN THEORY OF DECEPTION AND THEORY OF FRAUDULENT CONDUCT.

5   I CAN'T REMEMBER IF THAT WAS EXACTLY HOW YOU PUT IT, BUT IT WAS

6   SOMETHING ALONG THOSE LINES.  I FOUND THAT QUITE PERSUASIVE,

7   AND I THINK THAT'S WHAT YOU ARE DOING.

8           AND I THINK YOU HAVE ENOUGH IN THE COMPLAINT TO

9   ALLEGE -- YOU KNOW, TO SATISFY THE DECEPTION REQUIREMENT THAT

10  YOUR CLIENT, YOU KNOW -- OR THE RELIANCE REQUIREMENT, OR

11  WHATEVER YOU CALL IT, THAT YOUR CLIENT BOUGHT THIS PRODUCT

12  BECAUSE SHE BELIEVED, OR THEY BELIEVED -- YOUR CLIENTS BOUGHT

13  THESE PRODUCTS BECAUSE THEY BELIEVED THAT THEY WERE PREVIOUSLY,

14  AT THE RETAIL SHOP, SOLD AT A MUCH HIGHER PRICE.  BUT I'M NOT

15  SURE YOU'VE ALLEGED ENOUGH TO SHOW THAT WHAT THEY BELIEVED IS

16  TRUE.  IN OTHER WORDS, THAT, IN FACT, THE PRODUCTS WERE NOT

17  PREVIOUSLY SOLD AT A HIGHER PRICE AT A RETAIL STORE, OR AT THE

18  OUTLET STORE, OR WHATEVER.

19          AND I ASSUME THAT IF YOU, YOU KNOW, PUT A LITTLE MORE

20  EFFORT INTO IT, YOU PROBABLY COULD ADD FACTS TO SUPPORT YOUR

21  ALLEGATION THAT IT WAS NEVER SOLD AT A RETAIL STORE.  I IMAGINE

22  THERE ARE A LOT OF THINGS YOU COULD DO OR COULD HAVE DONE.  YOU

23  COULD HAVE SENT PEOPLE INTO THE STORE TO ASK STORES -- TO ASK A

24  BUNCH OF QUESTIONS OF EMPLOYEES.  YOU MIGHT HAVE BEEN ABLE TO

25  USE THE WAYBACK MACHINE TO SEE IF THERE WERE ANY ADVERTISEMENTS

1  FROM KATE SPADE RETAIL STORES, OR ONLINE STORES, OR WHATEVER,

2  FOR THIS PRODUCT AT A HIGHER PRICE.

3          YOU MIGHT HAVE SAID A LOT MORE THAN YOU DID SAY IN

4  THE COMPLAINT ABOUT THE ALLEGATION THAT, YOU KNOW, 82 PERCENT

5  OF PRODUCTS IN OUTLET STORES ARE MADE JUST FOR THE OUTLET

6  STORE.  THERE'S A FLEETING REFERENCE TO THAT, REALLY, AND I

7  DON'T KNOW HOW SUPPORTABLE IT IS.  YOU KNOW, THE REPORTER

8  DESCRIBING NOT EVEN WITH QUOTES THE STATEMENT OF SOME ANALYST

9  IN A DAILY NEWS ARTICLE PUT IT IN A FOOTNOTE.

10          SO, YOU KNOW -- I GUESS THAT'S MY -- IT'S A TENTATIVE

11  REACTION, BUT THAT'S MY REACTION THAT YOU PROBABLY HAVEN'T DONE

12  ENOUGH TO SUPPORT YOUR THEORY OF FRAUD AS OPPOSED TO YOUR

13  THEORY OF RELIANCE.

14          **MR. OZZELLO:**  YOUR HONOR, JUST A FEW COMMENTS.  FIRST

15  OF ALL, I THINK WE HAVE DONE ENOUGH.  WHETHER OR NOT IT'S

16  PROPERLY PLED IS MAYBE THE ISSUE IN THE COURT'S MIND.

17          **THE COURT:**  THAT'S ALL I WAS REFERRING TO, IS WHAT'S

18  IN THE COMPLAINT, NOT WHAT YOU'VE ACTUALLY DONE.

19          **MR. OZZELLO:**  BUT LET'S TALK ABOUT THAT, BECAUSE,

20  REALLY, WHAT THE COURT'S TELLING ME IS THAT, YOU KNOW, WE NEED

21  TO PUT MORE OF THE INVESTIGATIVE INFORMATION INTO THE

22  COMPLAINT, AND, QUITE FRANKLY, I JUST DON'T THINK THAT'S

23  REQUIRED IN THIS PARTICULAR TYPE OF CASE.  SO ALL OF THE CASES

24  THAT ARE CITED AND RELIED UPON BY DEFENDANT ARE COMPARE-AT

25  CASES, WHERE THE PLAINTIFF HAS THE ABILITY TO GO OUT IN THE

1  MARKETPLACE AND COMPARE PRODUCT WITH OTHER RETAIL OUTLETS.

2  HERE WE HAVE A SITUATION WHERE THE PRICE TAG SAYS "OUR PRICE,"

3  AND YOU KNOW WHAT, I JUST --

4           **THE COURT:**  I AGREE WITH YOU, AND I THINK IT'S

5  IMPORTANT THAT THEY SAY -- THAT THE PRICE TAG SAYS "OUR PRICE,"

6  AS OPPOSED TO "COMPARE AT" OR, YOU KNOW, "SUGGESTED RETAIL," OR

7  WHATEVER, YOU KNOW --

8           **MR. OZZELLO:**  YEAH.

9           **THE COURT:**  -- THE VARIOUS OTHER THINGS THAT

10 ADVERTISERS SAY.  I AGREE WITH YOU THAT THAT'S IMPORTANT, BUT

11 THINK WHAT YOU'VE SAYING IS NOT RESPONSIVE TO WHAT I'VE SAID

12 BECAUSE --

13          **MR. OZZELLO:**  I'M GETTING THERE.

14          **THE COURT:**  OKAY.  GO AHEAD.

15          **MR. OZZELLO:**  I'M GETTING THERE, BECAUSE WHAT YOU'RE

16 TALKING ABOUT IS THE RELEVANT MARKET, AND THE RELEVANT MARKET

17 HERE IS SPECIFICALLY LIMITED TO DEFENDANT'S RETAIL AND OUTLET

18 STORES.

19          **THE COURT:**  I AGREE WITH YOU.  SO WHY IS THAT --

20          **MR. OZZELLO:**  SO ALL OF THAT --

21          **THE COURT:**  IT'S STILL NOT RESPONSIVE TO WHAT I'M

22 SAYING.

23          **MR. OZZELLO:**  ALL OF THAT INFORMATION IS WITHIN THE

24 PURVIEW OF THE DEFENDANTS.

25          **THE COURT:**  NO, IT'S NOT.  WHAT ABOUT ALL THE THINGS

1   THAT I JUST SAID THAT YOU COULD POTENTIALLY DO TO INVESTIGATE

2   WHETHER IT IS, IN FACT, TRUE THAT THEY NEVER SOLD -- THEY NEVER

3   OFFERED THE PRODUCT FOR SALE AT A RETAIL STORE OR AT THEIR

4   OUTLET STORE FOR "OUR PRICE."

5           I MEAN, AGAIN, WHAT I STARTED OFF BY SAYING IS THAT

6   IT SEEMS TO ME THAT IF YOU CAN HAUL THEM INTO COURT ON A FRAUD

7   CLAIM BASED ON WHAT YOU'VE ALLEGED, IT STANDS FOR THE

8   PROPOSITION THAT ANY TIME ANY OUTLET ADVERTISES A PRODUCT OR

9   HAS A PRICE TAG FOR A PRODUCT AND HAS ONE PRICE CROSSED OUT AND

10  ANOTHER PRICE LISTED, THAT BASED ON THAT ALONE, THEY COULD BE

11  HAULED INTO COURT ON A FRAUD CLAIM.  AND THAT MAKES ME KIND OF

12  UNCOMFORTABLE, ESPECIALLY WHEN IT'S NOT NECESSARILY THE CASE

13  THAT IT IS PURELY -- AND ESPECIALLY IN THIS DAY AND AGE,

14  WHEN -- THAT IT'S PURELY WITHIN THEIR KNOWLEDGE WHETHER THEY

15  PREVIOUSLY SOLD THE PRODUCT FOR A HIGHER PRICE.

16          **MR. OZZELLO:**  WELL, I MEAN, YOUR HONOR, JUST A COUPLE

17  OF DAYS AGO JUDGE ROGERS CAME OUT WITH AN OPINION IN THIS VERY

18  COURT THAT KIND OF TRACKED OUR POSITION.

19          **THE COURT:**  BUT YOU'RE NOT ANSWERING MY QUESTION.  I

20  READ HER OPINION.  BUT I'M ASKING YOU A QUESTION ABOUT -- IS

21  IT -- AM I WRONG THAT IF I RULE IN YOUR FAVOR, THAT WOULD STAND

22  FOR THE PROPOSITION THAT ANY TIME A STORE ADVERTISES -- HAS A

23  PRICE TAG THAT HAS ONE PRICE CROSSED OUT AND ANOTHER PRICE

24  LISTED, THAT BASED ON THAT ALONE YOU COULD HAUL THEM INTO COURT

25  ON A FRAUD CLAIM.

1       **MR. OZZELLO:** I DON'T NECESSARILY THINK THAT --

2       **THE COURT:** OKAY. WHO WOULD BE SAFE FROM A FRAUD

3  CLAIM IF YOUR POSITION IS CORRECT?

4       **MR. OZZELLO:** I THINK WHO WOULD BE SAFE WOULD BE A

5  RETAILER WHO PRODUCES ITS OWN PRODUCT AND SELLS ITS PRODUCT AT

6  ITS "OUR PRICE," AND THAT'S A PREVAILING MARKET PRICE.

7       **THE COURT:** YES, BUT -- BUT WHAT -- WHAT -- HOW DO WE

8  KNOW -- I MEAN, YOU SEEM TO HAVE FILED A COMPLAINT WHICH SAYS,

9  LOTS OF STORES DO THIS, AND, THEREFORE, WE BELIEVE KATE SPADE

10  DID THIS. SO, YOU KNOW, YOU'RE --

11       **MR. OZZELLO:** I UNDERSTAND THE COURT'S POSITION, AND,

12  BELIEVE ME, WE HAVE FACTS SUFFICIENT, I THINK --

13       **THE COURT:** THEN WHY DIDN'T YOU PUT THEM IN THE

14  COMPLAINT?

15       **MR. OZZELLO:** WELL, NUMBER ONE, WE FELT THEY WEREN'T

16  NECESSARY. WHENEVER WE LOOKED AT CASES LIKE *SPAN*, AND WE

17  LOOKED AT -- THERE WAS ONE OTHER CASE THAT SAYS THAT, YOU KNOW

18  WHAT, THAT INFORMATION IS REALLY WITHIN THE PURVIEW OF THE

19  DEFENDANTS, AND IT'S NOT REQUIRED AT THIS PARTICULAR STAGE OF

20  THE PROCEEDING. AND THEN, NUMBER TWO, WE DIDN'T WANT TO REVEAL

21  WORK PRODUCT, AND I THINK THAT'S SOMETHING --

22       **THE COURT:** I DON'T UNDERSTAND -- I DON'T UNDERSTAND

23  THAT. I MEAN, YOU CAN -- YOU CAN INCLUDE ALLEGATIONS -- FOR

24  EXAMPLE, LET US SAY, JUST AS AN EXAMPLE, YOU HAD AN ALLEGATION

25  THAT SAID "NO ADVERTISEMENT" -- YOU KNOW, KATE SPADE'S WEBSITE

```
 1  OVER THE PAST THREE MONTHS APPEARS ON THE INTERNET ARCHIVES 20

 2  TIMES, 20 DIFFERENT DAYS, AND ON NONE OF THOSE DAYS DOES THERE

 3  APPEAR AN ADVERTISEMENT FOR PRODUCT "X" AT PRICE "Y."  HOW

 4  WOULD AN ALLEGATION LIKE THAT DISCLOSE ATTORNEY WORK PRODUCT?

 5          MR. OZZELLO:  AGAIN, I UNDERSTAND THE COURT'S

 6  POSITION, AND WE CAN CERTAINLY MAKE THOSE CHANGES TO THE

 7  COMPLAINT.  I'M NOT GOING TO SIT HERE AND TELL THE COURT THAT

 8  THAT IS NOT POSSIBLE, AND I'M NOT GOING TO SIT HERE AND

 9  DISAGREE WITH THE COURT BECAUSE I UNDERSTAND YOUR REASONING.

10          THE COURT:  OKAY.  ALL RIGHT.  I'M GOING TO -- DO YOU

11  WANT TO -- DO YOU WANT ME TO ISSUE A WRITTEN RULING, OR DO YOU

12  WANT TO JUST REQUEST LEAVE TO AMEND YOUR COMPLAINT?

13          MR. OZZELLO:  WE'LL REQUEST LEAVE, YOUR HONOR.

14          THE COURT:  OKAY.  I'LL GIVE YOU LEAVE TO AMEND YOUR

15  COMPLAINT.

16          MR. OZZELLO:  OKAY.

17          THE COURT:  THANK YOU.

18          MR. CARDON:  THANK YOU, YOUR HONOR.

19          (PROCEEDINGS ADJOURNED AT 10:31 A.M.)

20

21

22

23

24

25
```

## CERTIFICATE OF TRANSCRIBER

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*jncolumbini*

JOAN MARIE COLUMBINI

MAY 16, 2016