David S. Markun (SBN 108067)
Mark A. Ozzello (SBN 116595)
Ari Y. Basser (SBN 272618)
**MARKUN ZUSMAN FRENIERE
& COMPTON LLP**
17383 Sunset Boulevard, Suite A-380
Pacific Palisades, California 90272
Telephone: (310) 454-5900
Facsimile: (310) 454-5970
dmarkun@mzclaw.com
mozzello@mzclaw.com
abasser@mzclaw.com

*[Additional Counsel on Signature Page]*

*Attorneys for Plaintiffs Laura Marks and Gaylia Pickles, individually and on behalf of all those similarly situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MARKS, GAYLIA PICKLES & DONNA VANDIVER individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br>v.<br><br>KATE SPADE AND COMPANY., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 4:15-CV-05329-VC<br><br>**PLAINTIFFS' EX PARTE REQUEST FOR MODIFICATION OF THE BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Pursuant to Civil L-R. 7-10(b) and Paragraph 8 of Judge Vince Chhabria's Standing Order for Civil Cases, Plaintiffs LAURA MARKS, GAYLIA PICKLES and DONNA VANDIVER (collectively "Plaintiffs") respectfully submit this *ex parte* request to modify the briefing schedule (Dkt. #71) on Plaintiffs' Motion for Class Certification ("Motion"). Written notice of this *ex parte* application, and a courtesy copy of same, was provided to Defendant's counsel on April 25, 2017.

This motion is brought on the grounds that: (1) Plaintiffs made a good faith excusable mistake with respect to calendaring for the deadline to file their Motion; (2) granting Plaintiffs' request to extend the time to file their Motion is in the best interests of the putative classes; (3) Defendant will not suffer prejudice if the short amount of time to file Plaintiffs' Motion is extended pursuant to Plaintiffs' proposed modification of the briefing schedule; and, (4) granting Plaintiffs' an extension of time to file their Motion will not affect the October 5, 2017, date set for the hearing on Plaintiffs' Motion.

## I. STATEMENT OF THE CASE

This case is a proposed class action brought by California and Texas Plaintiffs against Kate Spade based on Plaintiffs' allegations that Kate Spade falsely advertising former prices and corresponding price discounts for its Kate Spade Outlet Merchandise ("Outlet Merchandise"). Plaintiffs allege that Defendant misrepresented the existence, nature and amount of price discounts to consumers in its Outlet stores by purporting to offer specific percentage discounts from expressly referenced former retail prices, which were represented by Kate Spade as "our price" retail prices. Plaintiffs allege that the "our price" retail prices did not represent prices at which the merchandise was offered for sale and did not constitute the prevailing market retail prices for such merchandise within the three months next immediately preceding the publication of the advertisement.

By minute order filed on September 27, 2016, this Court set the briefing schedule on Plaintiffs' Motion as follows: (1) Plaintiffs' Motion due by April 28, 2017; (2) responses to the Motion due 90 days later by July 28, 2017; (3) reply to the Motion due 45 days later by September 11, 2017; and, (4) the Motion hearing date scheduled for October 5, 2017. *See* Dkt. 61. The minute order also informed that there would be *no continuance of the Motion hearing date*, however, was silent as to whether the schedule for filing briefs in support of and in opposition to the Motion could be modified. *Id*.

Plaintiffs propounded a Request for Production of Documents, Set One, to Defendant Kate Spade & Company on September 27, 2016. Basser Decl. at ¶ 5. Defendant did not respond to Plaintiffs' Request for Production of documents until December 13, 2016, and claimed that it would not produce documents in response to many of those requests until entry of an appropriate protective order. Basser Decl. at ¶ 5. The Parties met and conferred regarding the drafting of an appropriate protective order for several months until one was entered by the Court on February 8, 2017, and Defendant did not supplement its production until February 27, 2017. Basser Decl. at ¶ 6. Further, Defendant never completed its production. Basser Decl. at ¶ 6.

An associate of the firm had the responsibility for maintaining the case file and making members of the firm aware of deadlines. Basser Decl. at ¶ 7. Although that associate was aware that the Parties had proposed various dates for briefing on Plaintiffs' Motion through the filing of a Joint Status Conference Statement (Dkt. 70), the associate was unaware of the exact date that had been set in a Minute Order that he did not see, and operated under the assumption, for many months, that no deadline was imminent. Basser Decl. at ¶ 7. On April 24, 2017, after being asked by partners at the firm what the deadline for filing Plaintiffs' Motion was, the associate of the firm checked the Court's ECF system and saw that the Court had set the deadline for April 28, 2017. Basser Decl. at ¶ 7. Upon learning of the April 28, 2017, deadline for filing Plaintiffs' Motion, the associate assumed that the deadline had never been calendared,

PLAINTIFFS' EX PARTE REQUEST FOR MODIFICATION OF THE BRIEFING SCHEDULE ON
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

as he had never seen any notifications of the date. Basser Decl. at ¶ 8. The associate then informed Defendant's counsel of what he thought was a calendaring mistake and requested a 60-day extension of all pending briefing deadlines in conjunction with Plaintiffs' Motion. Basser Decl. at ¶ 8; *also see* a true and correct copy of April 24, 2017, correspondence from Ari Y. Basser, Esq. to Defendant's counsel attached hereto as "Exhibit A." Defendant's counsel did not respond to Plaintiffs' April 24, 2017, correspondence. After the e-mail was sent, another attorney at the firm informed the associate that it appeared that a deadline had been calendared, however the associate had not seen any reminders for it. Basser Decl. at ¶ 9.

On April 24, 2017, at approximately 3:00 PM PST, Plaintiffs' counsel telephoned Defendant's counsel to discuss granting Plaintiffs' additional time to file their Motion and modification of the briefing schedule on Plaintiffs' Motion. Basser Decl. at ¶ 10. Defendant's counsel communicated its belief that the Court would not permit a continuance of the class certification hearing date and declined to agree to move the hearing. Basser Decl. at ¶ 10. On April 24, 2017, at approximately 5:00 PM PST, Plaintiffs' counsel telephoned Defendant's counsel again and expressed its agreement that moving the hearing date for Plaintiffs' Motion would neither be necessary or appropriate in light of the Court's Minute Order. Basser Decl. at ¶ 11. Plaintiffs' counsel also offered a proposal for amending the briefing schedule that would allow the Court to keep the October 5, 2017, date for hearing Plaintiffs' Motion – contingent with the Court's wishes. Basser Decl. at ¶ 11. Namely, Plaintiffs' counsel proposed that, in exchange for a 30-day extension of time to file Plaintiffs' Motion, Plaintiffs' time to formulate a Reply brief would be shortened by approximately 30 days (leaving Plaintiffs' approximately 2 weeks instead of 45 days to draft a reply). Basser Decl. at ¶ 11.

Plaintiffs' counsel further informed Defendant's counsel that the proposed amendment to the briefing schedule would not impact Defendant's 90-day timeframe

in which to formulate its Opposition. Basser Decl. at ¶ 10. During the call, Defendant's counsel informed Plaintiff's counsel that it would attempt to advise Plaintiffs in the morning on April 25, 2017, if it would stipulate to a new briefing schedule. Basser Decl. at ¶ 11.

On April 25, 2017, at approximately 8:26 AM PST, Plaintiffs' counsel sent correspondence to Defendant's counsel memorializing its proposal to modify the briefing schedule on Plaintiff's Motion[1] and requesting Defendant's stipulation to an amended briefing schedule so that Plaintiffs' could avoid having to file *ex parte* papers to bring the matter to the Court's attention. Basser Decl. at ¶ 12; *also see* April 25, 2017, correspondence from Ari Y. Basser, Esq. to Defendant's counsel attached to the Basser Decl. as "Exhibit B." On April 25, 2017, at approximately 10:40 AM PST, Defendant's counsel confirmed via e-mail that it would not agree to the requested modification of the briefing schedule. Basser Decl. at ¶ 13.

On April 25, 2017, at approximately 3:45 PM PST, Plaintiffs' counsel informed Defendant's counsel in writing that it would file the instant *ex parte* application to modify the briefing schedule on Plaintiffs' Motion. Basser Decl. at ¶ 14; *also see* April 25, 2017, correspondence from Ari Y. Basser, Esq. to Defendant's counsel attached to the Basser Decl. as "Exhibit C."

## II. DISCUSSION

Federal Rule of Civil Procedure 6(b)(1) authorizes the Court, within its discretion and for cause shown, to extend the time allowed for filing a document. *See* Fed. R. Civ. P. 6(b)(1).[2] This rule, like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on

---

[1] Plaintiffs' counsel proposed the following briefing schedule: Certification hearing: October 5, 2017; Plaintiffs' Motion deadline: May 26, 2017; Defendant's Opposition deadline: August 24, 2017 (90 days after MFCC deadline); Plaintiffs' Reply deadline: September 8, 2017 (15 days after Opposition filing). *See* "Exhibit B" attached to the Basser Decl.

[2] Civil Local Rule 7-10(b) further allows for filing of this motion *ex parte*. Plaintiffs' counsel attempted to obtain a stipulation for an extension and modification of the briefing schedule from Defendant's counsel, but Defendant's counsel would not agree. *See* Basser Decl. at ¶ 12.

**PLAINTIFFS' EX PARTE REQUEST FOR MODIFICATION OF THE BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983) (*quoting Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir.1976)); *see also* Fed.R.Civ.P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Consequently, requests for extensions of time made before the applicable deadline has passed should "normally be granted in the absence of bad faith or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed.2004). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See*, e.g., *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir.2004); *Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir.1992); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987).

To determine whether a party's inability to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997) (adopting this test for consideration of Rule 60(b) motions).

Plaintiffs' unawareness that the deadline for filing the Motion was so imminently pending was inadvertent and certainly not intentional and Plaintiffs ask for the requested relief. Granting Plaintiffs their requested 30-day extension of time in which to file their Motion, while leaving the hearing date for Plaintiffs' Motion and the amount of time in which Defendant has to frame its Opposition unaltered, will permit this case to be tried on its merits and will not materially affect the proceedings or prejudice the Defendant.

///

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court extend the time for filing Plaintiffs' Motion and either adopt the following briefing schedule, or grant any other relieve the Court deems appropriate, recognizing that no request is made here to move the certification hearing date:

Certification hearing to be held on October 5, 2017

Plaintiffs' Motion deadline: May 26, 2017

Defendant's Opposition deadline: August 24, 2017

Plaintiffs' Reply deadline: September 8, 2017

Date: April 25, 2017

**MARKUN ZUSMAN FRENIERE & COMPTON LLP**

By: /s/ *Ari Y. Basser*
Ari Y. Basser, Esq.

*Attorneys for Plaintiffs Laura Marks, Gaylia Pickles and the putative California Class.*

**WILLIAMSON LAW FIRM, LLC**
Che' D. Williamson (TX SBN 21617150)
Michelle Eddington (TX SBN 24041034)
1770 St. James Pl. #100
Houston, Texas 77056
Telephone: (713) 523-5500
Fax: (713) 523-5501
che@williamsonlegal.net

*Attorneys for Plaintiff Donna Vandiver, and the putative Texas Class.*

*[Admitted pro hac vice]*