SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
DYLAN J. PRICE, Cal. Bar No. 258896
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701
Email:        ccardon@sheppardmullin.com
              dprice@sheppardmullin.com
              jramsey@sheppardmullin.com

Attorneys for Defendant
KATE SPADE & COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MARKS, GAYLIA PICKLES & DONNA VANDIVER, individually and on behalf of all others similarly situated, | Case No. 3:15-cv-05329-VC |
| Plaintiffs, | *The Hon. Vince Chhabria* |
| v. | **DEFENDANT KATE SPADE & COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR MODIFICATION OF THE BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| KATE SPADE AND COMPANY, a Delaware corporation; and DOES 1-50, inclusive, | |
| Defendant. | |
| | Complaint Filed:  November 29, 2015 |
| | Trial Date:            None Set |

Case No. 3:15-cv-05329-VC

SMRH:482686120.1        KATE SPADE'S OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO MODIFY CLASS
CERTIFICATION BRIEFING SCHEDULE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs' *Ex Parte* Motion For Modification Of The Briefing Schedule On Plaintiffs' Motion For Class Certification ("*Ex Parte* Motion") is a procedurally improper, eleventh-hour attempt to escape the consequences of Plaintiffs' failure to move this case forward to be in a position to file a motion for class certification by the April 28, 2017 deadline set by the Court in its September 27, 2016 scheduling order (Dkt. No. 77) – *nearly six months ago*.  At no time since then have Plaintiffs suggested a modification of the briefing schedule set by the Court.  Rather, the issue was not raised by Plaintiffs until Monday, April 24, 2017, a *mere four days* before the deadline for Plaintiffs to file their class certification motion.

While Plaintiffs attempt to blame their claimed inability to comply with the Court's scheduling order on a simple calendaring mistake, Plaintiffs' explanations do not pass the proverbial "smell test."  Rather, the real reason that Plaintiffs' *Ex Parte* Motion is being made is because Plaintiffs have taken virtually *no action* in this case since the September 27, 2016 scheduling conference.  No discovery been served by Plaintiffs since September 2016.  And, while Plaintiffs appear to suggest that Kate Spade's discovery responses are the reason for Plaintiffs' delays, those responses were served in December 2016 and Plaintiffs have never even met and conferred with Kate Spade over any alleged deficiencies therein.  Nor have Plaintiffs noticed the depositions of any of Kate Spade's witnesses.  Clearly, any attempt by Plaintiffs to blame Kate Spade for their failure to prepare their certification motion is specious

Not only have Plaintiffs failed to establish good cause for modifying the Court's scheduling order, the requested modification would *substantially prejudice* Kate Spade.  *First*, as counsel for Kate Spade has already told Plaintiffs, lead counsel for Kate Spade has a pre-planned family vacation scheduled for the last two weeks of August and will be out of the country and unavailable during that time.  It would substantially prejudice Kate Spade if it were forced to prepare and file its opposition to a motion for class certification on August 24, 2017, while its lead counsel was unavailable.  *Second*, given Plaintiffs' inaction in this case over the last six months, the requested continuance will mean that Plaintiffs will be conducting *virtually all* of the

Case No. 3:15-cv-05329-VC

SMRH:482686120.1    KATE SPADE'S OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO MODIFY CLASS CERTIFICATION BRIEFING SCHEDULE

discovery and depositions relating to complex class certification issues in the next thirty days. Even assuming that this can be accomplished (given the time permitted for discovery responses and the availability of what will likely be multiple Rule 30(b)(6) witnesses), it will nevertheless be extremely inconvenient and burdensome for Kate Spade and its witnesses.

For the reasons set forth herein, Plaintiffs' *Ex Parte* Motion should be denied.

## II. PLAINTIFFS' *EX PARTE* MOTION SHOULD BE DENIED

### A. Plaintiffs' *Ex Parte* Motion Is Procedurally Improper

As an initial matter, Plaintiffs' *Ex Parte* Motion should be denied because it is procedurally improper. Northern District of California Local Rule 7-10 governs the filing of *ex parte* motions.[1] It provides that an *ex parte* motion can be filed only if "a statute, Federal Rule, local rule or Standing Order" authorizes its filing. Local Rule 7-10 also specifies that the motion must include "a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." Plaintiffs' present motion fails to provide the required citation – because there is no statute, Federal Rule, local rule, or Standing Order that authorizes the filing of an *ex parte* motion in these circumstances. In fact, Local Rule 6-3 expressly provides that the party opposing a motion to enlarge time shall be given ***four days*** to file its Opposition. *See* N.D. Civ. Local Rule 6-3(b).[2] Hence, the local rules clearly provide that Plaintiffs were required to file an Administrative Motion – which they failed to do. For this reason alone, Plaintiffs' procedurally improper *Ex Parte* Motion should be summarily denied.

### B. Plaintiffs Have Not Established Good Cause For A Modification Of The Class Certification Briefing Schedule

In order to obtain a modification of a scheduling order, the moving party must establish good cause. *See* Fed. R. Civ. Proc. 16(b)(4). "If the Party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v.*

---

[1] Although Plaintiffs contend that their *Ex Parte* Motion is authorized under "Civil Local Rule 7-10(b)", that is not the case. Indeed, ***the United States District Court Northern District of California Civil Local Rules do not contain a "Rule 7-10(b)."***

[2] The only authority cited in Plaintiffs' *Ex Parte* motion (other than the non-existence Local Rule 7-10(b)) is Paragraph 8 of Judge Vince Chhabria's Standing Order for Civil Cases. However, that paragraph does not authorize the filing of an *ex parte* motion to enlarge time under Local Rule 6-3.

*Southwest California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Here, Plaintiffs' conduct in this case is the antithesis of diligence; Plaintiffs' *Ex Parte* Motion must therefore be denied.

Although Plaintiffs argue that their failure to prepare their motion was the result of a simple calendaring mistake, Plaintiffs' explanations strain credulity. The *Ex Parte* Motion asserts a single associate from the Markum Susman firm "was unaware of the exact date for the filing of Plaintiffs' class certification motion that had been set in a Minute Order that he did not see." [*Ex Parte* Motion p. 3:18-23.] But, that ignores the fact that the Minute Entry setting for the scheduling order on the certification motion was ***emailed to all of Plaintiffs' attorneys*** in this case – ***five attorneys*** from the Markum Susman firm (counsel for Plaintiffs Marks and Pickles) and ***two attorneys*** from the Williamson Law Film (counsel for Plaintiff Vandiver). [*See* Cardon Decl. ¶ 6; Ex. B (Notice of Electronic Filing).] Even more troublesome, three of Plaintiffs' attorneys – including the associate that claims to not have known about the deadline – ***were present*** at the September 27, 2017 further case management conference, during which the parties discussed the briefing schedule and the Court set the scheduling order. [See Dkt. No. 71 (noting the presence of attorneys Mark Ozzello and Ari Basser for Plaintiff Pickles and Che Williamson for Plaintiff).] And, of course, Plaintiffs' deadline for filing its class certification motion cannot be of any surprise to any of Plaintiffs' eight attorneys of record; after all, it was the deadline that the parties' agreed to and ***jointly proposed*** in their Updated Joint Case Management Statement. [See Dkt. No. 70 (Updated Joint Case Management Statement at p. 9:4-6).]

Plaintiffs' failure to comply with the Court's scheduling order is not the result of any excusable "calendaring mistake" and any suggestion to the contrary to simply a smokescreen designed to mask Plaintiffs' failure move their case forward. This action was filed in November 2015. Yet, Plaintiffs have taken ***virtually no action*** to move their case forward. The ***only*** discovery that Plaintiffs have served in this action is a single set of document requests, served by Plaintiff Marks the day of the further case management conference. Kate Spade served its responses to that discovery on December 13, 2016 – ***over four months ago***. Yet, Plaintiff Marks has not even met and conferred with Kate Spade over any alleged deficiencies in Kate Spade's responses as required under Local Rule 37-1, much less sought any relief from the Court. Nor has

any additional discovery been served since September 2016; nor have Plaintiffs' counsel mentioned Kate Spade's document production in any email since February; nor have Plaintiffs taken any steps to depose any of Kate Spade Spade's witnesses or ascertain their availability for deposition. [Cardon Decl. ¶ 4-5.][3]

In sum, Plaintiffs have not come close to meeting their burden of establishing good cause and diligence to justify modifying the Court's scheduling order on the class certification briefing schedule.[4] Simply put, Plaintiffs have failed to move their case forward without justification. *See Zivkovic*, 302 F.3d at 1087 (motion to amend scheduling order properly denied where plaintiff did not show diligence in complying with dates and waited four months before seeking relief). Nor have Plaintiffs provided any justification for waiting until a ***mere four days*** before the certification motion deadline – which all of their eight attorneys (from two firms) had notice of – to request a continuance of the class certification deadline. *See Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have…").

## C. Plaintiffs' Requested Modification Of The Court's Scheduling Order Would Substantially Prejudice Kate Spade

Plaintiffs' *Ex Parte* Motion should also be denied because the modified briefing schedule requested by Plaintiffs would materially prejudice Kate Spade. Lead counsel for Kate Spade, Craig Cardon, has a pre-planned family vacation and will be out of the country the last two weeks of August and unavailable during that time. [Cardon Decl. ¶ 3.] It goes without saying that Kate Spade would be unfairly prejudiced if it was forced to prepare and file its opposition to a class certification motion in a case seeking tens of millions of dollars in damages (if not more) while its

---

[3] Nor have Plaintiffs provided Kate Spade with supplemental responses to Kate Spade's discovery (document requests and special interrogatories) and authority supporting Plaintiffs' privilege and work product objections, which Plaintiffs' counsel promised to provide. Plaintiffs' counsel has ignored Kate Spade's follow up requests for that information.

[4] Plaintiffs claim, without any elaboration, that granting a continuance "is in the interests of the putative classes" (Ex Parte Motion, p. 2:9-10); but, that puts the cart before the horse and incorrectly assumes that a class could ever be certified.

lead counsel is unavailable.[5]

Moreover, as discussed above, Plaintiffs' inability to meet their motion deadline is not the result of any excusable "calendaring mistake" whereby Plaintiffs simply need more time to draft their motion. Rather, given Plaintiffs' near complete inactivity over the last six months, the requested continuance would mean that Plaintiffs would be conducting *virtually all* of the discovery and depositions relating to complex class certification issues in the next thirty days. Even assuming that this can be accomplished (given the time permitted for discovery responses and the availability of what will likely be multiple Rule 30(b)(6) witnesses), it will nevertheless be extremely inconvenient and burdensome for Kate Spade and its witnesses. Again, these are issues that likely could have been worked out had Plaintiffs raised the issue of modifying the class certification briefing schedule prior to four days before the deadline to file their motion. Kate Spade should not be made to shoulder the consequences of Plaintiffs' delay.[6]

## III.   <u>CONCLUSION</u>

Kate Spade respectfully requests that the Court deny Plaintiffs' *Ex Parte* Motion.

//

//

//

---

[5] Kate Spade would be equally prejudiced if it were forced to respond to Plaintiffs' class certification motion in less than the agreed-upon 90 days set forth in the Court's September 27, 2016 scheduling order, which contemplated that the bulk of the discovery (including expert discovery) necessary for Kate Spade to respond to Plaintiffs' arguments would be conducted after Kate Spade received Plaintiffs' moving papers. [*See e.g.*, Dkt. No. 70 (Updated Joint Case Management Statement, p. 9:6-9).]

[6] Plaintiffs relegate the issue of prejudice to a single sentence in their *Ex Parte* Motion, stating in conclusory fashion that the modified briefing schedule "will not…prejudice the Defendant." Notably, the *Ex Parte* Motion fails to inform the Court that Kate Spade had advised Plaintiffs that its lead counsel had a scheduling conflict with the proposed briefing schedule that would, in fact, cause Kate Spade severe prejudice. [Cardon Decl. ¶ 3; Ex. A.] Curiously, Plaintiffs initially submitted an incomplete email chain as Exhibit D to the Basser Declaration, which omitted the page of the email chain that contained Kate Spade's objections to the briefing schedule and description of the prejudice that the schedule would cause Kate Spade. And, while Plaintiffs filed a Notice of Errata attaching an amended declaration and a complete version of the email chain, the Notice of Errata falsely claims that Plaintiffs offered to accommodate Mr. Cardon's scheduling conflict. That is not true. Counsel for Kate Spade notified Plaintiffs' counsel of Mr. Cardon's scheduling conflict in an email on April 25, 2017. [*Id.*] There were no subsequent offers or proposals made by Plaintiffs to address Mr. Cardon's scheduling conflict. [*Id.*]

Case No. 3:15-cv-05329-VC

Dated: April 26, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
*/s/ Dylan J. Price*

P. CRAIG CARDON
DYLAN J. PRICE
Attorneys for Defendant
KATE SPADE & COMPANY