# Exhibit 1

1  Raymond P. Boucher, State Bar No. 115364
     *ray@boucher.la*
2  Shehnaz M. Bhujwala, State Bar No. 223484
     *bhujwala@boucher.la*
3  **BOUCHER LLP**
   21600 Oxnard Street, Suite 600
4  Woodland Hills, California 91367-4903
   Tel:    (818) 340-5400
5  Fax:    (818) 340-5401

6  *Attorneys for Plaintiffs*
   *and the Putative Classes*

7

8                **UNITED STATES DISTRICT COURT**

9        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11  GAYLIA PICKLES & DONNA VANDIVER          Case No. 3:15-CV-05329-VC
    individually and on behalf of all others
12  similarly situated,                      *Hon. Judge Vince Chhabria*

13            Plaintiffs,

14        v.                                 **DECLARATION OF RAYMOND P.**
                                             **BOUCHER IN SUPPORT OF**
15  KATE SPADE AND COMPANY, a Delaware       **PLAINTIFFS' MOTION FOR CLASS**
    corporation; and DOES 1-50, inclusive,  **CERTIFICATION**
16
              Defendants.                    Date:     December 7, 2017
17                                           Time:     10:00 A.M.
                                             Crtrm.:   Courtroom 4, 17th Floor
18                                                     San Francisco Courthouse

19                                           Complaint Filed: November 20, 2015

20                                           Trial Date: None Set

21

22

23

24

25

26

27

28

DECLARATION OF RAYMOND P. BOUCHER IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

**DECLARATION OF RAYMOND P. BOUCHER**

I, Raymond P. Boucher, declare as follows:

1.      I am an attorney duly admitted to practice before this Court and a member in good standing of the State Bar of California.

2.      I am a partner with Boucher LLP, co-counsel of record for named Plaintiffs Laura Marks,  Gaylia Pickles, and Donna Vandiver ("Plaintiffs") in the above-captioned putative class action case against Kate Spade and Company ("Kate Spade" or "Defendant").

3.      I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

4.      I make this declaration in support of Plaintiffs' Motion For Class Certification ("Motion").

**REQUEST FOR APPOINTMENT AS CLASS COUNSEL**

5.      Boucher LLP associated into the case as co-counsel for Plaintiffs and the proposed class in early May 2017, and appeared in mid-May 2017. *See* Doc. 86: Notice of Appearance of Attorneys Raymond P. Boucher, Shehnaz M. Bhujwala, Maria L. Weitz, and Neil M. Larsen of Boucher LLP as Co-Counsel for Plaintiffs. Since Boucher LLP's association into the case as counsel for Plaintiffs, our firm has worked together with co-counsel, Kiesel Law, LLP, Markun Zusman Freniere & Compton LLP, and Williamson Law Firm, LLC, to vigorously and actively prosecuted the action on behalf of Plaintiffs and proposed Class members. Our firm has spent significant time and expended costs to investigate and help develop this case. In preparation for class certification, our firm has conducted analysis and research of issues, met and conferred at length with counsel for Kate Spade on numerous occasions to try to amicably and informally resolve certain discovery issues raised by both sides, reviewed Kate Spade's initial and subsequent document productions, prepared for and took the deposition of Defendant's Rule 30(b)(6) designee, worked with experts on certification issues, and helped draft this Motion.

6.      If appointed by this Court as Class Counsel, my firm, together with Plaintiffs' co-counsel Kiesel Law, LLP, Markun Zusman Freniere & Compton LLP, and Williamson Law Firm,

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1   LLC, will adequately, competently, and vigorously represent the interests of proposed Class

2   members.

3       7.      There are no known actual or perceived conflicts of interest in Boucher LLP's

4   representation of Plaintiffs and the Class members. No person employed by my firm is related to

5   any of the Plaintiffs. Boucher LLP has not previously represented any of the Plaintiffs in prior

6   litigation, and does not currently represent any of the Plaintiffs in any other pending litigation.

7       8.      The law firm of Boucher, LLP and its attorneys have significant experience

8   prosecuting complex class action litigation and mass action litigation on behalf of plaintiffs.

9   Attached as Exhibits "1" and "2," to this declaration, respectively, are true and correct copies of

10  the Boucher, LLP firm resume and my curriculum vitae.

11      9.      As set forth in the attached resumes, my firm and I have wide-ranging experience

12  leading and managing a variety of complex litigation matters in state and federal courts, including

13  Judicial Council Coordinated Proceedings ("JCCPs") in California state court, multi-district

14  litigation ("MDLs") involving mass tort matters and class actions in federal courts, and state and

15  nationwide class action lawsuits in state and federal courts. A representative sampling of the cases

16  in which attorneys from my firm and I have held lead, liaison, or co-lead positions in several mass

17  torts, class actions, and complex coordinated actions follows:

18          a.      *Adlouni v. UCLA Health Systems Auxiliary, et al.,* Lead Case No.

19  BC589243 (Superior Court of California, County of Los Angeles): Consolidated and related

20  putative class action cases arising from data breach of medical patient information. Boucher LLP

21  is court-appointed Liaison Counsel for the Proposed Class.

22          b.      *Abrica v. Tosco et al*., Case No. BC239882 (Superior Court of California,

23  County of Los Angeles): Mass tort relating to toxic refinery fire, which resolved successfully.

24          c.      *Bartley v. Camarillo Miramonte Homeowners Association*, Case No.

25  SC020953 (Superior Court of California, Ventura County). Class action against real estate

26  developers on behalf of individual unit owners of a condominium project for faulty construction

27  and repairs. The units were constructed over a high water table and on poor soils which expanded

28  and contracted, causing the units to sink, and causing floor slabs, foundations, and walls to crack.

3

1  The defendants knew about the defects but did not disclose them. After receiving complaints,

2  developers failed to repair as promised. Homeowners complained the repairs were not performed,

3  or were not performed improperly. Resolved on eve of trial.

4          d.     *Black v. Blue Cross*, Case No. BC250339 (Superior Court of California,

5  County of Los Angeles): Certified class action against a health insurer for improper mid-year

6  contract modifications which led to a $22.5 million settlement.

7          e.     *Bustamante v. Southern California Gas Company, et al.*, Case No.

8  BC285598 (Superior Court of California, County of Los Angeles): Class action against energy

9  companies on behalf of California citizens for manipulation of the market for natural gas by

10  reporting false price and volume information to the price indices and industry publications that

11  were used to establish the cost of natural gas to end users, and the value of natural gas in the

12  commodities markets.

13          f.     *Chavez v. Nestle USA, Inc.*, Case No.: CV09-9192 GW (CWx) (C.D. Cal.):

14  Class action to recover for false advertising in the marketing of a beverage for infants.

15          g.     *Clergy Cases I & II*, California Judicial Council Coordinated Proceedings

16  ("JCCPs") 4286, 4297, and 4359: Litigated childhood sexual abuse cases against the Archdioceses

17  of Los Angeles, San Diego, and Orange, and other Catholic entities with the total settlement

18  exceeding $1.2 billion.

19          h.     *Colin Higgins Productions, LTD. v. Universal City Studios, LLC*, Case No.

20  BC499180 (Superior Court of California, County of Los Angeles). Class action against movie

21  studio arising from studio's calculation of profit participation from home video distribution of

22  films. Final approval of class action settlement granted.

23          i.     *Colin Higgins Productions, LTD. v. Paramount Pictures Corporation*, Case

24  No. BC499179 (Superior Court of California, County of Los Angeles). Class action against movie

25  studio arising from studio's calculation of profit participation from home video distribution of

26  films. Final approval of class action settlement granted.

27          j.     *County of Santa Clara v. Smithkline Beecham Corporation*, C.A. NO. 2:10-

28  cv-01637-CMR (E.D. Pa.). Action on behalf of the People of the State of California for false

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

DECLARATION OF RAYMOND P. BOUCHER IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

advertising and deceptive business practices in the marketing, sales and distribution of the Type 2 Diabetes drug Avandia.

    k. *Del Campo v. Hometown Buffet, Inc. et al.*, C.D. Cal. 2:14-cv-04378-RGK-SH. Court-appointed as Class Counsel in wage and hour case against restaurant chain. Final approval of settlement granted.

    l. *Espinoza, et al. v. Vander-Bend Manufacturing, LLC,* Santa Clara County Superior Court Case No. 1-15-CV-283929. Court-appointed as Class Counsel in wage and hour class action and representative action. Final approval of settlement granted.

    m. *In Re Crestor Products Liability Cases*, California JCCP No. 4713. Court-appointed Plaintiffs' Co-Lead and Co-Liaison Counsel in coordinated proceeding involving alleged personal injuries from ingestion and use of prescription drug Crestor.

    n. *In re Transient Occupancy Tax Cases*, California JCCP 4472: Represented the City of Los Angeles in a proposed class action on behalf of all cities in the state of California to recover unremitted occupancy taxes from certain online travel companies.

    o. *In re Galvanized Steel Pipe Litigation*, Case No. BC174649 (Superior Court of California, County of Los Angeles): Class action involving construction defects that resolved successfully for $41 million.

    p. *In re Wholesale Electricity Antitrust Cases I & II*, California JCCP 4204-00005 and 4204-00006: Actions in which the plaintiffs sought to recover damages from energy traders for unfair business practices.

    q. *In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*, MDL No. 09-2074 (C.D. Cal.): Served in a leadership role in a consolidated action to recover for anticompetitive price fixing and for artificial deflation of medical payments and reimbursements, leading to underpayments to doctors for medical care that they provided, and to artificially high charges for out-of-pocket costs to insured individuals for medical care that they received.

    r. *In Re: Wright Medical Technology, Inc., Conserve Hip Implant Products Liability Litigation*, MDL No. 2329 and Wright California JCCP. Co-Lead Counsel and Plaintiffs'

1   Steering Committees in complex national and state complex litigations involving defective hip

2   system product.

3          s.      *In re Yaz, Yasmin, Ocella Contraception Cases*, California JCCP No. 4608

4   (Superior Court of California, County of Los Angeles): Serves as liaison counsel to the court.

5   This coordinated proceeding involves personal injury actions resulting from ingestion of the oral

6   contraceptives Yaz, Yasmin and Ocella.

7          t.      *Johnson & Johnson Talcum Powder Cases,* JCCP No. 4872: Court-

8   appointed Plaintiffs' Co-Liaison Counsel in coordinated proceeding involving alleged personal

9   injuries from use of talc products.

10         u.      *Lopez, et al. v. Citrus Valley Health Partners, Inc.* Case Nos. BC544139

11  and BC545110 (Superior Court of California, Los Angeles County). Court-appointed as Class

12  Counsel in wage and hour class actions against large California hospital entity. Final approval of

13  settlement granted.

14         v.      *Moppin v. Los Robles Regional Medical Center, et al.*, Case No. 5:15-CV-

15  01551-JGB-DTB (C.D. Cal.). Court-appointed as Class Counsel in wage and hour class action

16  against hospital entity and travel nurse staffing agency. Final approval of settlement granted.

17         w.      *Silver v. Del Webb*, Nevada Case No. A437325: A certified class

18  construction defect suit involving the installation of faulty plumbing systems in new homes. The

19  litigation resulted in a $21 million settlement.

20         x.      *Skeen, et al. v. BMW of North America LLC*, et al., Case No. 2:13-cv-1531-

21  WHW-CLW (Dist. N.J.) Appointed Co-Lead Class Counsel in nationwide putative class action

22  involving alleged claims for breach of warranties and violations of state consumer protection

23  statutes for automobile defects in Mini vehicles. Final approval of settlement granted.

24         y.      *Zoloft Birth Defects Cases*, JCCP No. 4771. Appointed Plaintiffs' Co-Lead

25  Counsel in coordinated proceeding involving alleged birth defect claims arising from mother

26  plaintiffs' use and ingesting of prescription anti-depressant drug.

27         10.     As more fully set forth in my curriculum vitae, throughout my career I have also

28  held numerous leadership positions in various legal organizations. I was the 2007 President of

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

Case No. 3:15-CV-05329-VC

DECLARATION OF RAYMOND P. BOUCHER IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Consumer Attorneys of California ("CAOC"), and the 2005 President of Consumer Attorneys Association of Los Angeles ("CAALA"). I have served as a member of the Board of Directors of Public Justice; the California State Delegate to the American Association of Justice; a member of the Pepperdine School of Law Board of Visitors; a member of the Diversity in Law Foundation; and the California State Delegate to the Association of Trial Lawyers of America. I also previously served on the Los Angeles County Bar Association Board of Directors.

11.     I have been honored with numerous awards and distinctions for my work. Notably, I was the recipient of the Los Angeles Daily Journal Trial Lawyer of the Decade, 2001-2010, in particular for my work in California JCCPs entitled *Clergy Cases I & II,* JCCPs 4286, 4297, and 4359. In 2007, I received both the CAALA and CAOC Trial Lawyer of the Year Awards. I also received the Trial Lawyer of the Year Award from the Orange County Trial Lawyers Association. I have also received the CLAY award from California Lawyer Magazine, which recognizes attorneys from across the state whose achievements have made a profound impact on the law. Additionally, the Honorable Chief Justice Ronald George and the California State Bar honored me with an award for my efforts on behalf of court funding and on behalf of the State Courts of California. In 2006, I was presented with the David S. Casey, Jr. Consumer Advocate Award by the Consumer Attorneys of San Diego; and the Justice Armand Arabian Award by the Project Sister organization. The California League of Conservation Voters awarded me with the 2005 Environmental Leadership Award for my longstanding dedication to the environment and public health rights of individuals, and I was the recipient of the Ted Horn Memorial Award, a CAALA honor for the selfless gift of one's talent. Additionally, I have been the recipient of numerous Presidential Awards, Awards of Merit and Commendation from Trial Bars around the country.

12.     I personally have extensive trial experience and have briefed and argued many appeals before the Ninth Circuit Court of Appeals and California Courts of Appeal.

13.     I am a frequent speaker at CAOC, CAALA, AAJ, law schools, and National College of Advocacy seminars and various educational conventions throughout the country.

14.     I spend a considerable amount of time performing pro bono work and community service. I began my career doing *pro bono* work with Cesar Chavez and the United Farm Workers.

Case No. 3:15-CV-05329-VC

DECLARATION OF RAYMOND P. BOUCHER IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  More recently, I took a humanitarian trip to Uganda to assist improving the Juvenile Justice

2  system. I have spearheaded fundraisers for various local, state and national organizations.

3       15.     I frequently advise U.S. Senators and Representatives, as well as California State

4  Senate, Assembly and Constitutional Officers about legal and political issues. In the fall of 2004, I

5  helped lead the fight to defeat Proposition 64, which sought to limit the ability to bring

6  environmental polluters to justice. I have received commendations from U.S. Senators Barbara

7  Boxer and Diane Feinstein, from numerous Congressmen and women, including U.S. Flags flown

8  over the U.S. Capitol for my humanitarian efforts. Likewise, I have received commendations from

9  the Governor, Lt. Governor, State Senate, State Assembly, Mayor of Los Angeles, and the Board

10  of the Los Angeles City Council.

11       16.     My firm, Boucher, LLP, also has the resources, both financially and personnel-

12  wise, to pursue this type of litigation. Boucher, LLP employs nine lawyers, works with a senior

13  attorney who is of counsel to the firm, in addition to employing several litigation assistants,

14  paralegals, and other support staff. It has committed to technology and has invested in complex

15  litigation software tools that allow it to litigate a case of any size and scope. The firm's lawyers

16  are also widely acknowledged by their peers as possessing the skills and resources to litigate class

17  actions effectively and efficiently.

18  **REQUEST FOR APPOINTMENT OF PLAINTIFFS AS CLASS REPRESENTATIVES**

19       17.     Plaintiffs Laura Marks and Gaylia Pickles will be adequate and fair representatives

20  of the proposed California Class for the following reasons: (a) Plaintiffs have no antagonism or

21  conflicts of interest with the proposed California Class; (b) Plaintiffs' claims are identical to the

22  claims of the proposed California Class and arise from the same conduct by Kate Spade; and (c)

23  Plaintiffs have embraced their responsibilities as Class representatives by actively participating in

24  the case, including reviewing the operative complaints, obtaining updates on the case from

25  counsel, responding to Kate Spade's written discovery, compiling and producing documents to

26  counsel,  preparing their declarations attesting to their respective experiences in support of this

27  Motion, and agreeing to make themselves available for any proceedings, including depositions,

28  any mediations or settlement conferences, and trial.

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

18.      Plaintiff Donna Vandiver will be an adequate and fair representative of the proposed Texas Class for the following reasons: (a) Plaintiff has no antagonism or conflicts of interest with the proposed Texas Class; (b) Plaintiff's claims are identical to the claims of the proposed Texas Class and arise from the same conduct by Kate Spade; and (c) Plaintiff has embraced her responsibilities as Class representative by actively participating in the case, including reviewing the operative complaints, obtaining updates on the case from counsel, responding to Kate Spade's written discovery, compiling and producing documents to counsel, preparing her declaration attesting to her experience in support of this Motion, and agreeing to make herself available for any proceedings, including a deposition, any mediations or settlement conferences, and trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of July, 2017, at Woodland Hills, California.

_____
Raymond P. Boucher

DECLARATION OF RAYMOND P. BOUCHER IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# EXHIBIT "1"

# BOUCHER LLP

Boucher LLP is a new firm, steeped in the tradition of obtaining justice for the people who need it most.

Founded by Raymond P. Boucher—Los Angeles Daily Journal's Trial Lawyer of the Decade (2001-2010)—Boucher LLP focuses on the prosecution of high-impact, complex litigation, including class actions, mass actions, and representative actions on behalf of consumers and employees harmed by major corporations and insurance companies; civil rights and police misconduct cases; cases involving the sexual abuse of minors and disabled; and significant personal injury and wrongful death cases. Boucher and his colleagues are frequently appointed class counsel in major class actions and often serve among plaintiffs' leadership in state and federal coordinated proceedings.

Boucher's successes include a groundbreaking $1 billion settlement on behalf of the victims of childhood sexual abuse by Catholic priests. He has long been a trusted resource for referring attorneys. His skill and tenacity also make him sought after as co-counsel.

Boucher built the firm from the ground up, handpicking dynamic, talented, and experienced attorneys who share his vision and values. Clients can expect meticulous preparation and tenacious, relentless representation, as well as highly individualized and compassionate service.

The firm is new. The founding principles of Boucher LLP are timeless.

## EXPERTISE AND RESOURCES

Boucher LLP has the expertise and resources to handle cases against major corporations from intake through trial. The firm is presently comprised of three partners, three associates, two of counsel attorneys, and several paralegals and staff members. The firm is well-equipped to conduct discovery in a variety of cases, including large complex cases. The firm uses sophisticated technology and protocol to capture, evaluate, and present information gleaned from documents numbering in the multi-millions. In coordinated proceedings, the firm has the experience and leadership qualities needed to effectively manage resources to ensure efficiency of litigation.

Boucher LLP has expertise in the following practice areas:

## Consumer Class Actions

The firm has extensive experience with consumer class action litigation and the relevant issues in evaluating and settling class action claims. Boucher LLP's attorneys have litigated and certified consumer class actions in a range of areas—from automotive and other product defects, to privacy and data breach, to antitrust, breach of contract, and other business disputes.

Boucher LLP's attorneys have served as lead class counsel and/or on the plaintiffs' steering committee in numerous consumer class action cases including, *In Re Aetna UCR Litigation*, Dist. N.J., MDL No. 2020 (Class Counsel), *American Medical Association et al. v. Wellpoint, Inc.*, C.D. Cal, MDL No. 2074 (Interim Co-Lead Class Counsel), *Black v. Blue Cross of California*, Super. Ct. Los Angeles County, No. BC250339 (Class Counsel), *Chavez v. Nestlé USA, Inc.* C.D. Cal., No. CV09-9192 GW (CWx) (Lead Counsel), *In Re: Facebook, Inc. Internet Tracking Litig.*, N.D. Cal., MDL No. 2314 (Interim Liaison Counsel), *In Re Galvanized Steel Pipe Litigation*, Super. Ct.

Los Angeles County, No. BC174649 (Lead Class Counsel), *In re: Pellicano Cases*, Super. Ct. Los Angeles County No. BC316318 (Co-Lead Class Counsel), *Sister Sledge et al. v. Warner Music Group Corp.*, N.D. Cal., No. 12-CV-0559-RS (Interim Co-Lead Class Counsel), and *Skeen, et al. v. BMW of North America LLC, et al.*, Dist. N.J., No. 2:13-cv-1531-WHW-CLW (Interim Co-Lead Class Counsel).

## Employment Class and Representative Actions

Boucher LLP is currently prosecuting numerous class and representative cases against corporations on behalf of thousands of workers alleging wage-and-hour violations, including claims for violations of meal and rest break laws, illegal rounding of time, and failure to pay all wages. The firm is committed to ensuring employees are properly compensated under state and federal laws, and to holding corporations accountable for failing to abide by the law.

## Mass Tort Litigation

Boucher LLP's attorneys have obtained favorable recoveries for thousands of clients harmed by major pharmaceutical companies. Boucher presently serves in leadership for numerous coordinated proceedings in state and federal court, including *In Re Crestor Products Liability Cases*, Super. Ct. Los Angeles County, JCCP No. 4713 (Plaintiffs' Co-Liaison Counsel), *In Re Diet Drug Litigation*, Super. Ct. Los Angeles County, JCCP 4032 (Plaintiffs' Co-Liaison Counsel), *In re Wright Medical* Technology, *Inc., Conserve Hip Implant Products Liability Litigation*, MDL No. 2329 (Co-Lead Counsel for Plaintiffs and state Liaison Counsel), and *Zoloft Birth Defects Cases*, JCCP No. 4771 (Plaintiffs' Co-Lead Counsel).

Boucher LLP's attorneys have also successfully resolved mass tort cases involving toxic exposure, including, among others, *Bunker Hill Twrs Condo Ass'n, et al. v. W.R. Grace & Co.*, Super. Ct. Los Angeles County, No. B072642, and *Zachary et al. v. ARCO et al.*, Super. Ct. Los Angeles County, No. BC209944.

## Complex, High-Impact Litigation

Boucher LLP is committed to advancing the rights of the people and to holding corporations accountable. Throughout his career, Mr. Boucher has brought worthy cases in furtherance of these goals. For example, in the *California Gubernatorial Recall Election Litigation*, Boucher represented former Governor Gray Davis in a challenge to the qualification of the 2003 California gubernatorial recall election. In *Madrid v. Perot Systems Corporation et al.*, Super. Ct. Sacramento County, No. 03AS04763, Boucher resolved an antitrust and unfair competition action to recover from Perot Systems Corporation for aiding and abetting the manipulation, distortion, and corruption of California's electricity market. More recently, in *Centinela Freeman Emergency Medical Associates, et al. v. Maxwell-Jolly, et al.*, Super. Ct. Los Angeles County, Pending, No. BC406372, Boucher and his partners obtained an order compelling California's Department of Health Care Services to comply—for the first time ever—with their obligation to annually review of Medi-Cal physician reimbursement rates to ensure access to quality healthcare in California.

2

These are but a few of the many "impact" cases Boucher and his colleagues have pursued in the interest of positive social change.

## Civil Rights and Police Misconduct Cases

Boucher LLP prosecutes individual, mass, and class actions against public entities for civil rights violations and police misconduct. The firm is committed to helping people obtain justice and to motivating significant policy changes.

Boucher is particularly proud of the published result in *Wallace v. City of Los Angeles* (1993) 12 Cal. App. 4th 1385, a case of first impression he brought against the City on behalf of Demetria Wallace, a teenaged honors student who was shot and killed while waiting for a bus, just five days before she was to testify against a man accused of fatally shooting a taxi driver. After non-suit was granted at trial, the appeals court held the police had a duty to warn the victim. The case affirmed the government's responsibility to protect citizens who place their lives in jeopardy by stepping forward as witnesses to crimes, and prompted changes in police procedures that have saved countless other witnesses' lives since.

## Sexual Abuse Cases

Boucher LLP prosecutes individual and mass action cases against public and private entities that fail to protect minors and the disabled from sexual abuse. The firm's attorneys have extensive experience representing survivors of sexual abuse in such cases.

For example, in *The Clergy Cases,* Super. Ct. California, JCCP Nos. 4286, 4297, 4359, Boucher served as Plaintiffs' Liaison Counsel on behalf of almost 1,000 individuals and their families in significant personal injury claims involving molestation at the hands of Catholic priests. In *Jane Doe v. Garden Grove Unified School District,* Boucher prosecuted claims on behalf of a child victim of sexual abuse at school against a public school district. *Elena A. et al. v. Casa de Angeles Cal. Corp., d/b/a Healthy Start, et al.,* Super. Ct. Los Angeles County, No. BC457840, was brought on behalf of developmentally disabled adults who were subjected to serious verbal, physical, and sexual abuse and neglect while attending an adult day care center. And Boucher was a leader in *Los Angeles Unified School District Sexual Molestation Cases,* which were brought on behalf of the many children who were molested by a teacher at Miramonte Elementary School.

## Significant Personal Injury and Wrongful Death

Boucher LLP represents individuals who have suffered serious personal injury or the death of loved ones.

The firm is committed to obtaining the justice that its clients deserve. For example, in *Young v. Johnny's Hot Dog Stand, et al.,* Super. Ct. Los Angeles County, No. BC102837, Boucher obtained a jury verdict in excess of $1 million in compensatory damages on behalf of 57-year-old indigent person who was shot by a waitress outside of a hot dog stand. The firm is also passionate about seeking justice on behalf of children and adults who have suffered serious injuries from in apparel fires.

# BOUCHER LLP

## RAYMOND P. BOUCHER

Raymond P. Boucher, a veteran trial lawyer specializing in complex consumer litigation, class actions, product liability, toxic tort litigation, employment discrimination and bad faith, is the Founder and Senior Partner of Boucher LLP.

During his professional career, which spans three decades, Boucher has tried more than 50 cases, and has helped obtain verdicts and settlements on behalf of clients in excess of $3 billion. In two of his more notable cases, he served as lead attorney in the landmark $660 million sexual abuse settlement with the Catholic Archdiocese of Los Angeles in which he represented over 250 abuse victims in the July 2007 settlement as well as obtaining nearly $200 million for 144 survivors in a lawsuit against the Roman Catholic Diocese of San Diego. Boucher has briefed and argued more than 20 appeals before the Ninth Circuit Court of Appeals and California Courts of Appeal.

For his professional achievements, Boucher has received a diverse array of honors and awards, to include recognition as: "Top 100 Attorneys in California" (2002) by the Daily Journal; "Trial Lawyers of the Decade, " (2001-2010) by the Daily Journal; "California Lawyer Attorney of the Year" (2008) by California Lawyer; "Consumer Attorney of the Year" (2007) by the Consumer Attorneys of California; and "Trial Lawyer of the Year" by the Consumer Attorneys Association of Los Angeles (additional awards listed below).

A noted author and lecturer, Boucher has lectured at numerous law schools (e.g. Stanford, Pepperdine, Loyola) and has delivered hundreds of presentations to bar associations and other legal organizations as well as legal media sponsored events and educational and government forums.

Prior to founding Boucher, LLP, Boucher served several other Los Angeles area law firms, including: Kiesel, Boucher & Larson LLP (Partner), Law Offices of Raymond P. Boucher (Founder/Senior Partner), Nordstrom, Steele, Nicolette & Jefferson (Of Counsel), Sayre, Moreno, Purcell & Boucher (Managing Partner), and Gould & Sayre.

A native of Massachusetts, Boucher received his undergraduate education at Fort Lewis College in Durango, CO where he received his Bachelor of Arts degree with a double major in Business Administration and Political Science.

He was Student Body President, on the Dean's List and later was honored as its "Alumnus of the Year" (2007). He matriculated to Colorado State University where he received a Master of Science degree in Management. Boucher obtained his Juris Doctor degree from Pepperdine University School of Law While in law school, Boucher ranked in the top 15% of his class, was a member of the Phi Delta Phi honor society and later honored in 2002 with its Distinguished Alumnus Award. He received an Honorary Doctor of Law by Whittier College School of Law in 2005.

Boucher is admitted to the State Bar of California as well as the United States District Court for the Central, Northern, Southern and Eastern Districts of California. He is a member of, and has held leadership positions in, numerous legal professional entities, including:

- American Association for Justice, Member
- American Bar Association, Admitted as a Fellow of the American Bar
- Association of Trial Lawyers of America, State of California Delegate Member

- Beverly Hills Bar Association, Member
- California Courts, Administrative Office of the Courts (2002 to 2007), Committees: Court Funding, Complex Courts System, Court Integration
- California State Bar Association, Member
- Civil Justice Foundation, Member
- Consumer Attorneys Association of Los Angeles (Formerly the Los Angeles Trial Lawyers Association) President (2005), Board of Governors, Emeritus Member (2005 to present), Board of Governors, Member (1996 to 2006)
- Consumer Attorneys of California (Formerly the California Trial Lawyers Association, President (2007), Board of Governors (1997 to present)
- Consumer Attorneys of San Diego (2001 to present), Consumer Advocate of the Year (2007)
- Diversity in Law Foundation, Board of Directors
- Los Angeles County Bar Association, Board of Trustees (2000 to 2002)
- Los Angeles Superior Court Bench and Bar Committee (2001 to 2008)
- National College of Advocacy, Fellow
- Orange County Trial Lawyers Association, Member
- Pepperdine School of Law, Board of Visitors (1997 to present)
- Public Citizen, Member
- Public Justice (Formerly Trial Lawyers for Public Justice), Board of Directors (1996 to present), Member (1984 to present)
- The Roscoe Pound Foundation, Member

Among the other honors, awards and other forms of recognition Boucher has received for his professional achievements and accomplishments from legal, community, educational, nonprofit and media entities, include:

- American Association for Justice Steven J. Sharp Public Service Award (2008)
- Consumer Attorneys Association of Los Angeles Ted Horn Memorial Award in recognition of service to the California State Bar (2002), Finalist, Trial Lawyer of the Year (1996) , Several Presidential Awards for Outstanding Contribution to the Trial Bar
- Consumer Attorneys of California Legislative Champion Award (2002), Several Presidential Awards of Merit
- Consumer Attorneys of San Diego David S. Casey, Jr. Consumer Advocate Award (2006)
- California League of Conservation Voters Environmental Leadership Award (2005) for dedication to the environment and for fostering the public health rights of individuals
- Fort Lewis College, Durango, Colorado Alumnus of the Year (2007)

- Lawdragon Named one of 500 Leading Lawyers in America (2009-2014)
- Los Angeles Daily Journal Law Business Named one of the 100 Most Influential Attorneys in California several times
- Los Angeles Magazine Super Lawyer (2001 to present); named one of the Top 100 Super Lawyers in Southern California (2010 to present)
- Loyola Law School Champion of Justice Award (2008)
- Martindale-Hubbell, Peer Reviewed AV (highest rating)
- Orange County Trial Lawyers Association Top Gun Award (2008)
- Pepperdine University School of Law Distinguished Alumnus Award (2002)
- Project Sister Family Services Justice Armand Arabian Award (2006) for outstanding efforts to secure justice for victims of clergy abuse
- Trial Lawyers for Public Justice Trial Lawyer of the Year (1994)

Additionally, Boucher has been the recipient of presidential awards, awards of merit, recognition and commendation from federal, state and local government entities as well as a variety of bar associations.

Boucher, who resides in Tarzana, CA, is active in numerous business, civic, community and charitable organizations (e.g. Ambassador, Make a Wish Foundation). He is also active in fund raising for various local, state and national organizations for whom he has raised millions of dollars. He spends significant time doing pro bono work and frequently advises California Senate, Assembly and constitutional offices about legal and political issues.

# BOUCHER LLP

### SHEHNAZ M. BHUJWALA

Shehnaz M. Bhujwala, a strong advocate of consumer rights in civil courts and the California Legislature, is a partner of Boucher LLP.

Bhujwala helps consumers harmed by defective products or business practices of corporations and insurance companies obtain justice through the courts. She exclusively prosecutes class actions, mass torts, and other complex civil cases on behalf of consumers in federal and California state courts. In recent years, she has developed expertise with class actions involving data breaches and corporate privacy violations.

Bhujwala, who has been recognized for her work as a consumer attorney as a "Southern California Rising Star" by both Los Angeles Magazine and Southern California Rising Stars Magazine (2009-2011), and was bestowed with a Martindale-Hubbell "AV Preeminent" rating for her professionalism and ethics in 2015, has helped bring resolution to numerous cases through settlement and trials over the course of her legal career, including:

- A $58 million jury verdict for a construction worker who suffered severe burn injuries from a defective O-ring part on his construction vehicle

- A historic settlement on behalf of hundreds of survivors of childhood sexual abuse against the Los Angeles and San Diego Catholic Archdioceses

- A favorable settlement on behalf of a news reporter who suffered severe electrical burns and related injuries when her transmission truck hit overhead power lines

- A class action settlement with the Writers Guild of America on behalf of writers to ensure the Guild's payment of collected, foreign levy funds to them.

Prior to joining Boucher LLP, Bhujwala worked for top plaintiffs' firms in the Los Angeles area, including Khorrami Boucher, LLP, Kiesel Boucher & Larson, LLP, and Greene, Broillet, Panish & Wheeler, LLP.

An active author and speaker on consumer law subjects, Bhujwala is a member of, and has held leadership positions in, numerous professional organizations, including:

- Consumer Attorneys of California - (Board of Governors – 2011-2015; Chair-Elect, Women's Caucus – 2014, Chair, Woman's Caucus – 2015)

- Consumer Attorneys Association of Los Angeles - (Board of Governors, 2013-2014)

- Los Angeles County Bar Association - (Litigation Section, Legislative Chair – 2014, member of Judicial Appointments Committee)

- American Association for Justice

- Public Justice

Through her work with the Consumer Attorneys of California, Bhujwala also regularly speaks with California legislators regarding the need for sufficient court funding and other issues affecting consumers.

A California native and current resident of Los Angeles, Bhujwala received her undergraduate education at the University of California, Los Angeles where she obtained her Bachelor of Arts degree in Psychology. Thereafter, she attended the University of Southern California's Gould School of Law, where she obtained her Juris Doctor degree. During law school, she externed for the Honorable U.S. District Court Judge Robert Takasugi of the Central District of California and counseled victims of domestic violence through the Los Angeles County Bar Association's Barrister's Project.

# BOUCHER LLP

## BRIAN BUSH

Brian Bush, a trial lawyer who concentrates his legal practice in the areas of civil rights, personal injury and mass tort litigation, is an Associate of Boucher LLP.

Bush is admitted to the State Bar of California as well as the United States District Courts for the Central, Eastern and Northern Districts of California. Among his professional affiliations, he is a member of the American Association for Justice, Los Angeles County Bar Association and the Consumer Attorneys Association of Los Angeles (CAALA).

Bush received his Juris Doctor degree from Loyola Law School in Los Angeles. Throughout law school, Bush volunteered at the Los Angeles County District Attorney's Office. In his capacity as a certified law student, he presided over numerous felony preliminary hearings, evidence suppression hearings and also served as second chair for the prosecution in a child molestation trial.

While in law school, Bush competed in trial advocacy tournaments in California and New York as a member of Loyola's nationally-ranked Byrne Trial Advocacy Team and served as speaker, co-chair and vice president of Loyola's student chapter of CAALA. Additionally, at Loyola, he earned First Honors awards in White Collar Crimes, Cross Examination and Advanced Trial Advocacy.

A native of Seattle, WA, Bush attended Washington State University where he obtained a Bachelor of Arts degree in Communications with an Advertising Emphasis. At the university, he was on the Dean's Honor Roll (2001-2004), was a graduate of the WSU Honors College, served as President and Vice President of the Ad Club and was a member of the student chapter of the American Advertising Federation.

# BOUCHER LLP

## MILIN CHUN

Milin Chun, an attorney with experience in both criminal and civil law, is a Senior Associate of Boucher LLP. Throughout her career, Chun has focused her practice on federal white-collar criminal defense and appellate matters. She has represented clients in criminal investigations, including cases arising out of the Hobbs Act, Contraband Cigarette Trafficking Act, False Claims Act, securities fraud, money laundering, wire fraud, and tax evasion. Chun has previously represented a CEO of a major defense firm and executive director of a large non-profit organization in Washington, D.C.

Chun has been named to the Maryland Rising Stars list by Maryland Super Lawyers for three consecutive years (2013-2015), and in 2015 was named "Top 40 Under 40" by the National Trial Lawyers.

Chun currently serves on the Diversity Task Force for the National Association of Criminal Defense Lawyers, the nation's leading organization devoted to ensuring a just legal process for all criminal cases, and previously served on the Editorial Advisory Board of the Daily Record, a legal and business newspaper in Maryland.

Chun is admitted to practice in California, Maryland, and the District of Columbia. She is also admitted to practice in the United States District Courts for the Central District of California, District of Maryland, and the District of Nebraska, and the United States Court of Appeals for the Fourth Circuit.

Raised in Southern California, Chun attended the University of California, San Diego, where she received a Bachelor of Arts degree in Political Science. She then obtained her Juris Doctor degree from the University of Maryland, Baltimore, where she served as the Managing Editor of the University of Maryland Law Journal of Race, Religion, Gender, and Class. Following law school, Chun clerked for the Honorable Gale E. Rasin in the Circuit Court for Baltimore City.

# BOUCHER LLP

### ALEXANDER GAMEZ

Alexander Gamez is an Associate of Boucher LLP. He is a member of the firm's complex employment team, representing employees in class actions and PAGA actions against employers who violate California and federal wage and hour laws. Alex has successfully helped the firm prosecute a wide range of employment violations for the benefit of employees.

Alex earned a Bachelor of Arts degrees in Political Science and graduated *cum laude* from California State University, Fullerton in 2012. Thereafter, Alex earned a Juris Doctor degree from Southwestern Law School in 2015. During law school, Alex clerked for the U.S. Equal Employment Opportunity Commission, served as a Student Coordinator for the National Lawyers Guild Court Watch Program, and also served as a member of the Public Interest Law Committee. He also obtained numerous awards and distinctions during law school for his public interest and *pro bono* efforts.

Alex is a member of the State Bar of California and is licensed to practice in all California state courts.

# BOUCHER LLP

### CATHY KIM

Cathy Kim is an Associate of Boucher LLP. During her legal career, Cathy has focused her practice on representing individuals in mass tort litigation (e.g. products liability) against major pharmaceutical companies and medical device manufacturers in state and federal proceedings.

Cathy is admitted to the State Bar of California and the United States District Court, Central District of California. Among her professional affiliations, she is a member of Consumer Attorneys of California and the Korean American Bar Association.

Raised in Torrance, CA, Cathy attended the University of California, Los Angeles where she received a Bachelor of Arts degree in Business Economics with a minor in East Asian Languages and Cultures. Cathy graduated magna cum laude, was a member of Phi Beta Kappa Honor Society and the Golden Key International Honour Society, as well as being on the Provost's Honors List for six quarters.

Cathy matriculated to Loyola Law School in Los Angeles where she obtained her Juris Doctor degree while receiving numerous academic honors and recognition, including the First Honors Award in Advanced Legal Research. During law school, she served as a judicial extern to the Honorable Samuel L. Bufford in the United States Bankruptcy Court. Cathy also served as the Internal and External Vice President of the Asian Pacific American Law Students Association.

An accomplished musician (e.g. piano, violin) who has won many awards in competitions and performed in various orchestras, Cathy is active in community and cultural organizations. Among her involvements, she has served as a Korean-English translator for the Asian Pacific American Legal Center's Citizenship Workshops and Volunteer Income Tax Assistance.

# BOUCHER LLP

### NEIL M. LARSEN

Neil M. Larsen is an Associate of Boucher LLP. He is a member of the firm's complex employment team, representing employees in class actions and PAGA actions against employers who violate California and federal wage and hour laws. Neil has successfully helped the firm prosecute and resolve a wide range of employment cases for the benefit of employees.

Neil earned a Bachelor of Arts degree in Law and Society from the University of California, Santa Barbara in 2004. He then went on to earn a Juris Doctor degree from Santa Clara University School of Law in 2011, where he participated in the Honors Moot Court program, contributed to the Journal of International Law, and represented indigent clients in wage and hour litigation through his service at a community law center.

Before joining Boucher, LLP, Neil worked for noted law firms in Southern California exclusively representing plaintiffs in employment class actions and PAGA actions.

Neil is a member of the State Bar of California and is licensed to practice in all California state courts, as well as the United States District Courts for the Central District of California and Northern District of California.

# BOUCHER LLP

## HERMEZ MORENO

Hermez Moreno, a veteran trial lawyer who specializes in complex police misconduct litigation and catastrophic person injury and trial work, serves as Of Counsel to Boucher LLP.

During his professional career, which spans nearly four decades, Moreno has a diverse array of litigation experience and has attained verdicts and settlements for his clients up to eight figures. Some of the legal areas he has litigated include:

- Civil Rights
- Medical/Legal Malpractice
- Mass Torts
- Insurance Bad Faith
- Police Misconduct
- Excessive Use of Force
- False Arrest/Imprisonment
- Asbestos Personal Injury
- Mishandling of Human Remains
- Traumatic Brain Injury
- Asbestos Commercial Property  Damage
- Asbestos Personal Injury
- Jail Abuse

Moreno also has extensive experience in transactional work and has been involved in the negotiating and drafting of contracts and other documents for entertainers in the fields of film, music recordings and film and recording financing. He has also negotiated and drafted contracts for the sale and purchase of businesses and landmark real estate in the Los Angeles area.

Moreno, who began his career handling civil rights cases throughout California, served as Special Counsel to Cesar Chavez (1984-1993) and as Trial Counsel for the United Farm Workers Union (1984-1990) in areas involving labor disputes and cases brought by growers' efforts to break the union. He also represented indigent clients in pro bono cases and continues to do so.

In addition to his legal practice, Moreno is actively serving as a professor of trial advocacy. He has served as a Clinical Professor at the UCLA School of Law in its Trial Advocacy Program and has been both a Visiting Associate Professor of Law, Clinical Instructor in the Trial Advocacy Program of Southwestern Law School and currently serves as an Adjunct Professor of Law in the school's Trial Advocacy and Civil Rights Program.

Moreno is admitted to the State Bar of California as well as the United States Supreme Court, United States Court of Appeal Ninth Circuit, United States Court of Appeal, Federal Circuit and the United States District Court for the Central, Northern, and Eastern

Districts of California. Among his professional affiliations, he is or has been a member of:

- Consumer Attorneys of California
- Consumer Attorneys Association of Los Angeles
- Trial Lawyers for Public Justice
- Mexican American Bar Association (Board of Trustees)
- Mexican American Bar Foundation (Board of Directors)
- Santa Monica Third Street Development Corporation (Board of Directors)

A native of Mexico, Moreno attended the University of California, Santa Barbara where he received a Bachelor of Arts degree in Political Science. He obtained his Juris Doctor degree from the UCLA School of Law. While in law school, he co-founded Centro Legal de Santa Monica, Inc., a non-profit legal aid office operated by UCLA Chicano law students. The organization, which subsequently merged with Westside Legal Services, provided legal services to underprivileged residents in Santa Monica and Moreno served as a Board of Trustees member and supervising attorney.

Moreno lives with his wife in Moorpark, CA on a 15-acre horse ranch. Among his personal interests, he is an art collector, an artist, and has written his first novel.

# BOUCHER LLP

### PRISCILLA SZETO

Priscilla Szeto is an Associate of Boucher LLP. She is a member of the firm's complex litigation team, representing plaintiffs in consumer class actions and mass actions involving products liability, environmental, toxic torts, and business torts, and in significant personal injury cases. She has successfully helped the firm prosecute a wide range of cases.

Priscilla earned a Bachelor of Arts degree in Global Literature and Cultural Studies from the University of California, Santa Cruz, where she was also recognized on the Dean's Honor List. Thereafter, she earned a Juris Doctor degree from Loyola Law School. During law school, Priscilla served as Editor-in-Chief of the Loyola of Los Angeles International and Comparative Law Review, was a recipient of the Otto Kaus Award for Excellence in Legal Scholarship, completed an externship with Public Justice, and participated in the William C. Hobbs Trial Advocacy Program, through which she conducted felony preliminary hearings on behalf of the Los Angeles County District Attorney's Office as a Certified Law Clerk.

Priscilla is member of the State Bar of California and is licensed to practice in all California state courts, as well as the United States District Court for the Central District of California. She is also a member of the American Association for Justice.

# BOUCHER LLP

## MARIA L. WEITZ

Maria L. Weitz, an attorney with broad experience in numerous areas of consumer law, is a partner of Boucher LLP.

Throughout her legal career, Weitz has focused her practice on unfair, deceptive, and fraudulent business practices, and seeking legal accountability on behalf of injured plaintiffs. As a result, her diverse range of litigation experience spans a wide array of legal issues, including complex class actions, product liability and other personal injury cases, employment litigation, and appellate practice.

Weitz's interest in civil justice developed while attending the University of California, Davis School of Law, where she earned her Juris Doctor degree. She received a Public Service Law Certificate recognizing her legal work in public interest organizations and government agencies. This work included serving as co-counsel in a federal jury trial on behalf of an inmate alleging civil rights violations, and working within the California Attorney General's Office to prosecute civil cases for violations of California's Air Pollution Control Laws. She also received a Witkin Award for Academic Excellence in Legal Writing and the Sacramento County Bar Association Diversity Fellowship.

Weitz is admitted to the State Bar of California and the United States District Courts in the Northern, Southern, Central, and Eastern Districts of California. Among her professional affiliations, she is a member of the Consumer Attorneys Association of Los Angeles.

In recognition of her career accomplishments, Weitz has twice been selected as a Southern California Rising Star by Super Lawyers Magazine and was listed among Top Women Attorneys by Los Angeles Magazine.

Weitz received her undergraduate education at the University of California, Los Angeles, where she earned a Bachelor of Arts degree in Sociology and Communications.

# EXHIBIT "2"

## CURRICULUM VITAE

### RAYMOND PAUL BOUCHER, ESQ.
### BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367
Tel. (818) 340-5400 | Fax (818) 340-5401
ray@boucher.la | www.boucher.la

## EDUCATION

**Pepperdine University School of Law, Malibu, California**
Distinguished Alumnus Award (2002). Juris Doctorate (1984).
Ranked in top fifteen percent of class. Moot Court (first place petitioner brief).
Phi Delta Phi honor society.

**Whittier College School of Law, Costa Mesa, California**
Honorary Doctor of Law (2005).

**Colorado State University, Fort Collins, Colorado**
Master of Science in Management (1981). Graduate assistant.
Sigma Iota Epsilon honor society.

**Fort Lewis College, Durango, Colorado**
Alumnus of the Year (2007). Bachelor of Arts (1979). Double Major, Business
Administration and Political Science. Student Body President. Dean's List.

## ADMISSIONS

State Courts of California; United States District Courts for the Central, Northern,
Southern, and Eastern Districts of California

## PROFESSIONAL EXPERIENCE

**Boucher LLP**, Woodland Hills, California
Partner (2014 to Present)
**Khorrami Boucher LLP**, Los Angeles, California
Member (2013 to 2014)

**Kiesel, Boucher & Larson LLP**, Beverly Hills, California
Partner (1999 to 2013)

**Law Offices of Raymond P. Boucher**, Tarzana, California
Partner (1990 to present)

**Nordstrom, Steele, Nicolette & Jefferson**, Los Angeles, California
Attorney of Counsel (1993 to 1996)

**Sayre, Moreno, Purcell & Boucher**, Los Angeles, California
Managing Partner (1985 to 1990)

**Gould & Sayre**, Santa Monica, California
Attorney at Law (1984 to 1985)

Raymond Paul Boucher
Curriculum Vitae
Page 2

## AFFILIATIONS AND SELECTED LEGAL INVOLVEMENT

**American Association for Justice**, Member

**American Bar Association**, Admitted as a Fellow of the American Bar

**Association of Trial Lawyers of America**
State of California Delegate
Member

**Beverly Hills Bar Association**, Member

**California Courts, Administrative Office of the Courts** (2002 to 2007)
Committees:  Court Funding, Complex Courts System, Court Integration

**California State Bar Association**, Member

**Civil Justice Foundation**, Member

**Consumer Attorneys Association of Los Angeles**
*Formerly the Los Angeles Trial Lawyers Association*
President (2005)
Board of Governors, Emeritus Member (2005 to present)
Board of Governors, Member (1996 to 2006)

**Consumer Attorneys of California**
*Formerly the California Trial Lawyers Association*
President (2007)
Board of Governors (1997 to present)

**Consumer Attorneys of San Diego** (2001 to present)
Consumer Advocate of the Year (2007)

**Diversity in Law Foundation**, Board of Directors

**Los Angeles County Bar Association**
Board of Trustees (2000 to 2002)

**Los Angeles Superior Court Bench and Bar Committee** (2001 to 2008)

**Make a Wish Foundation**, Ambassador

**National College of Advocacy**, Fellow

**Orange County Bar Association**, Member

**Orange County Trial Lawyers Association**, Member

**Pepperdine School of Law**
Board of Visitors (1997 to present)

**Public Citizen**, Member

**Public Justice**, Board of Directors
*Formerly Trial Lawyers for Public Justice*
Board of Directors (1996 to present)
Member (1984 to present)

**The Roscoe Pound Foundation**, Member

## SELECTED AWARDS AND HONORS

**Trial Lawyer of the Decade (2001-2010)**
Los Angeles Daily Journal

**American Association for Justice**
Steven J. Sharp Public Service Award (2008)

**California Lawyer Magazine**
California Lawyer Attorney of the Year (CLAY) Award (2008)

**Consumer Attorneys of Los Angeles**
Trial Lawyer of the Year (2007)
Ted Horn Memorial Award in recognition of service to the
California State Bar (2002)
Finalist, Trial Lawyer of the Year (1996)
Several Presidential Awards for Outstanding Contribution
to the Trial Bar

**Consumer Attorneys of California**
Consumer Attorney of the Year (2007)
Legislative Champion Award (2002)
Several Presidential Awards of Merit

**Consumer Attorneys of San Diego**
David S. Casey, Jr. Consumer Advocate Award (2006)

**California League of Conservation Voters**
Environmental Leadership Award (2005) for dedication to the environment and
for fostering the public health rights of individuals

**Fort Lewis College, Durango, Colorado**
Alumnus of the Year (2007)

**Lawdragon**
Named one of 500 Leading Lawyers in America (2009-2011)

**Los Angeles Daily Journal Law Business**
Named one of the 100 Most Influential Attorneys in California several times

**Los Angeles Magazine**
Super Lawyer (2001 to present); named one of the Top 100 Super Lawyers in
Southern California (2010 to present)

**Loyola Law School**
Champion of Justice Award (2008)

**Martindale-Hubbell**, Peer Reviewed AV (highest rating)

**Orange County Trial Lawyers Association**
Top Gun Award (2008)

**Pepperdine University School of Law**
Distinguished Alumnus Award (2002)

Raymond Paul Boucher
Curriculum Vitae
Page 4

**Project Sister Family Services**
> Justice Armand Arabian Award (2006) for outstanding efforts to secure justice for victims of clergy abuse

**Trial Lawyers for Public Justice**
> Finalist, Trial Lawyer of the Year (2000, 2008)
> Trial Lawyer of the Year (1994)

Recipient of presidential awards, awards of merit, recognition, and commendations from federal, state, and local governmental entities and a variety of bar organizations.

## LITIGATION

Tried more than sixty cases to verdict, recovering in excess of three billion dollars in verdicts and settlements for clients. Briefed and argued more than twenty appeals before the Ninth Circuit Court of Appeals and California Courts of Appeal.

Selected class actions and complex litigation generated:

***Abrica v. Tosco et al.***
Case No. BC239882 (Superior Court of California, County of Los Angeles).
> Mass tort relating to toxic refinery fire, which resolved successfully

***Adderton v. Nextel Commc'n, Inc., et al. ("Boost Mobile")***
Super. Ct. Los Angeles County, 2006, No. BC344300.
> Owners of Pipeline asserted Nextel unlawfully used its power as majority interest holder to force Pipeline's owners to sell their shares in Boost Mobile for below market value. Nextel withheld financial and marketing support from Boost Mobile until the Pipeline owners sold their interests, and provided false valuations and withheld financial information so that Pipeline could not know Boost Mobile's true value. Resolved.

***In Re Aetna UCR Litigation***
Dist. N.J., Pending, MDL No. 2020, No.: 2:07-cv-3541 (FSH)(PS)
> Appointed Class Counsel for class of subscribers to Aetna's healthcare insurance plan in class action alleging Aetna knowingly used inherently flawed databases licensed from Ingenix to set usual, customary, and reasonable ("UCR") rates for out-of-network services, resulting in artificially reduced reimbursements to plaintiffs. Plaintiffs allege the existence of a secret and illegal agreement by Aetna, UnitedHealth Group, Ingenix, and most of the country's largest health insurers to systemically under-reimburse consumers for out-of-network services in violation of ERISA, RICO, and the Sherman Act, as well as state law. Pending.

***American Medical Association et al. v. Wellpoint, Inc.***
C.D. Cal, Pending, MDL No. 09-2074 PSG (FFMx)
> Appointed Co-Lead Counsel in action on behalf of physicians and physician groups to recover payment from insurers who violated federal antitrust laws by fixing artificially low reimbursement rates for treatment provided to out-of-network patients. Pending.

***Balasubramaniam v. Cty of Los Angeles, et al.***
Super. Ct. Los Angeles County, 2004, Case No. BC158506.
> Represented plaintiff medical doctor in case of employment discrimination based upon color. Resolved after trial, on appeal.

***Bartley v. Camarillo Miramonte Homeowners Ass'n***
Super. Ct. Ventura County, 2002, No. SC020953.
> Class action against real estate developers on behalf of individual condominium owners for faulty construction and repairs. The units were constructed over a high water table and on poor soils which expanded and contracted, causing the units to sink, and causing floor slabs, foundations, and walls to crack. The defendants knew about the defects but did not disclose them. After receiving complaints, developers failed to repair as promised. Resolved on eve of trial.

***Bianchi v. Schneiderman, et al.***
Super. Ct. Los Angeles County, 2003, No. EC033688.
> Represented plaintiff in suit for breach of an agreement and for fraud after Schneiderman fraudulently obtained control of L.A. Digital Post and then transferred it to his wife in order to hide assets from creditors. Resolved.

***Black v. Blue Cross of California***
Super. Ct. Los Angeles County, 2007, No. BC250339.
> A certified class action against a health insurer for improper mid-year contract modifications. Settled for an eight-figure amount after a liability trial.

***Berger v. The Berger Foundation, et al.***
Super. Ct. Riverside County, 2011, Case No. INC 10010664.
> H. N. and Frances Berger founded a charitable organization to promote and support education and alleviate human suffering. Defendants diverted millions from this foundation to engage in self-dealing transactions and to pay themselves excessive compensation, and to fund ventures to employ their relatives. Represented the Berger Foundation to remedy these wrongs and safeguard a family legacy. Resolved.

***Bunker Hill Twrs Condo Ass'n, et al. v. W.R. Grace & Co.***
Super. Ct. Los Angeles County, No. B072642.
> Represented 250 resident unit owners in a 32-story, luxury downtown high-rise in an action against the nation's leading asbestos products manufacturer. The building's steel girders were coated with asbestos, which contaminated the building with hazardous amounts of emitted asbestos fibers in breathable dust. A jury awarded over $6 million to compensate for the cost of the abatement.

### *Bustamante v. Southern California Gas Company, et al.*
Case No. BC285598 (Superior Court of California, County of Los Angeles).
> Class action against energy companies on behalf of California citizens for manipulation of the market for natural gas by reporting false price and volume information to the price indices and industry publications that were used to establish the cost of natural gas to end users, and the value of natural gas in the commodities markets.

### *California Gubernatorial Recall Election Litigation*
> Represented former Governor Gray Davis in a challenge to the qualification of the 2003 California gubernatorial recall election.

### *Castaneda, et al. v. State of California et al.*
Super. Ct. Los Angeles County, 2004, No. BC299062.
> The California Legislature passed a bill to allow victims of wrongful deportation or coerced emigration between 1929 and 1944 to bring civil actions. *Castaneda* was a class action on behalf of approximately 400,000 U.S. citizens and resident aliens who were wrongfully expelled from California because of their Mexican heritage. Complaint withdrawn after governor's veto of the bill.

### *Catalina Toys v. Forward Winsome*
Super. Ct. Orange County, No. 68-59-34.
> Defended Forward Winsome, one of the largest toy manufacturers in the world, and represented it on a cross complaint. Plaintiffs alleged that Forward Winsome intentionally delayed shipments of goods and breached an agreement in order to place the plaintiffs in financial duress and to foreclose upon their assets. After a fifteen-day trial, the jury entered a unanimous verdict awarding Forward Winsome more than $6 million; settled before punitive damages phase.

### *Centinela Freeman Emergency Medical Associates, et al. v. Maxwell-Jolly et al.*
Super. Ct. Los Angeles County, Pending, No. BC406372.
> Action on behalf of emergency room doctors who received medical reimbursements in amounts that were significantly below the costs that they incurred to treat their patients. Writ of mandate issued; case pending.

### *Chavez v. Nestlé USA, Inc.*
C.D. Cal., 2013, No. CV09-9192 GW (CWx).
> Appointed lead counsel in class action for false advertising in the marketing of a beverage for infants. Resolved following successful appeal to Ninth Circuit.

### *CIGNA Litigation*
> Class action against medical insurers who under-reimbursed hundreds of thousands of medical patients for out-of-network care they received. The plaintiffs allege the health insurers manipulated data to artificially depress reimbursements for medical care. Pending.

**The Clergy Cases**

Super. Ct. California, JCCP Nos. 4286, 4297, 4359

Served as Plaintiffs' Liaison Counsel representing almost 1,000 individuals and their families in significant personal injury claims involving molestation at the hands of Catholic priests. Settlements totaled in excess of $1.5 billion.

**The Clergy Cases I**, California JCCP 4286 (Diocese of Orange).

Ninety survivors of Clergy sexual abuse filed lawsuits against the Roman Catholic Diocese of Orange. In December 2004, after nearly two years of intense negotiations, lead negotiations to successfully settle all claims against the Diocese for $100 million on the condition that the secret files of the Diocese of Orange would be made public.

**The Clergy Cases I**, California JCCP 4286 (Archdiocese of Los Angeles).

Five-hundred and eight survivors of clergy sexual abuse filed lawsuits against the Roman Catholic Archbishop of Los Angeles. On the eve of the first of more than a dozen scheduled trials, successfully negotiated an agreement with the Archbishop to resolve all cases against it for $660 million, the largest resolution with any diocese in the United States. The case is still pending as the parties litigate the public release of abusing priest and Church files.

**The Clergy Cases II**, California JCCP 4297 (Archdiocese of San Diego).

One-hundred and forty-four survivors were sexually abused by Clergy members in the Roman Catholic Diocese of San Diego. In the second-largest settlement by a Roman Catholic diocese nationwide since claims of sexual abuse by clergy members came to light in 2002, the Diocese agreed to pay nearly $200 million to these 144 survivors. The case is pending as the parties litigate over the public release of the offending priests' files.

**Colin Higgins Productions, LTD. v. Paramount Pictures Corporation**

Case No. BC499179 (Superior Court of California, County of Los Angeles). Class action against movie studio arising from studio's calculation of profit participation from home video distribution of films. Preliminary approval of class action settlement granted.

**Colin Higgins Productions, LTD. v. Universal City Studios, LLC**

Case No. BC499180 (Superior Court of California, County of Los Angeles). Class action against movie studio arising from studio's calculation of profit participation from home video distribution of films. Final approval of class action settlement granted.

**County of Santa Clara v. Smithkline Beecham Corporation**

C.A. NO. 2:10-cv-01637-CMR (E.D. Pa.). This is an action on behalf of the People of the State of California for false advertising and deceptive business practices in the marketing, sales and distribution of the Type 2 Diabetes drug Avandia.

### *In Re Crestor Products Liability Cases*
Super. Ct. Los Angeles County, Pending, California JCCP No. 4713.
> Appointed Plaintiffs' Co-Liaison Counsel in Judicial Council coordinated
> proceeding pending before the Los Angeles Superior Court involving personal
> injury claims arising from use of Crestor pharmaceutical drug.  Pending.

### *DePUY ASR Artificial Hip Implants Litigation*
Super. Ct., San Francisco County, Pending, California JCCP No. 4649.
> Nationwide personal injury actions on behalf of patients who received the
> recalled, defective, surgically implanted, metal-on-metal ASR XL Acetabular and
> ASR Hip Resurfacing systems manufactured by DePuy Orthopedics, a unit of
> Johnson & Johnson. The complaints allege DePuy Orthopedics was aware its
> ASR hip implants were failing at a high rate, yet continued to manufacture and
> sell the product to unsuspecting physicians and patients. Pending.

### *Del Campo v. Hometown Buffet, Inc. et al.*
C.D. Cal. 2:14-cv-04378-RGK-SH.
> Court-appointed as Class Counsel in wage and hour class action and
> representative action against restaurant chain. Final approval of settlement
> granted.

### *In Re Diet Drug Litigation*
Super. Ct. Los Angeles County, California JCCP 4032.
> Appointed Co-Plaintiffs' Liaison Counsel. Claims arose from injuries resulting
> from the use of the diet drug Phen-Fen. Resolved.

### *Jane Doe v. Garden Grove Unified School District*
> Represented a child victim of sexual abuse at school.  Resolved.

### *Elena A. et al. v. Casa de Angeles Cal. Corp., d/b/a Healthy Start, et al.*
Super. Ct. Los Angeles County, Pending, No. BC457840.
> Case on behalf of developmentally disabled adults who were subjected to serious
> physical and verbal abuse and neglect while attending an adult day care center.
> The abuse included sexual molestation which caused rashes, bruises, scratches,
> abrasions, scarring, and cuts and the contraction of venereal disease. It also
> included the withholding of medical care, and the failure to provide appropriate
> meals, leading to dehydration, malnutrition, and anemia. It included rough
> handling acts of humiliation, and threats to harm family members after clients
> witnessed inappropriate behavior. Pending.

### *Espinoza v. Vander-Bend Manufacturing, LLC*
Super. Ct., Santa Clara County, Case No. 1-15-CV-283929.
> Court-appointed as Class counsel in wage and hours class action and
> representative action brought on behalf of non-exempt employees in California.
> Final approval of settlement granted.

***In Re: Facebook, Inc. Internet Tracking Litig.***,
N.D. Cal., Pending, MDL No. 2314, No. 5:12-md-02314-EJD.
> Appointed Interim Liaison Counsel in this class action lawsuit seeking damages
> and injunctive relief for the knowing interception of users' Internet
> communications and activity after logging out of their Facebook accounts, in
> violation of state and federal laws including the Federal Wiretap Act, the Stored
> Communications Act, and the Computer Fraud and Abuse Act.

***In Re Galvanized Steel Pipe Litigation***
Super. Ct. Los Angeles County, 2010, No. BC174649
> Appointed Lead Counsel (2001). Class action involving construction defects.
> Settled for an amount in the high eight figures.

***Gillis et al. v. Ralph Wyatt Plastering Company, et al.***
Super. Ct. Los Angeles County, 1999, No. SC034918.
> Case to recover for negligent construction leading to water intrusion and an
> infestation of highly toxigenic mold, resulting in the total loss of the plaintiff's
> home and all of its contents. Eight-figure settlement.

***Grossman v. Unger Fabrik, LLC***
Super. Ct. Los Angeles County, 2013, No. BC480626.
> Breach of contract action on behalf of an executive who made $55 million in sales
> for a company that then failed to pay her commissions. Resolved.

***Hablian et al. v. Zurich U.S. et al.***
Cal. Comp. Bd. of Appeals
> Class action to recover workers' compensation benefits that were due to injured
> employees, but that employers and their insurers instead kept for themselves. The
> California Workers Compensation Appeals Board has ruled that a class action
> may be brought. Case pending.

***Leslie v. Hochman, Salkin & Deroy***
Super. Ct. Los Angeles County, 1997, No. BC127454.
> In this legal malpractice case, attorneys arranged to provide the plaintiffs with a
> tax shelter plan under which a commodities broker would reduce their income tax
> burden through trades in gold futures, and the attorneys would take $20 for each
> of the broker's transactions in return for legal representation about the tax
> consequences of the trades. The Ninth Circuit then ruled that the types of
> deductions the attorneys advised the plaintiffs to take on their tax returns were not
> based on genuine losses, such that the plaintiffs were now responsible for unpaid
> taxes, interest, and penalties. Litigation ensued in which the attorneys represented
> the plaintiffs before the U.S. Tax Court, promising that they would prevail when
> all the while they had no reasonable possibility of doing so. Resolved.

***Lopez, et al. v. Citrus Valley Health Partners, Inc.***

> Super. Ct., Los Angeles County, Case Nos. BC544139 and BC545110. Court-appointed as Class Counsel in wage and hour class actions and representative actions against large California hospital entity. Final approval of settlement granted.

***Los Angeles Unified School District Sexual Molestation Cases***

> Represented numerous children who were molested at Miramonte Elementary School in the Los Angeles Unified School District.

***Madrid v. Perot Systems Corporation et al.***

Super. Ct. Sacramento County, No. 03AS04763.

> Antitrust and unfair competition action to recover from Perot Systems Corporation for aiding and abetting the manipulation, distortion, and corruption of California's electricity market, including the design and sale of derivative securities, in the wake of the deregulation of California's energy sector. Resolved.

***Martinez et al. v. EMI Music Distribution et al.***

("Compact Disc Minimum-Advertised Price Antitrust Litigation")

C.D. Cal, No. CV-00-05730 RAP (RNBx).

> Suit to recover from recorded-music distributors and retailers for price fixing. Resolved.

***Moppin v. Los Robles Regional Medical Center, et al.***

Case No. 5:15-cv-01551-JGB-DTB (C.D. Cal.).

> Court-appointed as Class Counsel in wage and hour class action and representative action brought on behalf of travel nurses against staffing agency. Final approval of settlement granted.

***Murray v. Belka (*First Pension*)***

Super. Ct. Orange County, California JCCP No. 3131.

> Suit against a pension plan administrator, one of the nation's largest law firms, and one of the world's largest accounting firms to recover damages and for restitution to hundreds of investors who had lost their life savings to a Ponzi scheme. Co-tried a four month trial with Michael Aguirre, resulting in a liability and punitive damages verdict. The Orange County, California jury in the case found that Pricewaterhouse Coopers helped defraud the investors by creating fraudulent audits and reviews that First Pension Corporation used in its filings with government agencies over nine years. The case resolved on the eve of the punitive damage phase for nearly nine figures.

***In re: National Association of Music Merchants, Musical Instruments and Equipment Antitrust Litigation***

S.D. Cal. MDL No. 2121.

> Class action in antitrust to recover for anticompetitive price fixing.

***Northbridge Homeowners v. The Newhall Land and Farming Co., et al.***
Super. Ct. Los Angeles County, 2010, No. BC174649.

> Recovered $41 million on behalf of 5,000 Santa Clarita Valley residents in a suit against real estate developers for the installation of defective galvanized steel pipes which rusted and leaked inside their new homes.

***In Re Northridge Earthquake Litigation***

> Appointed Plaintiffs' Liaison Counsel (2002). Numerous coverage lawsuits against State Farm Insurance, 21st Century Insurance, Farmers Insurance, and USAA Insurance Company for fraudulent insurance practices arising out of the Northridge Earthquake. Resolved.

***In re: Pellicano Cases***
Super. Ct. Los Angeles County, 2014, No. BC316318.

> Appointed as Co-Lead Counsel in class action against AT&T. Cases involved wiretapping in violation of the California Penal Code. Settled.

***Quesada v. Herb Thyme Farms, Inc.***
Super. Ct. Los Angeles, County, No. BC436557.

> Action against the largest grower and marketer of herbs in California for labeling conventionally grown food as "fresh organic" in order to mislead consumers into paying more. Pending in Supreme Court of California.

***Residents of Tucson, Arizona v. Tucson Airport Authority et al.,***
AZ Court of Appeals, No. 2 CA-CV 93-0204.

> Actions on behalf of over 1,600 residents of the Sunnyside community of Tucson against the Tucson Airport Authority and other defendants for dumping a carcinogen, trichloroethylene (TCE), into disposal pools and allowing it to seep into the city's ground water. After an EPA-sponsored researcher found high levels of TCE and other carcinogens in drinking water, experts discovered that several unusual forms of cancer, particularly among children in the area, were at almost epidemic levels. The actions settled for $84.5 million.

***Silver et al. v. Aetna Health Inc., PA, et al.***
N.D. Cal., No. C10-00143.

> Class action against medical insurers who under-reimbursed hundreds of thousands of medical patients for out-of-network care they received. The plaintiffs allege the health insurers manipulated data to artificially depress reimbursements for medical care. Pending.

***Silver v. Del Webb***
Super. Ct. Nevada. No. A437325.

> Appointed Lead Counsel (2001). Certified class construction defect suit involving installation of faulty plumbing systems in new homes. Resolved.

***Sinskey, et al. v. Ernst & Young et al.***
Super. Ct. Los Angeles County, No. BC247851.

> Represented plaintiffs in action for fraud in the sale of securities. Resolved.

***Sister Sledge et al. v. Warner Music Group Corp.***
N.D. Cal., No. 12-CV-0559-RS.
> Appointed Interim Co-Lead Counsel in this suit to recover for the shortchanging of artists in the licensing of their works to third parties for subsequent retail sale as digital downloads and ringtones. Settled for $11.5 Million.

***Skeen, et al. v. BMW of North America LLC, et al.***
Dist. N.J., Pending, No. 2:13-cv-1531-WHW-CLW.
> Appointed Interim Co-Lead Class Counsel in putative class action on behalf of owners and lessees of MINI Cooper vehicles manufactured with defective "timing chain tensioner" parts that cause premature engine damage and failure. Pending.

***The Temptations et al. v. UMG Recordings, Inc.***
N.D. Cal., No. 12-CV-1289-JCS.
> Suit to recover for shortchanging of artists in the licensing of their works to third parties for subsequent retail sale as digital downloads and ringtones. Pending.

***Terry W. et al. v. Kaiser Foundation Health Plan, Inc. et al.***
Super. Ct., Los Angeles County, No. BC187451.
> Case against Kaiser for failing to take action to protect patients after receiving complaints that one of their doctors was molesting minors. The doctor was later arrested, convicted, and incarcerated for his crimes. Resolved.

***In re Transient Occupancy Tax Cases***
Super. Ct. Los Angeles County, California JCCP 4472.
> Action on behalf of thirty-nine separate California cities to recover unremitted occupancy taxes from online travel companies.

***In re Trasylol Drug Cases***
Super. Ct. Los Angeles County, California JCCP 4593.
> Action on behalf of the people of the State of California against a pharmaceutical company that continued to aggressively market a drug after becoming aware that it significantly increased the risk of renal failure, stroke, and death, and which was ultimately removed from the market. Resolved.

***Welch v. Orkin Exterminating Co.***
Super. Ct. Los Angeles County, No. 516323.
> Orkin's negligent treatment of the plaintiffs' San Diego home for termites caused plaintiffs to develop chemical sensitivities. Orkin argued the plaintiffs were only imagining their injuries, or that the injuries preexisted. Orkin denied that it misapplied the chemicals, and denied that the chemicals could cause any injury. After an eighteen-day trial, a jury awarded plaintiffs approximately $1 Million.

***In re Wholesale Electricity Antitrust Cases I & II***
California JCCP 4204-00005 and 4204-00006.
> Actions in which the plaintiffs sought to recover damages from energy traders for unfair business practices.

**In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.**
MDL No. 09-2074 (C.D. Cal.).
Served in a leadership role in a consolidated action to recover for anticompetitive price fixing and for artificial deflation of medical payments and reimbursements, leading to underpayments to doctors for medical care that they provided, and to artificially high charges for out-of-pocket costs to insured individuals for medical care that they received.

**In re Wright Medical Technology, Inc., Conserve Hip Implant Products Liability Litigation,** MDL No. 2329.
Appointed Co-Lead Counsel and state Liaison Counsel in this national MDL involving actions against a manufacturer of defective surgically implanted metal-on-metal hip replacement systems. Pending.

**Yaz, Yasmin and Ocella Contraceptive Cases**
Super. Ct., Los Angeles County, California JCCP 4608.
Appointed and served as Plaintiffs' Co-Liaison Counsel in cases on behalf of women who were prescribed Yasmin and Yaz oral contraceptives and suffered blood clots, deep vein thrombosis, strokes, or heart attacks. Case involved allegations that Bayer failed to warn.

**Young v. Johnny's Hot Dog Stand et al.**
Super. Ct. Los Angeles County, 1997, No. BC102837.
Ronald Young, a 57 year-old homeless man who had been a hospital orderly before going on disability, had been frequenting Johnny's Hot Dog Stand for more than twenty years. After Young approached the window of Johnny's with money in his pocket to purchase a cup of coffee, the waitress shouted insults at him. Minutes later, the waitress walked out of the stand, approached Young, and shot him six times, leaving him permanently disfigured and almost $70,000 in debt to the hospital. The police never recovered the gun and the district attorney declined to prosecute. At trial, the jury found the restaurant negligent and ordered Johnny's to pay nearly $1 million in compensatory damages.

**Zachary et al. v. ARCO et al.**
Super. Ct. Los Angeles County, No. BC209944.
Appointed Lead Counsel. Mass tort toxic refinery fire resulting in injury to plaintiffs and their property. Resolved.

**Zoloft Birth Defects Cases**
JCCP No. 4771.
Appointed Plaintiffs' Co-Lead Counsel in coordinated proceeding involving alleged birth defect claims arising from mother plaintiffs' use and ingesting of prescription anti-depressant drug.

Raymond Paul Boucher
Curriculum Vitae
Page 14

Among cases involving published decisions:

**Bains v. Moores** (2009) 172 Cal. App. 4th 445.
Action on behalf of investors to recover for fraud in the sale of certain securities.

**Callahan v. Gibson, Dunn & Crutcher LLP** (2011) 194 Cal. App. 4th 557.
Represented family members in suit against law firm that drafted a partnership agreement which damaged the family business. Resolved.

**Harrell v. 20th Century Ins. Co.** (9th Cir. 1991) 934 F.2d 203.
Suit to recover for fraud in the sale of a small business.  Resolved.

**Ileto v. Glock, Inc.** (C.D. Cal. 2006) 421 F. Supp. 2d 127.
Action against weapons manufacturers Glock and China North, whose firearms were used by a member of the Aryan Nation to shoot several children and kill a postal worker.

**Ramirez v. Fox Television Station** (9th Cir. 1993) 998 F.2d 743.
Suit for unconstitutional employment discrimination based on national origin.

**Shirk v. Vista Unified School District** (2007) 42 Cal. 4th 201.
Case to recover for sexual molestation by a public school teacher.

**Regents of University of California v. Superior Court** (2010) 183 Cal. App. 4th 755.
Represented relatives of decedents who willed their bodies to a medical school for research and teaching purposes, only to learn the remains had been improperly disposed of in a grotesque and undignified manner after scientific uses were concluded. Donors were told that after use, their remains would be cremated and scattered in a rose garden. Human remains were commingled with  other remains and incompletely incinerated, leaving hair and flesh intact.  Remains were placed in a mixture of incinerated human bodies, laboratory animal carcasses, and medical waste into garbage dumpsters and then transported to a landfill where they were disposed of with common refuse.

**Rippon v. Bowen** (2008) 160 Cal. App. 4th 1308.
Case on behalf of California citizens who challenged the constitutionality of Proposition 140, which imposed lifetime term limits upon state legislators and other state officers.

**Santillan v. Roman Catholic Bishop of Fresno** (2008) 163 Cal. App. 4th 4.
Case on behalf of a victim of childhood sexual abuse.

**Wallace v. City of Los Angeles** (1993) 12 Cal. App. 4th 1385.
Demetria Wallace, a teenaged honors student, was shot and killed by a shotgun blast as she sat on a bench waiting for a bus five days before she was to testify against a man accused of fatally shooting a taxi driver. Following granting of non-suit at trial, the appeals court held the police had a duty to warn the victim. The case affirmed the government's responsibility to protect citizens who jeopardize their lives by stepping forward as witnesses to crimes, and prompted changes in police procedures that have saved other witnesses' lives since.

*Wholesale Electricity Antitrust Cases I & II* (2007) 147 Cal. App. 4th 1293.
> Co-lead counsel in suit to recover from energy traders for antitrust and unfair business practices in the wake of the deregulation of California's energy sector. Resolved in conjunction with the Attorney General's office for over $1.1 billion.

## PRESENTATIONS

**Guest Lecturer**
> **Stanford Law School**, Stanford, California
> **Pepperdine University School of Law**, Malibu, California
> **Loyola Law School**, Los Angeles, California

**Continuing Legal Education**
> Delivered hundreds of continuing legal education presentations to organizations including the Los Angeles County Bar Association, the Consumer Attorneys of California, the Consumer Attorneys Association of Los Angeles, the Association of Southern California Defense Counsel, the American Association for Justice, the Orange County Bar Association, the California League of Cities, Pepperdine Law School, Mealey's, the Los Angeles Daily Journal, Glasser Legal Works, and the National College of Advocacy.

# Exhibit 2

Raymond P. Boucher, State Bar No. 115364
*ray@boucher.la*
Shehnaz M. Bhujwala, State Bar No. 223484
*bhujwala@boucher.la*
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel: 818-340-5400 / Fax: 818-340-5401

David S. Markun, State Bar No. 108067
*dmarkun@mzclaw.com*
Mark A. Ozzello, State Bar No. 116595
*mozzello@mzclaw.com*
Ari Y. Basser, State Bar No. 272618
*abasser@mzclaw.com*
**MARKUN ZUSMAN FRENIERE
& COMPTON LLP**
17383 Sunset Boulevard, Suite A-380
Pacific Palisades, California 90272
Tel: 310-454-5900 / Fax: 310-454-5970

Paul R. Kiesel, State Bar No. 119854
*kiesel@kiesel.law*
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
Ashley M. Conlogue, State Bar No. 292083
*conlogue@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel: 310-854-4444 / Fax: 310-854-0812

Che' D. Williamson
[Admitted *Pro Hac Vice*]
*che@williamsonlegal.net*
**WILLIAMSON LAW FIRM, LLC**
12834 Willow Centre Dr., Suite E
Houston, Texas 77066
Tel: 281-586-2005 / Fax: 281-586-2045

*Attorneys for Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GAYLIA PICKLES and DONNA VANDIVER individually and on behalf of all others similarly situated<br><br>        Plaintiffs,<br><br>    v.<br><br>KATE SPADE AND COMPANY, a Delaware corporation; and DOES 1-50, inclusive,<br><br>        Defendant. | Case No. 3:15-CV-05329-VC<br><br>Hon. Judge Vince Chhabria<br><br>CLASS ACTION<br><br>**DECLARATION OF MARK A. OZZELLO IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date:  December 7, 2017<br>Time:  10:00 AM<br>Dept.:  Courtroom 4, 17th Floor<br><br>Complaint Filed: November 20, 2015<br>Trial Date: None Set |

**DECLARATION OF MARK A. OZZELLO IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION**

I, MARK A. OZZELLO, declare:

1. I have personal knowledge of the matters stated herein. If called as a witness, I could and would testify truthfully and competently thereto under oath.

2. I am an attorney at law, duly licensed to practice before all state and federal courts in the State of California. I am "Of Counsel" to Markun Zusman Freniere and Compton ("MZFC"). For 25 years I was a partner of Arias Ozzello & Gignac LLP. I am one of the attorneys with primary responsibility in this matter, and I am personally familiar with the matters stated herein. If called upon to testify, I could and would testify accordingly.

3. This Declaration is submitted in support of Plaintiffs' Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel.

4. In this matter, Plaintiffs request the certification of the Class and Subclasses which are defined in the Motion for Class Certification. The Class ("the Class") consists of the following:

**CALIFORNIA CLASS**
All consumers who purchased one or more Kate Spade Designed For Outlet handbags, wallets, or wristlets (bearing a Style ID that begins with one of the following letter sequences: WKRG, WKRU, WLRG, or WLRU) at a Kate Spade Outlet store in the State of California during the period November 15, 2011 through November 30, 2015 (the "California Class").

**TEXAS CLASS**
All consumers who purchased one or more Kate Spade Designed For Outlet handbags, wallets, or wristlets (bearing a Style ID that begins with one of the following letter sequences: WKRG, WKRU, WLRG, or WLRU) at a Kate Spade Outlet store in the State of Texas during the period November 15, 2011 through November 30, 2015 (the "Texas Class").

5. I am AV rated and the partners and associates of MZFC are accomplished trial attorneys. I have always been rated by Martindale-Hubbell as "Very High to Preeminent" with a "Very High Ethical Standard."

6. Myself and MZFC have significant experience in managing and litigating class

2

**DECLARATION OF MARK A. OZZELLO IN SUPPORT OF MOTION**
**FOR CLASS CERTIFICATION**

action matters wherein I and/or my firm has served as lead counsel, co-lead counsel or a member of an executive committee tasked with the role of organizing and coordinating with a large number of plaintiffs' counsel. This experience, combined with a history of outstanding results, has earned the respect of both plaintiffs' and defendants' counsel. My abilities, professionalism, and reliability have been repeatedly recognized by my co-counsel, defendants' counsel, and the courts.

7.    I have been engaged in the representation of plaintiffs in class action lawsuits in the telecommunications, insurance, employment, banking, securities, consumer fraud, antitrust, and toxic tort fields since 1988. Myself and the partners of MZFC have collectively been involved in the representation of plaintiffs in innumerable class action cases and we have been certified to act as Class Counsel in the Superior Court of the State of California, the United States District Court for the Central District of California, and federal district courts in various other jurisdictions throughout the country.

8.    Myself, my current firm and my predecessor firm have successfully prosecuted and obtained significant recoveries in numerous class action and "mass action" lawsuits. Some of those recoveries include:

- $83.5 million settlement on behalf of disabled residents requiring installation of curb ramps; *Fahmie, et al. v. City of Los Angeles* (Los Angeles Superior Ct.).

- $70 million settlement on behalf of cell phone users; *Demmick et al. v. Cellco Partnership, et al.* (D.C. N.J.)

- $49 million in cash equivalent calling cards recovered for failure to prorate monthly service fees charged to customers; *Rolnik, et al. v. AT&T Wireless Services, Inc., et al.* (New Jersey Superior Ct.).

- $42 million recovery for inadequately disclosed out-of-cycle billing policies; *Lozano v. AT&T Wireless Services, Inc.* (C.D.

3

**DECLARATION OF MARK A. OZZELLO IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION**

Cal.).

- $38 million recovery for inadequately disclosed service fees; *Sterns v. AT&T Mobility Corp.* (C.D. Cal.).

- $20 million in cash equivalent calling cards recovered for overcharges on long distance telephone calls erroneously carried by AT&T and improperly billed by Verizon California; *Roark, et al. v. GTE California Inc., et al.* (Santa Barbara Superior Ct.).

- $16 million recovery on behalf of a class of victims of fraud and negligent cemetery operations; *In re: Woodlawn Memorial Park Litigation* (Los Angeles Super. Ct.).

- $15 million recovery of unpaid overtime wages and meal break premiums for home healthcare workers; *Costa, et al. v. Vitas Healthcare Corporation of California* (Los Angeles Superior Ct.).

- $14 million Judgment entered against Cal-ISO after trial for unpaid overtime; *Hardie v. California Independent System Operator* (Los Angeles Superior Ct.).

- $10 million recovery on behalf of employees of ERISA violation related to 401(k) plans; *Gottlieb, et al. v. SBC Communications, et al.* (U.S. District Court, Central District of California).

- $10 million recovery of unpaid wages, break premiums, for the misclassification of Store Managers in *Mosse v. CVS Caremark Corp.* (Los Angeles Superior Ct.).

- $9 million recovery for victims of racial profiling harassment at an amusement park; *Armendarez v. Six Flags Magic Mountain* (Los Angeles Superior Ct.).

- $8.3 million recovery for class members in suit asserting

4

improper handling of decedents' remains; *In re: Paradise Memorial Park Litigation* (Los Angeles Superior Ct.).

- $8 million recovery of unpaid overtime wages and meal break premiums for fast food restaurant managers; *Elias, et al. v. El Pollo Loco, Inc.* (Los Angeles Superior Ct.).

9. I have successfully prosecuted appeals in class actions and obtained numerous published decisions, including the following:

- *Laliberte v. Pacific Mercantile Bank* (2007) 147 Cal.App.4th 1.
- *Ghazarian v. Diva Limousine, Ltd.* (2008) 160 Cal.App.4th 1524.
- *Gomez v. Lincare, Inc.* (2009) 173 Cal.App.4th 508.

10. MZFC has recently been or is pursuing class claims in the following wage and hour class actions, among others: *Bell v. Nodalseismic, LLC, et al.* (LASC Case No. BC490423); *Melara v. Securitas Security Services, USA, Inc.* (LASC Case No. BC448078); *O'Dowd v. Anthem Health Plans, Inc. et al.* (D. Colo., Case No. 1:14-cv-02787); *Wesson v. Staples, Inc. at al.* (LASC Case No. BC593889); *Odle v. Galpin Motors, Inc.*, (A.D.R. Services, Inc.); and, *Kress v. PricewaterhouseCoopers LLP* (U.S.D.C., Eastern District of California, Case No. Civ. S-08-0965 LKK/GGH).

11. Within the last five years, our firm has been class counsel in the following wage and hour class actions which have since resolved: *Tran* v. *Protiviti Corporation* (Los Angeles County Superior Court, class settlement); *Burakoff v. U.S. Bank Corp.* (Los Angeles Superior Court, class certified); *Moore v. Washington Mutual* (U.S.D.C., Central District of California, class settlement); *Chun-Hoon, et al.* v. *McKee Foods Corporation* (U.S.D.C., Northern District of California, class settlement) *Karim* v. *Bank of America* (U.S.D.C., Central District of California; class settlement) and *McNerney* v. *Piper Jaffray* (U.S.D.C., Northern District of California; class settlement); *Schmoekel* v. *VALIC* (U.S.D.C., Northern District of California; class settlement); *Moreno* v. *Guerrero Mexican Food Products, Inc.* (U.S.D.C. Central District of California; class settlement). Our firm and I were co-lead counsel in

**DECLARATION OF MARK A. OZZELLO IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION**

*Johnson* v. *Gruma* (JAMS class action) in which the class was certified and the case was tried to a JAMS arbitrator.

12.   MZFC has represented plaintiffs in a number of class actions alleging violations of the Fair Credit Reporting Act, including: *Phillips v. H&R Block* (U.S.D.C., Central District of California); *Phillips* v. *Ocean Bank* (U.S.D.C., District of Rhode Island); *Phillips* v. *Accredited* (U.S.D.C., Central District of California); *Holloway* v. *Countrywide* (U.S.D.C., Central District of California); *Fisher* v. *Finance America* (U.S.D.C., Central District of California); *Holloway* v. *Homefield Financial* (U.S.D.C., Central District of District of California); *Holloway* v. *Synergy* (U.S.D.C., Central District of California); *Miller* v. *Corestar Financial Group* (U.S.D.C., Eastern District of Pennsylvania); and *Luther* v. *Bar None* (U.S.D.C., Northern District of California).

13.   In addition to these matters MZFC also is representing or has represented consumers in cases involving allegations of illegal tape recording (*Kearney* v. *Salomon Smith Barney*) in which after adverse ruling in trial and intermediary appellate court, we successfully petitioned the Supreme Court of California to accept review and obtained a reversal by unanimous decision) (San Francisco County Superior Court); Coogan law violations (Phillips v. Bank of America (Los Angeles County Superior Court, which recently resulted in a favorable Court of Appeal decision)); antitrust matters (*Italian Colors Restaurant* v. *American Express Travel Related.*

14.   In this action, Plaintiffs are asserting the following claims against Defendant Kate Spade and Company:

1.   Violation of [CAL. BUS. & PROF. CODE § 17200 *et seq.*] (all three (3) prongs);
2.   Violation of California's False Advertising laws [CAL. BUS. & PROF. CODE § 17500 *et seq.*];
3.   Violation of the CLRA [CAL. CIV. CODE § 1750 *et seq.*]; and
4.   Violation of the Texas Deceptive Practices Act, TEX. BUS. & COMM. CODE § 17.46 *et seq.*]

15.   Plaintiffs Gaylia Pickles, Donna Vandiver and Laura Marks presently seek to

**DECLARATION OF MARK A. OZZELLO IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION**

certify the above claims on behalf of the Class defined above in paragraph 4.

16.    To my knowledge, there are no conflicts that exist which would impair the ability of each of these individuals to serve as representatives of the Class.

17.    I am unaware of any material factual differences between the status of the named plaintiffs and the status of any other members of the Class which would preclude certification.

18.    I believe that each representative fully understands and embraces their role as a representative of the Class, including their fiduciary obligation to act at all times in the best interest of the Class Members.  They have each assisted my office in the investigation of the claims asserted in the case. They have demonstrated their commitment to the prosecution of this action on behalf of the Class and have stated that they are each prepared to attend trial if called to do so.

19.    I am not aware of a more practical or economic alternative procedure, which might be used to adjudicate the liability and damage issues relating to the claims for relief asserted against Defendant Kate Spade in this action in a more efficient manner than through the class action device.

20.    MZFC is ready and able to commit the resources necessary to litigate this case through final judgment and the resolution of any and all appeals.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed by me on this 7th day of July, 2017, at Pacific Palisades, California.

_____

Mark A. Ozzello, Declarant

**DECLARATION OF MARK A. OZZELLO IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION**

# Exhibit 3

1  Paul R. Kiesel, State Bar No. 119854
   *kiesel@kiesel.law*
2  Jeffrey A. Koncius, State Bar No. 189803
   *koncius@kiesel.law*
3  Ashley M. Conlogue, State Bar No. 292083
   *conlogue@kiesel.law*
4  **KIESEL LAW LLP**
   8648 Wilshire Boulevard
5  Beverly Hills, California 90211-2910
   Tel:   310-854-4444
6  Fax:   310-854-0812

7  Attorneys for Plaintiffs Laura Marks,
   Gaylia Pickles, Donna Vandiver
8  and the putative California and Texas Classes

9

10                    **UNITED STATES DISTRICT COURT**

11        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

12

13  GAYLIA PICKLES & DONNA VANDIVER        Case No. 3:15-CV-05329-VC
    individually and on behalf of all others similarly
    situated,                              Judge: Hon. Vince Chhabria
14
                                           **CLASS ACTION**
15              Plaintiffs,
                                           **DECLARATION OF JEFFREY A.
16        v.                               KONCIUS IN SUPPORT OF
                                           PLAINTIFFS' MOTION FOR CLASS
17  KATE SPADE AND COMPANY, a Delaware     CERTIFICATION**
    corporation; and DOES 1-50, inclusive,
18                                         Date:      December 7, 2017
                Defendants.                Time:      10:00 A.M.
19                                         Crtrm.:    4, 17th Floor
                                                      San Francisco Courthouse
20

21                                         Action Filed: November 20, 2015
                                           Trial Date:   None Set
22

23

24

25

26

27

28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

---

DECLARATION OF JEFFREY KONCIUS IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## DECLARATION OF JEFFREY A. KONCIUS

I, Jeffrey A. Koncius, declare as follows:

1.     I am a partner in the law firm of Kiesel Law LLP, one of the attorneys of record for Laura Marks, Gaylia Pickles, and Donna Vandiver ("Plaintiffs") in the above-captioned putative class action case against Kate Spade and Company ("Kate Spade" or "Defendant"). I am an attorney duly admitted to practice before this Court and am a member in good standing of the State Bar of California.

2.     I am personally familiar with the facts set forth in this declaration. If called upon as a witness I could and would competently testify to the matters stated herein. I make this declaration in support of Plaintiffs' motion for class certification ("Motion.")

## REQUEST FOR APPOINTMENT AS CLASS COUNSEL

3.     Kiesel Law LLP ("Kiesel Law") associated into the case as co-counsel for Plaintiffs and the proposed class on May 10, 2017, and made their initial appearance on May 11, 2017. *See* Notice of Association of Counsel, ECF No. 84; Notice of Appearance of Paul R. Kiesel and Jeffrey A Koncius for Plaintiffs, ECF No. 85.  Since Kiesel Law's association into the case, our firm has worked together with co-counsel Markun Zusman Freniere & Compton LLP, Williamson Law Firm, LLC, and Boucher LLP, to vigorously and actively prosecute this action on behalf of Plaintiffs and the putative classes. Our firm has spent significant time and expended costs to investigate and help develop this case and prepare for class certification.  We independently investigated the underlying claims, have conducted analysis and research of legal issues relating to certification, reviewed Kate Spade's document productions, prepared Plaintiffs' supplemental discovery responses in connection with our co-counsel's extensive "meet and confer" efforts, subpoenaed the depositions of three third-party witnesses, prepared for and took the deposition of third-party witness Baesman, Inc., in Ohio, communicated with experts, and helped draft the Motion.

4.     If appointed by this Court as class counsel, my firm, together with co-counsel, will adequately, competently, and vigorously represent the interests of the proposed classes.

5.     I do not know of any actual or perceived conflicts of interest in Kiesel Law's representation of Plaintiffs or the putative class members. No person employed by Kiesel Law is

1

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  related to any of the Plaintiffs. The firm has not previously represented any of the Plaintiffs in prior

2  litigation, and does not currently represent any of the Plaintiffs in any other pending litigation.

3        6.     The law firm of Kiesel Law and its attorneys have significant experience prosecuting

4  complex class action litigation and mass action litigation on behalf of plaintiffs. Attached hereto as

5  Exhibit "A" is a true and correct copy of my firm's resume which includes information pertaining to

6  the predecessor firms of "Kiesel Boucher Larson LLP" and "Kiesel + Larson LLP." As set forth in

7  that Exhibit, my firm has a long history of being an advocate for plaintiffs and consumers in the

8  positions of lead, liaison or co-lead counsel in a variety of class actions, mass actions and individual

9  actions, both nationally and state-wide, including Judicial Council Coordinated Proceedings

10  ("JCCPs") in California state court, and multi-district litigation ("MDLs"). In addition, I personally

11  have been appointed class counsel in many cases both in Federal and State courts in California, New

12  York and New Jersey.

13        7.     As set forth in the attached resume, my firm has extensive experience prosecuting

14  complex consumer class actions in both State and Federal courts around the country.  Examples of the

15  firm's experience include:

16       •    *Clergy Cases I, II, & III*, California JCCPs 4286, 4297, and 4359: Litigated childhood

17            sexual abuse cases against the Los Angeles Archdiocese with the total settlement

18            exceeding $1.2 billion;

19       •    *Skeen v. BMW,* United States District Court, Case No. 2:13-cv-1531-WHW-CLW

20            (Dist. N.J.): Nationwide class action alleging defective timing chain tensioner in

21            certain turbo model MINI Cooper automobiles which resulted in engine damage. Class

22            settlement approved which provided for refunds to consumers, free repairs and an

23            extended warranty.

24       •    *In re: Warner Music Group Corp. Digital Downloads Litig.*, United States District

25            Court, Case No. CV 12-0559-RS (N.D. Cal.): Appointed interim co-lead class counsel

26            on a contested motion and litigated class case against major record label relating to the

27            manner in which the label paid royalties to artists for digital downloads. Final approval

28            of a class wide settlement of more than $11 million was granted;

2

DECLARATION OF JEFFREY KONCIUS IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

- *Nader v. Capital One Bank (U.S.A.), N.A.*, Case No. 12-CV-01265-DSF (C.D. Cal.); *Stone v. Howard Johnson International, Inc.*, Case No. 12-CV-1684-PSG (C.D. Cal.); *Greenberg v. E-Trade Financial Corporation*, Case No. BC360152 (Los Angeles Superior Court); *Mount v. Wells Fargo Home Mortgage, Inc.*, Case No. BC395959 (Los Angeles Superior Court); *Raymond v. Carsdirect.com*, Case No. BC256282 (Los Angeles Superior Court): Represented classes of California individuals, in both federal and state courts, whose calls were recorded without their knowledge or permission. All cases were favorably resolved on classwide bases and the firm was appointed as class counsel in each instance;

- *In re Facebook Internet Tracking Litig.*, United States District Court, Case No. 5:12-md-02314 (N.D. Cal.): Appointed to the steering committee for plaintiffs in a class action proceeding alleging the interception of Facebook users' internet communications and activity after logging out of Facebook;

- *In re: Avandia Marketing, Sales Practices and Product Liability Litig.*, Multidistrict Litigation 1871: The Plaintiffs' steering committee for this multi-district litigation selected Paul Kiesel to serve as lead counsel for the plaintiffs' steering committee in March 2011. This national litigation involved numerous federal lawsuits brought against defendant GlaxoSmithKline PLC, manufacturer of the onetime "blockbuster" type 2 diabetes drug Avandia. The firm now represents the County of Santa Clara in a claim for the return of all moneys used to purchase the drug;

- *Wright Hip System Cases*, California JCCP 4710: In November 2012, the firm was appointed liaison counsel in this coordinated proceeding involving injuries arising out of the defective design of metal-on-metal hip implants;

- *In re: Wright Medical Technology, Inc., Conserve Hip Implant Products Liability Litig.*, Multidistrict Litigation 2329: In May 2012, the firm was appointed co-lead counsel in this federal coordinated action arising out of injuries sustained as a result of implantation of defective metal-on-metal hip devices.

DECLARATION OF JEFFREY KONCIUS IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

- *Colin Higgins Prods., Ltd. v. Universal City Studios, LLC*, Los Angeles Superior Court, Case No. BC499180, and *Colin Higgins Prods., Ltd. v. Paramount Pictures Corp.*, Los Angeles Superior Court, Case No. BC499179: The firm was appointed class counsel in connection with class settlements of $26 million and $6.81 million, respectively, as to how Universal City Studios LLC and Paramount Pictures Corp. calculated profit participation relating to revenue derived from the sale of home videos and electronic sell-through of certain motion pictures.

8.     My firm has the resources, both financially and personnel-wise, to litigate this case on a classwide basis. The firm employs ten lawyers, and works with an eleventh senior attorney who is of counsel to the firm.  In addition to its team of attorneys, the firm employs several litigation assistants, paralegals, secretaries, and other support staff. The firm is highly committed to technology and has invested in complex litigation software tools that allows it to litigate a case of any size and scope. The firm's lawyers are also widely acknowledged by their peers as possessing the skills and resources to litigate class actions and other complex matters effectively and efficiently.

**REQUEST FOR APPOINTMENT OF PLAINTIFFS AS CLASS REPRESENTATIVES**

9.     Plaintiffs Laura Marks and Gaylia Pickles will be adequate and fair representatives of the proposed California class for the following reasons:

(a)     I am not aware of Plaintiffs having any antagonism or conflicts of interest with the proposed California class;

(b)     Plaintiffs' claims are identical to the claims of the proposed California class and arise from the same conduct by Kate Spade; and

(c)     It is my understanding that Plaintiffs have embraced their responsibilities as class representatives by actively participating in the case, including reviewing the operative complaints, obtaining updates on the case from counsel, responding to Kate Spade's written discovery, compiling and producing documents to counsel, preparing their declarations in support of this Motion, and agreeing to make themselves available for any necessary proceedings, including depositions, mediations or settlement conferences, and trial.

4

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

10.    Plaintiff Donna Vandiver will be an adequate and fair representative of the proposed Texas Class for the following reasons:

(a)    I am not aware of Plaintiff having any antagonism or conflicts of interest with the proposed Texas class;

(b)    Plaintiff's claims are identical to the claims of the proposed Texas class and arise from the same conduct by Kate Spade; and

(c)    It is my understanding that Plaintiff has embraced her responsibilities as class representative by actively participating in the case, including the operative complaints, obtaining updates on the case from counsel, responding to Kate Spade's written discovery, compiling and producing documents to counsel, preparing her declaration in support of this Motion, and agreeing to make herself available for any necessary proceedings, including depositions, mediations or settlement conferences, and trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of July, 2017, at Beverly Hills, California.

_____
Jeffrey A. Koncius

DECLARATION OF JEFFREY KONCIUS IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# EXHIBIT "A"



# Kiesel Law LLP

8648 Wilshire Boulevard
Beverly Hills, California 90211

Telephone:  (310) 854-4444
E-mail:  info@kiesel.law
Facsimile:  (310) 854-0812

www.kiesel-law.com

**Kiesel Law LLP** is one of the most accomplished consumer law firms in the United States.  KL successfully represents classes or groups of persons, individuals, businesses, and public and private entities in courts nationwide in the areas of personal injury, mass torts, pharmaceutical and medical device litigation, privacy, construction and product defects, toxic exposure, consumer protection, professional malpractice, financial fraud, insurance bad faith, and human rights. We possess the sophisticated skills and financial resources necessary to litigate and resolve large, complex cases on our clients' behalf.

KL and its predecessor firms have a long history of extensive litigation in complex matters.  KL has litigated and resolved some of the most important civil cases in the nation.  Our attorneys possess a diverse range of professional skills and come from a wide variety of backgrounds.

## A.   CASE PROFILES

### 1.   Mass Torts

***Clergy Cases I, II, & III***, California JCCPs 4286, 4297, and 4359.  In 2002, the state of California passed a law that opened a one-year window of time to file civil suits based on claims of sexual abuse of a minor that would otherwise have been time-barred as of January 1, 2003.  That year, in the wake of the very public Clergy sexual abuse scandal involving Boston's Archdiocese, many hundreds of survivors came forward to file civil suits based on these revived claims.  These survivors alleged that the Church was liable for the molestations because, among other things, it (1) knew or had reason to know that the priests were molesting minors, and yet failed to supervise the priests to ensure that the priests would not molest again; (2) concealed facts relating to the priests' molestations; and (3) harbored, aided, and concealed the priests to avoid arrest and prosecution.

KL led the fight for justice and accountability in California against numerous corrupt Church entities on behalf of hundreds of these survivors, and was



Kiesel Law LLP
Page 2

appointed Liaison Counsel on behalf of hundreds more who filed revived claims against the Dioceses of Orange, Los Angeles, San Diego, and Fresno.

### Diocese of Orange

Ninety survivors of Clergy sexual abuse filed lawsuits against the Roman Catholic Diocese of Orange.  In December 2004, after nearly two years of intense negotiations, the firm helped to successfully settle all claims against the Roman Catholic Diocese of Orange ("Diocese of Orange") for $100 million.  One of the key terms of the settlement was a promise that the secret files of the Diocese of Orange would be made public.

### Archdiocese of Los Angeles

Five-hundred and eight survivors of clergy sexual abuse filed lawsuits against the Roman Catholic Archbishop of Los Angeles ("Archdiocese of Los Angeles"). KL was appointed Liaison Counsel on behalf of these individuals, all of whom were sexually abused as minors, and many of whom were abused by priests who were incardinated.

Over the course of five years and as a result of hard-fought discovery battles, the mountain of damning evidence in support of the plaintiffs' claims continued to grow.  For example, many of the accused priests had multiple victims because they were moved by their superiors from one parish to another as accusations arose.  The documents from priest-perpetrator files revealed that the Church had failed time and again to protect its most innocent and vulnerable parishioners from harm.

In July 2007, on the very eve of the first of more than a dozen scheduled trials, KL reached an agreement with the Roman Catholic Archbishop of Los Angeles ("Archdiocese of Los Angeles") to settle all cases against it for $660 million.  KL is well-regarded for having successfully negotiated this, the largest settlement with any diocese in the United States.  More importantly, KL never faltered in keeping its promise to ensure that the Archdiocese of Los Angeles kept one of the key terms of the settlement: that it make certain of its confidential files public to shed light on exactly what Church officials knew about the abuse accusations, and when they learned about them.

### Archdiocese of San Diego

One-hundred and forty-four survivors were sexually abused by Clergy members in the Roman Catholic Diocese of San Diego under lax supervision by the Church.  In September 2007, the Diocese agreed to pay nearly $200



Kiesel Law LLP
Page 3

million to these 144 survivors. This is the second-largest settlement by a Roman Catholic diocese nationwide since claims of sexual abuse by clergy members came to light in 2002.

*Chatsworth Metrolink Collision Cases*, Lead Case No. PC043703, Los Angeles Superior Court. On the afternoon of Friday, September 12, 2008, Metrolink Train 111 collided head-on with a Union Pacific freight train in the Chatsworth district of Los Angeles, resulting in twenty-four passenger deaths and numerous passenger injuries, many of them serious and permanent.

The family members of deceased passengers and most of the injured passengers filed suit against Metrolink and other defendants to recover through the California judicial system. KL represented passengers and family members in eleven of the cases, and in 2008 Paul Kiesel was selected and appointed Plaintiffs' Liaison Counsel in the coordinated proceedings. Working closely with other members of the Plaintiffs' Steering Committee and with counsel for the defendants, Mr. Kiesel successfully negotiated the recovery of $200 million for the plaintiffs, the maximum amount that the defendants could be required to pay under federal law.

*Federal Express Vehicle Collision Cases*, Judicial Council Coordination Proceeding No. 4788, Los Angeles Superior Court. Interim Lead and Liaison Counsel for Plaintiffs. On Thursday, April 10, 2014, a Federal Express truck driver towing two 28 foot-long freight trailers began to make a lane change from the southbound Interstate 5 number two lane into the number one southbound lane. However, the tractor and trailers did not stop and, instead, crossed over the rumble strip on the eastern edge of the southbound lanes, veered into and crashed through and across a 58' center median, crossed over the rumble strip on the western edge of the northbound lanes, entered into the northbound number one lane of I-5 where it struck a Nissan Altima automobile, continued into the number two northbound lane and, four seconds after beginning his original lane change, struck a northbound 2014 Setra bus. The impact was so massive that it forced the tractor trailer and the bus onto the shoulder where they caught fire and burned in an uncontrolled conflagration.

2.    <u>Privacy</u>

*In re: Pellicano Cases*, Lead Case No. BC316318 (Los Angeles Superior Court). Once a high-profile private investigator, Anthony Pellicano is currently serving a lengthy sentence in federal prison for unlawful wiretapping and racketeering. In 2008, KL was appointed Co-Lead Class Counsel in this



Kiesel Law LLP
Page 4

putative class action case arising from Mr. Pellicano's wiretapping in violation of California Penal Code Sections 630 *et seq.*

***Nader v. Capital One Bank (U.S.A.), N.A.*** (United States District Court – Central District of California), Case No. 12-CV-01265-DSF; ***Stone v. Howard Johnson International, Inc.*** (United States District Court – Central District of California), Case No. 12-CV-1684-PSG; ***Greenberg v. E-Trade Financial Corporation***, Case No. BC360152 (Los Angeles Superior Court); ***Mount v. Wells Fargo Home Mortgage, Inc.***, Case No. BC395959 (Los Angeles Superior Court); ***Raymond v. Carsdirect.com***, Case No. BC256282 (Los Angeles Superior Court). Businesses must provide the familiar admonition that telephone calls with consumers "may be recorded for quality assurance and training purposes" in order to comply with California law, which requires the consent of all parties to a telephone conversation before it may be recorded. Failure to comply with this requirement constitutes a serious personal privacy violation for which consumers may recover monetary damages. In these cases, KL represented classes of California individuals, in both federal and state court, whose calls were recorded without their knowledge or permission.

3.   **Construction Defect**

***In Re: Galvanized Steel Pipe Litigation***, Case No. BC174649 (Los Angeles Superior Court). As Class Counsel, KL prosecuted and settled claims made on behalf of thousands of named plaintiff and class member homeowners against the developer defendants and cross-defendants for defective plumbing in this complex suit involving nineteen separate individual and class action product liability cases. The actions resolved for more than $41 million.

***Silver v. Del Webb***, Nevada Case No. A437325. Paul Kiesel and Bill Larson were appointed Lead Counsel in this certified class construction defect suit to recover for the installation of faulty plumbing systems in approximately 3,000 new homes in Las Vegas. KL negotiated a resolution of the case for $21 million on the day before trial was to begin. At the time, this was the largest construction defect case in Nevada history.

4.   **Economic Injury Product Defects**

***In Re: Avandia Marketing, Sales Practices and Product Liability Litigation***. The Plaintiffs' Steering Committee for this multi-district litigation selected Paul Kiesel to serve as Lead Counsel for the Plaintiffs' Steering Committee in March 2011. This national litigation involves numerous federal lawsuits brought against defendant GlaxoSmithKline PLC, manufacturer of the



Kiesel Law LLP
Page 5

onetime "blockbuster" type 2 diabetes drug Avandia, which has been pulled from the shelves in Europe, India, and New Zealand, and which is only available in the United States as a drug of last resort.  KL represents the County of Santa Clara in a claim for the return of all moneys used to purchase this toxic drug.

*In re: Rio Hair Naturalizer Products Liability Litigation*, MDL 1055 (E.D. MI). In 1995, Paul Kiesel was appointed Co-Lead Counsel in multi-district litigation arising from a defective hair straightening product that injured over 50,000 plaintiffs.  The matter resolved successfully as a limited fund, non-opt-out class action.

*In re: Packard Bell Consumer Certified Class Action Litigation*, Case No. BC125671 (Los Angeles County Superior Court).  In 1995, Paul Kiesel was a member of the Plaintiffs' Steering Committee in this consumer class action involving product defect claims, which resolved successfully.

*Mikhail v. Toshiba America Inc.*, Case No. BC278163 (Los Angeles Superior Court); *Kan v. Toshiba, Inc.*, Case No. BC327273 (Los Angeles Superior Court). KL was appointed Lead Counsel in these class actions brought to recover for the distribution of faulty computers.  The cases resolved with class members eligible to receive up to $36 million (*Kan*) and $50 million (*Mikhail*).

*Anderson v. Toshiba America*, Case No. BC299977 (Los Angeles Superior Court).  In 2003, KL was counsel for the plaintiffs in a class action alleging product defects, which resolved successfully.

5.    **Personal Injury Product Defects**

*Wright Hip System Cases*, California JCCP 4710. In November, 2012, KL was appointed Liaison Counsel in this coordinated proceeding involving injuries arising out of the defective design of metal-on-metal hip implants.

*In Re: Wright Medical Technology, Inc., Conserve Hip Implant Products Liability Litigation*, Multidistrict Litigation 2329. In May 2012, KL was appointed Co-Lead Counsel in this federal coordinated action arising out of injuries sustained as a result of implantation of defective metal-on-metal hip devices.

*Yaz, Yasmin and Ocella Contraceptive Cases*, California JCCP 4608.  KL was appointed Co-Liaison Counsel in this litigation arising out of injuries and deaths that occurred following the ingestion of oral contraceptives.



Kiesel Law LLP
Page 6

*In Re: Toyota Motor Corp. Hybrid Brake Marketing, Sales Practices, and Products*, Federal Multidistrict Litigation 2172.  KL was appointed Liaison Counsel in this case involving defective automotive brakes.

*Serrano v. City of Los Angeles*, Case No. BC144230, Los Angeles County Superior Court.  Paul Kiesel was appointed Lead Counsel in this multi-fatality product liability litigation which led to an $8.2 million settlement.

*In Re: Diet Drug Litigation*, California JCCP 4032.  In 2003, KL served as the Plaintiffs' Lead Counsel in this action involving claims arising out of use of the diet drug Phen-Fen, which settled confidentially.

*Algario et al. v. Eli Lilly and Company et al.*, Lead Case No. BC347855, Los Angeles Superior Court.  In 2006, KL was appointed Lead Counsel in this class action to recover for injuries resulting from ingestion of the medication Zyprexa.  The case settled favorably.

*In Re: Vioxx Cases*, California JCCP 4247.  In 2007, KL served on the Plaintiffs' Executive Committee for this California JCCP which involved claims arising out of the use of the drug Vioxx.

6.   **Unfair Employment Practices**

*In Re: The Securitas Security Services*, California JCCP 4460.  KL represented the plaintiffs in this class action to recover for violations of California labor laws, which resolved successfully.

7.   **Toxic Exposure**

*In Re: Unocal Refinery Litigation*, Case No. C94-0414.  Paul Kiesel served as a member of the Direct Action Steering Committee and as Chair of the Allocation Committee in this case involving the toxic contamination of several communities.  Mr. Kiesel developed a methodology and plan of allocation for an $80 million settlement on behalf of approximately 1,500 plaintiffs.

*Zachary, et al. v. Arco, et al.*, Case No. BC 209944 (Los Angeles County Superior Court).  Paul Kiesel was appointed Lead Counsel in this mass toxic tort case resulting from a ruptured oil pipeline.  The case resolved successfully.

*Tosco Refinery Fire*, Lead Case No. NC028924 (Los Angeles Superior Court). KL was appointed Lead Counsel in the Tosco Refinery Fire mass toxic tort litigation, in which thousands of people were affected as a result of an



Kiesel Law LLP
Page 7

explosion and blaze at the Tosco refinery facility in Wilmington, California. The toxic plume caused by this massive fire affected over three thousand people. The matter settled with all defendants on July 1, 2005.

8.   **Consumer Protection**

*Pilkington v. U.S. Search.com*, Case No. BC234858 (Los Angeles Superior Court).  In 2000, Paul Kiesel was appointed Lead Counsel in this matter involving a technically flawed online search facility which purported to provide adoptees and their biological parents with information about one another upon demand.

*Black v. Blue Cross of America*, Case No. BC250339 (Los Angeles Superior Court).  KL was co-counsel in this class action against the largest health care service plan in California for improper mid-year contract modifications.  KL prosecuted and settled claims made on behalf of the named plaintiff and class members.  Following a finding of liability against the insurer for breach of contract and breach of the covenant of good faith and fair dealing, KL successfully reached agreement to settle all claims for $25 million.  The terms of the settlement called for a reimbursement of 100 percent of the actual damages to nearly 66,000 overpaying subscribers.

*Draucker Development and True Communication, Inc. v. Yahoo!, Inc.*, Case No. CV06-2737 JFW (Rcx) (C.D. Cal.).  KL was a member of the Plaintiffs' Steering Committee in this matter in which advertisers sought to recover from an online search engine for breach of contract and unfair business practices.

*In re Carrier IQ, Inc. Consumer Privacy Litigation*, Case No. 3:12-md-2330 (N.D. Cal). KL is a member of the Plaintiffs' Executive Committee in this class action involving alleged interception and manipulation of consumers' personal communications on smart phones.

*In re Facebook Internet Tracking Litigation*, Case No. 5:12-md-02314 (N.D. Cal.) KL serves as Liaison Counsel for Plaintiffs in this proceeding alleging the interception of Facebook users' internet communications and activity after logging out of Facebook.

9.   **Antitrust**

*In re: Wholesale Electricity Antitrust Cases I & II*, California JCCP 4204-00005 and 4204-00006.  In 2000, Paul Kiesel was a member of the Plaintiffs' Steering Committee in this litigation which the plaintiffs sought to recover damages from energy traders for unfair business practices.



Kiesel Law LLP
Page 8

10. **Financial Misconduct**

*In re: Transient Occupancy Tax Cases*, California JCCP 4472.  In 2004, KL acted as Co-Lead Counsel representing the City of Los Angeles in a class action on behalf of all cities in the state of California to recover unremitted occupancy taxes from certain online travel companies.

*American Medical Association, et al. v. Wellpoint, Inc.*, MDL 09-2074 (C.D. Cal.).  In 2009, KL was appointed Co-Lead Counsel in this multi-district litigation in which physicians and physician groups seek to recover payments for treatment that they provided to certain of their medical patients.

*Murray v. Belka - "First Pension"*, California JCCP 3131.  KL joined forces with Aguirre & Meyer to take on a corrupt pension plan administrator, one of the nation's largest law firms, and the world's largest accounting firm to achieve settlements in providing full restitution for 340 mostly elderly consumers who had lost their life savings to a Ponzi scheme.  In July 2000 after a six month trial, the jury found the accounting firm liable for fraud, misrepresentation, aiding and abetting a fraud, and concealment, and issued eighteen findings supporting punitive damages.  PWC subsequently settled for a confidential amount which made the investors whole.

*In re: Hilton Hotels Corporation Shareholder Litigation*, Case No. BC373765 (Los Angeles Superior Court).  In 2007, KL was appointed Co-Lead Counsel in this class action in which Hilton shareholders sought to block a proposed merger with the Blackstone Group.

11. **Insurance Bad Faith**

*In re: Northridge Earthquake Litigation*, Lead Case No. BC265082 (Los Angeles Superior Court).  In 2002, KL served as Plaintiffs' Liaison Counsel in suits against State Farm Insurance, 21st Century Insurance, Farmers Insurance, and the USAA Insurance Company.

B.    **FIRM BIOGRAPHY**

1. **Partners**

**PAUL R. KIESEL,** admitted to practice in California, 1985; admitted to practice before the United States Supreme Court; United States District Court, Central District of California; United States District Court, Northern District of California; Southern District of California; United States District Court, Eastern District of California.  *Education.*  Connecticut College, B.A. 1982; Whittier



Kiesel Law LLP
Page 9

College School of Law, J.D. 1985, Honorary Doctor of Law 2005. *Awards and Honors*. California Judicial Council 2014 Distinguished Service Award—Stanley Mosk Defender Of Justice Award; 2014 State Bar President's Access to Justice Award; 2014 Daily Journal Top 100 Attorneys in California; Chief Justice Award for Exemplary Service and Leadership, 2012; Named one of the Twelve Techiest Lawyers in America, ABA Journal, 2012; Access to Justice Award Lawyers' Club of San Francisco, 2012. Named one of 500 Leading Lawyers in America, Lawdragon, 2009-2011; AV Peer Review Rated, Martindale-Hubbell; Named one of the one hundred most influential attorneys in California by the California Business Journal; Named one of the top fifty trial lawyers in Los Angeles by the Los Angeles Business Journal. *Publications and Presentations*. Co-author, Matthew Bender Practice Guide: California Pretrial Civil Procedure (treatise); Co-author, Matthew Bender Practice Guide: California Civil Discovery (treatise); frequent presenter for continuing legal education programs; frequent speaker and writer on subjects related to technology in the practice of law. *Member*. California State Bar Association; Appointed by California Supreme Court Chief Justice Ronald George to the California Judicial Council Civil and Small Claims Advisory Committee; Executive Committee, President-Elect, Los Angeles County Bar Association; Co-Chair, California Open Courts Coalition; Board of Governors, Association of Business Trial Lawyers, 2001-2005; Emeritus Member of the Board of Governors, Consumer Attorneys of California; Emeritus Member of the Board of Governors, Consumer Attorneys Association of Los Angeles.

**HELEN E. ZUKIN**, admitted to practice in California, 1985; admitted to practice before the United States Supreme Court; United States District Court, Central District of California; United States District Court, Northern District of California; Southern District of California; United States District Court, Eastern District of California. *Education*: University of California at Santa Cruz, B.A., 1980; Loyola Law School, J.D. 1985. *Employment*. Greene, O'Reilly, Agnew & Broillet, 1985-1990; Simke, Chodos, Silberfeld & Anteau, 1990-95; Special Indoor Air Quality Counsel, Carrier Corporation, Syracuse, New York, 1991-98; Law Offices of Helen E. Zukin, 1995-2007; Kiesel Law, 2007-present. *Member*. Los Angeles County Superior Court Committee on Cost Reduction and Judicial Efficiency in Civil Operations, Member, 2012, Federal Magistrate Judge Merit Selection Panel, 2011-present, Los Angeles County Bar Association Judicial Appointments Committee, Vice-Chair, 2011-present, The Chancery Club, Member, 2011-present, Los Angeles Ethics Commission, President, 2008-2011, Vice President, 2007-2008, Commissioner, 2007-2007, Temporary Judges Program Los Angeles Superior Court, Participant, 2005-present, Commission on Judicial Nominees Evaluation (JNE) of the State Bar



Kiesel Law LLP
Page 10

of California, Chair, 1998-99, Vice-Chair, 1997-98, Review Committee Chair, 2004-05, Annual Lecturer, 1999–present, Member, 1995-99, 2002-04; Chancery Club, Los Angeles County Bar Association; Executive Committee, Litigation Section, Los Angeles County Bar Association; Board Member Emeritus, Consumer Attorneys Association of Los Angeles; Board of Governors, Consumer Attorneys Association of Los Angeles; Consumer Attorneys of California; American Association for Justice; Women Lawyers Association of Los Angeles.   *Awards & Honors.*   City of Los Angeles City Council Commendation for Service to the Los Angeles City Ethics Commission; Commendation, Consumer Attorneys Association of Los Angeles, 2002; President's Award for Outstanding Contribution to the Association; Consumer Attorneys Association of Los Angeles, 2000.   *Publications.*   Editor in Chief, *Indoor Air Pollution Law Report* (1991-94); *How to Identify a Good Toxic Tort Case*, Consumer Attorneys Association of Los Angeles, 1997; Editor, Indoor Air Quality Handbook for Building Owners and Operators, Carrier Corporation, March 1997; *Proving Causation in a Toxic Tort Case*, Consumer Attorneys Association of Los Angeles, 1996; *How to Avoid Becoming a Target Defendant in an Indoor Air Quality Case*, American Society of Heating and Refrigerating Engineers Annual Journal, April 1992; *Legal Ramifications of Indoor Air Pollution*, University of Tulsa Environmental Journal, May 1992; *The Use of Experts in an Indoor Air Quality Case*, Indoor Air Pollution Law Report, March 1992; *What Is a Sick Building Syndrome Case?*, The Advocate, February 1992; *How to Prove a Sick Building Syndrome Case*, Indoor Air Pollution Law Report, December 1992; *Emerging Issues in Toxic Tort Cases*, Environmental Law Reporter, November 1990.   *Presentations.*   American Institute of Architecture; American Society of Heating and Refrigerating Engineers; Building Owners & Managers Association; Consumer Attorneys Association of Los Angeles; Continuing Education of the California State Bar; The Rutter Group; Mealey's Legal Publications; University of Tulsa Annual Environmental Symposium.   *Community Service.*   Los Angeles City Ethics Commission, President, 2008-11, Vice President, 2007-08, Commissioner, 2006-07; Temporary Judges Program, Los Angeles Superior Court, 2005-09; Environmental Protection Agency/Santa Susan Field Laboratory Task Force, 1990-97; Board of Directors, The Buckley School; Board of Trustees, California Historical Society; Chair, Board of Directors, The Brandeis-Bardin Institute.

**STEVEN D. ARCHER**, admitted to practice in California, 1975; United States Supreme Court, 1980; United States District Court, Central District of California, 1975; United States District Court, Eastern District of California; United States District Court, Southern District of California; United States District Court, Northern District of California; United States District Court, Eastern District of Pennsylvania; United States Court of Appeals, Ninth Circuit;



Kiesel Law LLP
Page 11

United States Court of Federal Claims. *Education.* University of California at Los Angeles, B.A. in American History, Dean's List, 1970; Loyola Law School, Los Angeles, J.D., Dean's Honor List, 1974. *Employment.* Silber, Benezra & Taslitz, 1973-78; Belli & Choulos / Belli, Sayre, Archer & Sabih, Associate, Partner, 1978-82; Simke, Chodos, Silberfeld & Soll, Inc. / Simke, Chodos, Silberfeld & Anteau, Inc., Associate, Partner, 1982-95; Robins, Kaplan, Miller & Ciresi L.L.P., Partner, 1995-2010; Kiesel Law LLP, Partner, 2010-present. *Awards & Honors.* AV Peer Review Rated, Martindale-Hubbell; Super Lawyer, Law & Politics, 2006-present; Humanitarian Award, American Civil Liberties Union of Southern California, 2008; Advocate of the Year, Public Counsel, 2009; Nominee, Consumer Lawyer of the Year, Consumer Attorneys of California, 2009. *Publications. Update: Increased Concern over Mounting Numbers of Reported Deaths and Serious Injuries Prompt the FDA to Order Testing of Medical Devices Containing Heparin*, June 13, 2008; *Consumer Alert: Digitek Heart Failure Medications Recalled - A Serious Risk of Injury or Death to the Patient*, May 21, 2008; *Federal Judge Approves Settlement Over Baxter Infusion Pumps*, July 13, 2006; *Consumer Alert: Bausch & Lomb's Renu with MoistureLoc Soft Contact Lens Solution Recalled*, April 26, 2006; *The Dangers of the "Usual Stipulation" in Deposition Practice*, Los Angeles County Bar Association New Lawyers Manual, Fall 2005; *Consumer Alert: F.D.A. Orders Class 1 Recall of Baxter International's Colleague Volumetric Infusion Pumps*, July 13, 2006; *Consumer Alert: Guidant Ancure Endograft System Abdominal Aortic Stents*, September 2003; *Consumer Alert: St. Gobain Prozyr Zirconia Ceramic Coated Femoral Head Hip Implant Components*, February 2002; *A Practical Guide to Code of Civil Procedure Section 2032 - Taking Control of Defense Medical Examinations*, The Advocate, September 2000; *Trying the Soft Tissue Damages Case in California*, The National Business Institute, October 1995 (co-authored); Auto Accident Manual, Los Angeles Trial Lawyers Association, March 1985 (contributing author); *Using Thermograms to Argue Soft Tissue Damages*, Trial Magazine, February 1983. *Presentations.* Using Tort Law to Effect Social Change, Pepperdine University School of Law, November 17, 2009; Getting the Most Out of Discovery: Parts I and II, State Bar of California Continuing Education of the Bar, July 13, 2009, August 3, 2009; Discovery - Planning, Strategy and Dealing with Abusive Discovery Tactics, State Bar of California Continuing Education of the Bar, July 25, 2008; The Art of Advocacy: Tailoring the Message - Storytelling and Framing (moderator), American Association for Justice, July 14, 2008; Mock Mediation: Strategies for Successful Mediation of the Toxic Tort Case, ABA Tort Trial and Insurance Practice Section, April 12, 2008. *Member.* State Bar of California; American Association of Justice; Public Justice; Consumer Attorneys of California, Consumer Attorneys Association of Los Angeles; Los Angeles County Bar Association. *Community Service.* Pending Legislation



Sub-Committee, Consumer Attorneys of California; Past Vice-Chair, Member, Client Relations Committee, Los Angeles County Bar Association; Los Angeles County Bar Association Lawyer Referral and Information Service (past member); Dependency Court Tort Committee, Los Angeles Juvenile Court (past member); Advisory Board, Loyola Law School Center for Conflict Resolution; Board of Directors, Public Counsel; Board of Directors, Los Angeles Conservancy (past member); Member Development Committee, Los Angeles Conservancy (past member); Legal Committee, Los Angeles Conservancy (past member); Board of Directors, Mt. Olympus Property Owners' Association (past member); Legal Counsel to the Board of Directors, Mt. Olympus Property Owners' Association.

**JEFFREY A. KONCIUS**, Admitted to practice in California, 1997; New Jersey, 1995; New York, 1997; admitted to practice before the United States District Court, Central District of California; United States District Court, Southern District of California; United States District Court, Northern District of California; United States District Court, Eastern District of California; United States District Court, District of New Jersey; United States District Court, Eastern District of New York; United States District Court, Southern District of New York; United States Court of Appeals for the Ninth Circuit. *Education.* Johns Hopkins University, B.A., 1989; Benjamin N. Cardozo School of Law, J.D., 1995. *Reported Decisions. Spielman v. Ex'pression Center for New Media*, 191 Cal. App. 4th 420 (2010); *Loeffler v. Target Corp.*, 58 Cal. 4th 1081 (2014); *Pioneer Electronics (USA) Inc. v. Superior Court*, 40 Cal. 4th 360 (2007); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683 (9th Cir. 2005); *Morohoshi v. Pacific Home*, 34 Cal. 4th 482 (2004); *Bird, Marella, Boxer & Wolpert v. Superior Court*, 106 Cal. App. 4th 419 (2003). *Awards and Honors.* Supervising Editor, Cardozo Law Review, 1994-95. *Employment.* Cohn Lifland Pearlman Herrmann & Knopf, 1995-97; Law Office of Joseph J.M. Lange, 1997-2000; Lange & Koncius, LLP, 2000-11; Kiesel Law LLP, 2011-present. *Member.* Board of Governors, Association of Business Trial Lawyers (Los Angeles); California State Bar Association; New York State Bar Association; New Jersey State Bar Association; American Association for Justice; Consumer Attorneys Association of Los Angeles; Los Angeles County Bar Association; Public Justice Foundation. *Additional.* Past entrepreneur.

2.   <u>Associates</u>

**MARIANA ARODITIS,** admitted to practice in California, 2010; admitted to practice before the United States District Court, Central District of California; United States District Court, Southern District of California; United States District Court, Northern District of California; United States District Court,



Eastern District of California; *Education.* Pepperdine University, B.A., 2007; Southwestern Law School, J.D., *cum laude*, 2010; *Awards and Honors.* Paul Wildman Merit Scholarship, 2007-2010; Dean's Merit Scholarship, 2008-2010; Dean's List, 2008-2010; Super Lawyers Rising Star, 2015; *Employment.* Judicial Extern for the Honorable S. James Otero, 2007; Girardi & Keese, 2008-2013. *Member.* Los Angeles County Bar Association, Barristers Section Executive Committee Member, 2012-Present, Barristers Vice President, 2015-16; Consumer Attorneys of California, Board of Governors; Consumer Attorneys Association of Los Angeles. *Community Service.* Junior League of Los Angeles.

**CHERISSE HEIDI A. CLEOFE**, admitted to practice in California, 2013, U.S. District Court, Central District of California, 2013. *Education.* University of California, San Diego, B.S. in Management Science, 2003, University of San Francisco School of Law, J.D., 2012. *Employment.* Practice Development Coordinator for JAMS, 2012-2013; Frank C. Newman Intern for the University of San Francisco International Human Rights Clinic, 2012; Law Clerk for Law Offices of Waukeen McCoy, 2011; Acción Política y Redes Legal Research Intern for ALBOAN. *Awards and Honors*: University of San Francisco Student Bar Association Award, 2012; Zeif Award Scholarship Recipient, 2011; Blum Fund Scholarship Recipient, 2009. *Member.* State Bar of California, American Bar Association, Los Angeles County Bar Association, Orange County Bar Association, Philippine American Bar Association. Community Service: Volunteer Attorney at Legal Aid Society of Orange County, 2013 -2014; Volunteer Attorney at Filipino Migrant Center and the Marian Outreach Center Community Legal Clinic, 2013.

**ASHLEY M. CONLOGUE**, admitted to practice in California, 2013, the U.S. District Court, Central District of California, 2013 and the U.S. District Court, Northern District of California, 2015. *EDUCATION*: University of California, Los Angeles (UCLA), B.A. in Psychology, *cum laude,* 2010; Loyola Law School Los Angeles, J.D., 2013. While in law school, Ms. Conlogue served as a Research Editor of the Entertainment Law Review. Ms. Conlogue also clerked with the California Attorney General's Office, Natural Resources Department, the Major Crimes Division of the Los Angeles District Attorney's Office, and the Santa Monica City Attorney's Office, Civil Liability Division. *AWARDS AND HONORS*: Academic Merit Scholarship, 2010-2013, Dean's List 2006-2010. *EXPERIENCE*: Ashley's current practice focuses on consumer class actions, mass tort litigation, catastrophic personal injury, and other complex litigation in federal and state court. Prior to joining Kiesel Law, Ashley specialized in complex business, real-estate, securities fraud, and hospitality litigation in both federal and state court, as well as the California



Kiesel Law LLP
Page 14

Court of Appeals. *MEMBERSHIP*: State Bar of California, Beverly Hills Bar Association, Consumer Attorneys Association of Los Angeles, and Association of Business Trial Lawyers (Los Angeles).

**MELANIE MENESES PALMER**, admitted to practice in California, 2012, U.S. District Court, Northern District of California, 2012. *Education*. University of San Francisco, B.A. in Psychology, 2009; University of San Francisco School of Law, J.D., 2012. *Experience*. Deputy City Attorney for the City of Los Angeles, 2013-2014; Certified Clerk, Child Advocacy Clinic for the University of San Francisco School of Law, 2011-2012; Certified Clerk, Children's Law Center Los Angeles, 2011; Criminal Defense Extern, Law Office of Jonah Chew, 2010; Juvenile Rights Intern, Legal Aid of Cambodia, 2010. *Awards and Honors*: Grant from the University of San Francisco Public Interest Law Foundation, 2011. *Member*. State Bar of California, American Bar Association, Los Angeles County Bar Association, Philippine American Bar Association, Beverly Hills Bar Association, Consumer Attorneys Association of Los Angeles. Community Service: Board Member, Search to Involve Pilipino Americans, 2014; Americorps VISTA, Los Angeles County Community Development Commission, 2009-2010.

**NICOLE RAMIREZ** joined Kiesel Law LLP in 2016, where her practice focuses on consumer class actions, mass tort litigation, catastrophic personal injury, and other complex litigation in federal and state court. Prior to joining Kiesel Law, Ms. Ramirez represented clients in the area of general liability at a national law firm. During law school, Ms. Ramirez externed for the Honorable Valerie Baker Fairbank of the U.S. District Court, Central District and clerked for the Los Angeles County District Attorneys' Office. Ms. Ramirez earned her B.A. in both Psychology and Spanish from Pepperdine University and her J.D. from Loyola Law School. While in law school, Ms. Ramirez was a member of the Loyola of Los Angeles Law Review. Ms. Ramirez is licensed to practice before all courts of the State of California as well as the United States District Courts of the Central District, Southern District, Northern District and Eastern District. Ms. Ramirez has been an active member of the State Bar of California since 2011. Ms. Ramirez is also an active volunteer for Court Appointed Special Advocates, where she advocates for foster youth in the judicial system.

# Exhibit 4

Raymond P. Boucher, State Bar No. 115364
  *ray@boucher.la*
Shehnaz M. Bhujwala, State Bar No. 223484
  *bhujwala@boucher.la*
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel:818-340-5400 / Fax: 818-340-5401

David S. Markun, State Bar No. 108067
*dmarkun@mzclaw.com*
Mark A. Ozzello, State Bar No. 116595
*mozzello@mzclaw.com*
Ari Y. Basser, State Bar No. 272618
*abasser@mzclaw.com*
**MARKUN ZUSMAN FRENIERE
& COMPTON LLP**
17383 Sunset Boulevard, Suite A-380
Pacific Palisades, California 90272
Tel: 310-454-5900 /Fax: 310-454-5970

Paul R. Kiesel, State Bar No. 119854
*kiesel@kiesel.law*
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
Ashley M. Conlogue, State Bar No. 292083
*conlogue@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel: 310-854-4444 /Fax: 310-854-0812

Che' D. Williamson
[Admitted *Pro Hac Vice*]
*che@williamsonlegal.net*
**WILLIAMSON LAW FIRM, LLC**
12834 Willow Centre Dr.
Suite E
Houston, Texas 77066
Tel: 281-586-2005 /Fax:281-586-2045

*Attorneys for Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GAYLIA PICKLES and DONNA VANDIVER individually and on behalf of all others similarly situated<br><br>                Plaintiffs,<br><br>   v.<br><br>KATE SPADE AND COMPANY, a Delaware corporation; and DOES 1-50, inclusive,<br><br>              Defendant. | Case No. 3:15-CV-05329-VC<br><br>*Hon. Judge Vince Chhabria*<br><br>CLASS ACTION<br><br>**DECLARATION OF CHE D. WILLIAMSON IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Filed Concurrently with:<br>(a) Motion for Class Certification, Memorandum of Points and Authorities<br>(b) Compendium of Expert Reports; and<br>(c) Compendium of Exhibits (including Deposition Testimony)<br><br>Date:  December 7, 2017<br>Time:  10:00 AM<br>Dept.: Courtroom 4, 4th Floor |

1

I, CHE D. WILLIAMSON, declare:

1.      I have personal knowledge of the matters stated herein.  If called as a witness, I could and would testify truthfully and competently thereto under oath.

2.      I am an attorney at law, duly licensed to practice before all state and federal courts in the State of Texas.  I am the owner and principle partner in the Williamson Law Firm, P.C. for the past two and a half years.  For 22 years I was a partner with Timothy P. Herron, practicing civil litigation in multiple states.  I am one of the attorneys with primary responsibility in this matter, and I am personally familiar with the matters stated herein.  If called upon to testify, I could and would testify accordingly.

3.      This Declaration is submitted in support of Plaintiffs' Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel.

4.      In this matter, Plaintiffs request the certification of the Class and Subclasses which are defined in the Motion for Class Certification.  The Class ("the Class") consists of the following:

**CALIFORNIA CLASS**
     All consumers who purchased one or more Kate Spade Designed For Outlet handbags, wallets, or wristlets (bearing a Style ID that begins with one of the following letter sequences: WKRG, WKRU, WLRG, or WLRU) at a Kate Spade Outlet store in the State of California during the period November 15, 2011 through November 30, 2015 (the "California Class").

**TEXAS CLASS**
     All consumers who purchased one or more Kate Spade Designed For Outlet handbags, wallets, or wristlets (bearing a Style ID that begins with one of the following letter sequences: WKRG, WKRU, WLRG, or WLRU) at a Kate Spade Outlet store in the State of Texas during the period November 15, 2011 through November 30, 2015 (the "Texas Class").

5.      I have been involved in class actions as Texas counsel for the past 15 years. I am board certified in Texas Civil Trial Litigation. I was involved in the *MDL Prempro* litigation and sat on the governing board of the Plaintiffs Steering committee as well as being

2

associated counsel in the *American Express Co. v. Italian Colors Restaurant.*

6.    I have worked with the law firm MZFC on other class actions involving *Countrywide Mortgage* which also included claims of fraud and deceptive trade practices. MZFC and myself have significant experience in managing and litigating class action matters wherein I and/or my firm have served as lead counsel, co-lead counsel or a member of an executive committee tasked with the role of organizing and coordinating with a large number of plaintiffs' counsel. This experience, combined with a history of outstanding results, has earned the respect of both plaintiffs' and defendants' counsel. My abilities, professionalism, and reliability have been repeatedly recognized by my co-counsel, defendants' counsel, and the courts.

7.    I have been engaged in the representation of plaintiffs in class action lawsuits in the telecommunications, insurance, employment, banking, securities, consumer fraud, antitrust, and toxic tort fields since 1989.

8.    I have associated in the past and worked with MZFC in representing plaintiffs in a number of class actions alleging violations of the Fair Credit Reporting Act, including:; *Holloway* v. *Countrywide* (U.S.D.C., Central District of California); *Fisher* v. *Finance America* (U.S.D.C., Central District of California); *Holloway* v. *Homefield Financial* (U.S.D.C., Central District of District of California); and *Holloway* v. *Synergy* (U.S.D.C., Central District of California);

9.    In this action, Plaintiffs are asserting the following claims against Defendant Kate Spade and Company:

      1.    Violation of [CAL. BUS. & PROF. CODE § 17200 *et seq.*] (all three (3) prongs);

      2.    Violation of California's False Advertising laws [CAL. BUS. & PROF. CODE § 17500 *et seq.*];

      3.    Violation of the CLRA [CAL. CIV. CODE § 1750 *et seq.*]; and

      4.    Violation of the Texas Deceptive Practices Act, TEX. BUS. & COMM. CODE § 17.46 *et seq.*]

15.    Plaintiffs Gaylia Pickles, Donna Vandiver and Laura Marks presently seek to

**DECLARATION OF CHE' D. WILLIAMSON IN SUPPORT OF MOTION
FOR CLASS CERTIFICATION**

certify the above claims on behalf of the Class defined above in paragraph 4.

16.     To my knowledge, there are no conflicts that exist which would impair the ability of each of these individuals to serve as representatives of the Class.

17.     I am unaware of any material factual differences between the status of the named plaintiffs and the status of any other members of the Class which would preclude certification.

18.     I believe that each representative fully understands and embraces their role as a representative of the Class, including their fiduciary obligation to act at all times in the best interest of the Class Members.  They have each assisted my office in the investigation of the claims asserted in the case. They have demonstrated their commitment to the prosecution of this action on behalf of the Class and have stated that they are each prepared to attend trial if called upon to do so.

19.     I am not aware of a more practical or economic alternative procedure, which might be used to adjudicate the liability and damage issues relating to the claims for relief asserted against Defendant Kate Spade in this action in a more efficient manner than through the class action device.

20.     The Williamson Law Firm, P.C. is ready and able to commit the resources necessary to litigate this case through final judgment and the resolution of any and all appeals.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed by me on this 7th day of July, 2017, at Houston, Texas.

Che D. Williamson, Declarant

4

# Exhibit 5

David S. Markun (SBN 108067)
Mark A. Ozzello (SBN 116595)
Ari Y. Basser (SBN 272618)
**MARKUN ZUSMAN FRENIERE
& COMPTON LLP**
17383 Sunset Boulevard, Suite A-380
Pacific Palisades, California 90272
Telephone: (310) 454-5900
Facsimile: (310) 454-5970
dmarkun@mzclaw.com
mozzello@mzclaw.com
abasser@mzclaw.com

*Attorneys for Plaintiffs Laura Marks, Gaylia Pickles, and Donna Vandiver, individually and on behalf of all those similarly situated*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLIA PICKLES & DONNA VANDIVER individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KATE SPADE AND COMPANY., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 3:15-CV-05329-VC<br><br>*The Hon. Vince Chhabria*<br><br>**DECLARATION OF LAURA MARKS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date:    December 7, 2017<br>Time:    10:00 AM<br>Location:    Courtroom 4, 17th Floor<br>    San Francisco Courthouse<br><br>Complaint Filed:    November 20, 2015 |

I, Laura Marks, declare as follows:

1.      I am one of the named Plaintiffs and a proposed class representative in this matter entitled *Gaylia Pickles, et al. v. Kate Spade & Company*, United States District Court Case Number 3:15-CV-05329-VC.  I have personal knowledge of the matters set forth below, except as to those matters stated herein that are based on information and belief, which matters I believe to be true. If called upon as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Plaintiffs' Motion for Class Certification.

2.      I request appointment by this Court to act as a class representative of the proposed California Class defined in the Motion for Class Certification as:

> All consumers who purchased one or more Kate Spade Designed For Outlet
> handbags, wallets, or wristlets (bearing a Style ID that begins with one of the
> following letter sequences: WKRG, WKRU, WLRG, or WLRU) at a Kate Spade
> Outlet store in the State of California during the period November 15, 2011,
> through November 30, 2015 (the "California Class").

3.      It is my understanding that I am a member of this proposed California Class that I seek to represent.

4.      I have resided in the City of Dublin, California since 1989.

5.      On March 16, 2015, I purchased a wallet from a Kate Spade Outlet store located in Livermore, California. The wallet I purchased is a "Wellesley" "Darla" wallet in a "Limoncello" color ("Darla Wallet").  The Style ID listed for this wallet is WLRU1736.

6.      During my same visit to the Kate Outlet Store located in Livermore, California on March 16, 2015, I also purchased a handbag.  The handbag I purchased is a "Perri Lane Bubbles" "Romy" handbag in an "Empirered" color ("Romy Handbag"). The Style ID listed for this handbag is WKRU2866.

7.      Attached as Exhibit 1 is a true and correct copy of a photograph of the Darla Wallet and Romy Handbag I purchased from the Kate Spade Livermore outlet store on March 16, 2015.

8.      Attached as Exhibit 2 is a true and correct copy of my receipt of purchase of the Darla

1   Wallet and Romy Handbag from the Kate Spade Livermore outlet store on March 16, 2015.

2       9.      I am familiar with the Kate Spade brand as offering high-quality and expensive

3   boutique products. On March 16, 2015, I visited the Kate Spade Outlet store located in Livermore,

4   California because I was interested in buying Kate Spade "boutique quality" products at what I

5   understood were deeply discounted prices.

6       10.     During my March 16, 2015 visit, I observed handbags and wallets offered for sale with

7   price tags advertising a dollar amount described as "Our Price," and signage nearby indicating a 40%

8   discount applicable to the handbags and wallets.  I relied on the "Our Price" dollar amounts listed on

9   the price tags for the products and the signage nearby, which led me to believe that the Kate Spade

10  Outlet store was offering those products for sale at a 40% discount off the prices at which they

11  formerly sold at Kate Spade boutique stores.

12      11.     During my visit, I was interested in purchasing the Romy Handbag and Darla Wallet

13  from the Kate Spade Outlet store because of the discounts I believed I was getting off the former

14  prices at which these products originally sold at Kate Spade boutique stores.  I decided to buy the

15  Romy Handbag and Darla Wallet because I believed that the "Our Price" dollar amount advertised

16  on the products' price tags represented the former prices at which the same boutique-quality products

17  were originally offered and sold in Kate Spade boutique stores, and that the products were being

18  offered at 40% off.  I calculated the 40% discount off the "Our Price" dollar amounts listed on the

19  price tags for these products and relied on the amount of the discount I was obtaining off their former

20  prices in making my decision to buy them.

21      12.     I would not have purchased the Darla Wallet or Romy Handbag had I known prior to

22  my purchases that these products were never sold by Kate Spade at the "Our Price" dollar amount

23  advertised on the products' price tags.  I also would not have purchased these products had I known

24  before making my purchase that those products were designed for outlet stores only, and were of

25  different and possibly lower quality than Kate Spade's handbags and wallets sold at its boutique

26  stores.

27      13.     I am willing to represent the proposed California Class of consumers who, like me,

28

**DECLARATION OF LAURA MARKS IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

1   bought Kate Spade handbags, wallets or wristlets that were advertised as being discounted off a false

2   former price. I believe that this class action, if certified by the Court, can help ensure Kate Spade

3   complies with California law, and can also provide monetary relief to other consumers who were

4   similarly duped into buying outlet only handbags, wallets and wristlets because of Kate Spade's false

5   pricing practices.

6       14.    I have not previously been appointed to act as a class representative in any other

7   proceeding. However, I understand that, if appointed by this Court to act as a representative of the

8   California Class, I have a duty to act at all times in the best interests of the California Class members.

9   I will take all necessary actions to protect the rights of these class members, and will direct my

10  attorneys to do the same. Without waiver of the attorney-client privilege, I affirm that I have done so

11  to date.

12      15.    I am not aware of any conflicts of interest between me and the proposed California

13  Class members. I am not aware of any material factual differences between my claim and the claims

14  of any other member of the California Class, or the monetary and injunctive relief we seek for these

15  claims. I am neither related to, nor employed by, any of my attorneys in this case. My interests are

16  the same as all other class members because I am seeking the same relief that they seek.

17      16.    I have not been promised any compensation for bringing this case or acting as a

18  representative of the California Class.  I do not expect any compensation other than my proportionate

19  share of any awards obtained for the benefit of the California Class in this action.

20      17.    I intend to vigorously and actively pursue all claims that have been asserted in the

21  lawsuit on behalf of the California Class, as I have been doing to date.  I will always make myself

22  available for any proceeding in this matter, including my deposition, any mediations and settlement

23  conferences, and trial. I have stayed informed of the progress of this lawsuit through meetings and

24  discussions with my attorneys, and will continue to do so.  I have also stayed informed by reviewing

25  key filings in the case, including the complaints, and will continue to do so.  I have responded to

26  written discovery requests by Kate Spade for information and searched for and provided my attorneys

27  requested documents, and will diligently respond to any additional discovery requests as appropriate.

28

**DECLARATION OF LAURA MARKS IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

18.     I also ask this Court to appoint the law firms representing Plaintiffs, Markun Zusman Freniere & Compton LLP, Boucher LLP, Kiesel Law LLP, and the Williamson Law Firm, P.C., to act as Class Counsel for the California Class.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct and that this declaration was executed on July 3, 2017, in Livermore, California.

By: _____
Laura Marks

**DECLARATION OF LAURA MARKS IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

# EXHIBIT 1



# EXHIBIT 2



♠

# kate spade

NEW YORK

2920 LIVERMORE OUTLETS DRIVE SPACE 220
LIVERMORE, CA 94551
925-455-1180

Trans: 6796      Date: 3/16/15 11:01
Store: 1841      Register: 21
Salesperson: Neda N.
Cashier: Alexis B.

| Item | Qty | Price | Amount |
|------|-----|-------|--------|
| ROMY | | | |
| 098689821504 | 1 | 269.00 | 161.40 |
| 40% OFF | | | (107.60) |
| DARLA | | | |
| 098689824574 | 1 | 85.00 | 51.00 |
| 40% OFF | | | (34.00) |

Subtotal    212.40
Tax     19.12

Total:    231.52

Gift Card                        100.00
    ****************9803
    Auth. No. 000000
    Transaction Type: Sale
Visa                             131.52
    ************7510
    Auth. No. 03731C
    Transaction Type: Sale
    Entry Method: Swiped
    Auth Time: 11:01 AM

Cardholder will pay the card issuer above
amount pursuant to cardholder agreement.

Change                             0.00

new, unused merchandise purchased at a
kate spade

# Exhibit 6

David S. Markun (SBN 108067)
Mark A. Ozzello (SBN 116595)
Ari Y. Basser (SBN 272618)
**MARKUN ZUSMAN FRENIERE**
**& COMPTON LLP**
17383 Sunset Boulevard, Suite A-380
Pacific Palisades, California 90272
Telephone: (310) 454-5900
Facsimile: (310) 454-5970
dmarkun@mzclaw.com
mozzello@mzclaw.com
abasser@mzclaw.com

*Attorneys for Plaintiffs Laura Marks, Gaylia*
*Pickles, and Donna Vandiver, individually and*
*on behalf of all those similarly situated*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLIA PICKLES & DONNA VANDIVER individually and on behalf of all others similarly situated,<br><br><br><br>Plaintiffs,<br>v.<br><br><br>KATE SPADE AND COMPANY., a Delaware corporation; and DOES 1-50, inclusive,<br><br><br>Defendant. | Case No. 3:15-CV-05329-VC<br><br>*The Hon. Vince Chhabria*<br><br>**DECLARATION OF GAYLIA PICKLES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date:    December 7, 2017<br>Time:             10:00 AM<br>Location:         Courtroom 4, 17th Floor<br>                  San Francisco Courthouse<br><br>Complaint Filed:   November 20, 2015 |

I, Gaylia Pickles, declare as follows:

1.       I am a named Plaintiffs and a proposed class representative in this matter entitled *Gaylia Pickles, et al. v. Kate Spade & Company*, United States District Court Case Number 3:15-CV-05329-VC.  I have personal knowledge of the matters set forth below, except as to those matters stated herein that are based on information and belief, which matters I believe to be true. If called upon as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Plaintiffs' Motion for Class Certification.

2.       I request appointment by this Court to act as a class representative of the proposed California Class defined in the Motion for Class Certification as:

> All consumers who purchased one or more Kate Spade Designed For Outlet handbags, wallets, or wristlets (bearing a Style ID that begins with one of the following letter sequences: WKRG, WKRU, WLRG, or WLRU) at a Kate Spade Outlet store in the State of California during the period November 15, 2011, through November 30, 2015 (the "California Class").

3.       I understand that I am a member of this proposed California Class.

4.       I have resided in Los Angeles, California since 1992

5.       On June 11, 2015, I purchased a handbag from a Kate Spade Outlet store located in Commerce, California. The handbag that I purchased is a "Grey Street" "Dominique" handbag in a "Magnolia" color ("Dominique Handbag"). The Style ID listed for this handbag is WKRU3169.

6.       Attached as Exhibit 1 is a true and correct copy of a photograph of the Dominique Handbag I purchased from the Kate Spade Commerce outlet store on June 11, 2015, and its price tag.

7.       Attached as Exhibit 2 is a true and correct copy of my receipt of purchase of the Dominique Handbag I purchased from the Kate Spade Commerce outlet store on June 11, 2015.

8.       I am familiar with the Kate Spade brand as offering high-quality and expensive boutique products. On June 11, 2015, I visited the Kate Spade Outlet store located in Commerce, California because I was interested in buying Kate Spade "boutique quality" products at what I understood were deeply discounted prices.

**DECLARATION OF GAYLIA PICKLES IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

9. During my June 11, 2015 visit, I observed handbags offered for sale with price tags advertising a dollar amount described as "Our Price," and signage nearby indicating a 50% discount applicable to all merchandise, and for an additional 20% discount for handbags. Attached as Exhibit 3 is a true and correct copy of signage similar to that I observed that day. I relied on the "Our Price" dollar amount listed on the price tags for the handbags and the signage nearby, which led me to believe that the Kate Spade Outlet store was offering handbags for sale at a 50% discount plus an additional 20% discount off the prices at which they formerly sold at Kate Spade boutique stores.

10. During my visit, I was interested in purchasing the Dominique Handbag from the Kate Spade Outlet store because of the discount I believed I was getting off the former price at which the handbag originally sold at Kate Spade boutique stores. I decided to buy the Dominique Handbag because I believed that the "Our Price" dollar amount advertised on the price tag represented the former price at which the same boutique-quality handbag was originally offered and sold in Kate Spade boutique stores, and that the Dominique handbag was being offered at 50% off, plus an additional 20% off. I calculated the discount off the "Our Price" dollar amount listed on the price tag for the handbag and relied on the amount of the discount I was obtaining off the former price in making my decision to buy it.

11. I would not have purchased the Dominique Handbag had I known before purchasing it that it was never sold by Kate Spade at the "Our Price" dollar amount advertised on the product's price tag. I also would not have purchased the product had I known before making my purchase that the product was designed for outlet stores only, and was of different and possibly lower quality than Kate Spade's handbags sold at its boutique stores.

12. I am willing to represent the proposed California Class of consumers who, like me, bought Kate Spade handbags, wallets or wristlets that were advertised as being discounted off a false former price. I believe that this class action, if certified by the Court, can help ensure Kate Spade complies with California law, and can also provide monetary relief to other consumers who similarly duped into buying outlet only handbags, wallets and wristlets because of Kate Spade's false pricing practices.

**DECLARATION OF GAYLIA PICKLES IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

13. I have not previously been appointed to act as a class representative in any other proceeding. However, I understand that, if appointed by this Court to act as a representative of the California Class, I have a duty to act at all times in the best interests of the California Class members. I will take all necessary actions to protect the rights of these class members, and will direct my attorneys to do the same. Without waiver of the attorney-client privilege, I affirm that I have done so to date.

14. I am not aware of any conflicts of interest between me and the proposed California Class members. I am not aware of any material factual differences between my claim and the claims of any other member of the California Class, or the monetary and injunctive relief we seek for these claims. I am neither related to, nor employed by, any of my attorneys in this case. My interests are the same as all other class members because I am seeking the same relief that they seek.

15. I have not been promised any compensation for bringing this case or acting as a representative of the California Class. I do not expect any compensation other than my proportionate share of any awards obtained for the benefit of the California Class in this action.

16. I intend to vigorously and actively pursue all claims that have been asserted in the lawsuit on behalf of the California Class, as I have been doing to date. I will always make myself available for any proceeding in this matter, including my deposition, any mediations and settlement conferences, and trial. I have stayed informed of the progress of this lawsuit through meetings and discussions with my attorneys, and will continue to do so. I have also stayed informed by reviewing key filings in the case, including the complaints, and will continue to do so. I have responded to written discovery requests by Kate Spade for information and searched for and provided my attorneys requested documents, and will diligently respond to any additional discovery requests as appropriate.

17. I also ask this Court to appoint the law firms representing Plaintiffs, Markun Zusman Freniere & Compton LLP, Boucher LLP, Kiesel Law LLP, and the Williamson Law Firm, P.C., to act as Class Counsel for the California Class.

///

///

**DECLARATION OF GAYLIA PICKLES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

1

2

3        I declare under penalty of perjury under the laws of California and the United States that the

4    foregoing is true and correct and that this declaration was executed on July 4, 2017, in Los

5    Angeles, California.

6

7    By: _____
               Gaylia Pickles

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**DECLARATION OF GAYLIA PICKLES IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

# EXHIBIT 1



dominique

WKRU3169

grey street

magnolia (175)

DNS2003



0  98689  84929  4

our price                    355.00

# EXHIBIT 2

**kate spade**

NEW YORK

100 CITADEL DRIVE SUITE 539
COMMERCE, CA 90040
323-724-1633

Trans: 55690        Date: 6/11/15 20:04
Store: 1849         Register: 2
 Salesperson: Angela D.
Cashier: Lydia M.

| Item | Qty | Price | Amount |
|------|-----|-------|--------|
| DOMINIQUE | | | |
| 098689849294 | 1 | 355.00 | 142.00 |
| 50%+20% OFF HANDBAGS | | (213.00) | |

| | | |
|---|---|---|
| Subtotal | | 142.00 |
| Tax | | 13.49 |
| Total: | | 155.49 |

| USD Cash | | 160.00 |
|---|---|---|

| Change | | |
| USD Cash | | (4.51) |

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
new, unused merchandise purchased at a kate
spade outlet store in the united states may
be exchanged or returned for the price paid
at a kate spade outlet store in the united
states only, exchanges and returns will be
accepted as follows:

# EXHIBIT 3

handbags

TAKE AN ADDITIONAL

## 20% off

## 50% off

# Exhibit 7

David S. Markun (SBN 108067)
Mark A. Ozzello (SBN 116595)
Ari Y. Basser (SBN 272618)
**MARKUN ZUSMAN FRENIERE**
**& COMPTON LLP**
17383 Sunset Boulevard, Suite A-380
Pacific Palisades, California 90272
Telephone: (310) 454-5900
Facsimile: (310) 454-5970
dmarkun@mzclaw.com
mozzello@mzclaw.com
abasser@mzclaw.com

*Attorneys for Plaintiffs Laura Marks, Gaylia Pickles, and Donna Vandiver, individually and on behalf of all those similarly situated*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLIA PICKLES & DONNA VANDIVER individually and on behalf of all others similarly situated, <br><br><br> Plaintiffs, <br> v. <br><br> KATE SPADE AND COMPANY., a Delaware corporation; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 3:15-CV-05329-VC <br><br> *The Hon. Vince Chhabria* <br><br> **DECLARATION OF DONNA VANDIVER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** <br><br> Hearing Date:    December 7, 2017 <br> Time:    10:00 AM <br> Location:    Courtroom 4, 17th Floor <br>      San Francisco Courthouse <br><br> Complaint Filed:    November 20, 2015 |

I, Donna Vandiver, declare as follows:

1.      I am a named Plaintiff and a proposed class representative in this matter entitled *Gaylia Pickles, et al. v. Kate Spade & Company*, United States District Court Case Number 3:15-CV-05329-VC.  I have personal knowledge of the matters set forth below, except as to those matters stated herein that are based on information and belief, which matters I believe to be true. If called upon as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Plaintiffs' Motion for Class Certification.

2.      I request appointment by this Court to act as a class representative of the proposed Texas Class defined in the Motion for Class Certification as:

> All consumers who purchased one or more Kate Spade Designed For Outlet handbags, wallets, or wristlets (bearing a Style ID that begins with one of the following letter sequences: WKRG, WKRU, WLRG, or WLRU) at a Kate Spade Outlet store in the State of Texas during the period November 15, 2011 through November 30, 2015 (the "Texas Class").

3.      I understand that I am a member of this proposed Texas Class.

4.      I reside in New Braunfels, Texas. I have resided in New Braunfels, Texas since the year 2007.

5.      On July 12, 2015, I purchased a wallet from a Kate Spade Outlet store located in San Marcos, Texas. The wallet I purchased is a "Wellesley" "Neda" wallet in a "Porcelain" color ("Neda Wallet"). The Style ID listed for this wallet is WLRU1153. Attached as Exhibit 1 is a true and correct copy of a photograph of the Neda Wallet together with the price tag for the Neda Wallet.

6.      During my same visit to the Kate Spade Outlet store located in San Marcos, Texas on July 12, 2015, I also purchased a handbag. The handbag I purchased is a "Classic Spade" "Stevie" handbag in a "Stucco" color ("Stevie Handbag"). The Style ID for this handbag is WKRU1509. Attached as Exhibit 2 are true and correct copy of photographs of the Stevie Handbag and the price tag for the Stevie Handbag.

7.      Attached as Exhibit 3 is a true and correct copy of my receipt of purchase of the Neda

2

1   Wallet and Stevie Handbag from the Kate Spade San Marcos, Texas outlet store on July 12, 2015.

2        8.    I am familiar with the Kate Spade brand as offering high-quality and expensive

3   boutique products. On July 12, 2015, I visited the Kate Spade Outlet store located in San Marcos,

4   Texas because I was interested in buying Kate Spade "boutique quality" products at what I understood

5   were deeply discounted prices.

6        9.    During my July 12, 2015 visit, I observed handbags and wallets offered for sale with

7   price tags advertising a dollar amount described as "Our Price," and signage nearby indicating a 50%

8   discount applicable to the handbags and wallets. I relied on the "Our Price" dollar amounts listed on

9   the price tags for the products and the signage nearby, which led me to believe that the Kate Spade

10   Outlet store was offering those products for sale at a 50% discount off the prices at which they

11   formerly sold at Kate Spade boutique stores.

12        10.    During my visit, I was interested in purchasing the Stevie Handbag and Neda Wallet

13   from the Kate Spade Outlet store because of the discounts I believed I was getting off the former

14   prices at which these products originally sold at Kate Spade boutique stores. I decided to buy the

15   Stevie Handbag and Neda Wallet because I believed that the "Our Price" dollar amount advertised on

16   the products' price tags represented the former prices at which the same boutique-quality products

17   were originally offered and sold in Kate Spade boutique stores, and that the products were being

18   offered at 50% off. I calculated the 50% discount off the "Our Price" dollar amounts listed on the

19   price tags for these products and relied on the amount of the discount I was obtaining off their former

20   prices in making my decision to buy them.

21        11.    I would not have purchased the Neda Wallet or Stevie Handbag had I known prior to

22   my purchases that these products were never sold by Kate Spade at the "Our Price" dollar amount

23   advertised on the products' price tags. I also would not have purchased these products had I known

24   before making my purchase that those products were designed for outlet stores only, and were of

25   different and possibly lower quality than Kate Spade's handbags and wallets sold at its boutique

26   stores.

27        12.    I am willing to represent the proposed Texas Class of consumers who, like me, bought

28

**DECLARATION OF DONNA VANDIVER IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Kate Spade handbags, wallets or wristlets that were advertised as being discounted off a false former price. I believe that this class action, if certified by the Court, can help ensure Kate Spade complies with Texas law, and can also provide monetary relief to other consumers who were similarly duped into buying outlet only handbags, wallets and wristlets because of Kate Spade's false pricing practices.

13.    I have not previously been appointed to act as a class representative in any other proceeding. However, I understand that, if appointed by this Court to act as a representative of the Texas Class, I have a duty to act at all times in the best interests of the Texas Class members. I will take all necessary actions to protect the rights of these class members, and will direct my attorneys to do the same. Without waiver of the attorney-client privilege, I affirm that I have done so to date.

14.    I am not aware of any conflicts of interest between me and the proposed Texas Class members. I am not aware of any material factual differences between my claim and the claims of any other member of the Texas Class, or the monetary and injunctive relief we seek for these claims. I am neither related to, nor employed by, any of my attorneys in this case. My interests are the same as all other class members because I am seeking the same relief that they seek.

15.    I have not been promised any compensation for bringing this case or acting as a representative of the Texas Class.  I do not expect any compensation other than my proportionate share of any awards obtained for the benefit of the Texas Class in this action.

16.    I intend to vigorously and actively pursue all claims that have been asserted in the lawsuit on behalf of the Texas Class, as I have been doing to date.  I will always make myself available for any proceeding in this matter, including my deposition, any mediations and settlement conferences, and trial. I have stayed informed of the progress of this lawsuit through meetings and discussions with my attorneys, and will continue to do so.  I have also stayed informed by reviewing key filings in the case, including the complaints, and will continue to do so.  I have responded to written discovery requests by Kate Spade for information and searched for and provided my

///

///

**DECLARATION OF DONNA VANDIVER IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

1  attorneys requested documents, and will diligently respond to any additional discovery requests as

2  appropriate.

3       17.    I also ask this Court to appoint the law firms representing Plaintiffs, Markun Zusman

4  Freniere & Compton LLP, Boucher LLP, Kiesel Law LLP, and the Williamson Law Firm, P.C., to

5  act as Class Counsel for the Texas Class.

6       I declare under penalty of perjury under the laws of Texas and the United States that the

7  foregoing is true and correct and that this declaration was executed on July 4 , 2017, in New

8  Braunfels, Texas.

9

10                              By: _____

11                                 Donna Vandiver

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF DONNA VANDIVER IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

# EXHIBIT 1



kate spade
NEW YORK



neda
WLRU1153
wellesley
porcelain (137)

DNS3011

0  98689  06851  0

our price                                    145.00

# EXHIBIT 2



stevie
WKRU1509
classic spade
stucco (225)                    P09510

0  98689  16963    7

275.00

our price

# EXHIBIT 3



# kate spade

## NEW YORK

3939 IH-35 South #1285
San Marcos, TX 78666
512-392-6710

---

Trans: 6764          Date: 7/12/15 11:50
Store: 1801          Register: 21
Salesperson: House A.
Cashier: Tiffany W.

---

| Item | Qty | Price | Amount |
|------|-----|-------|--------|
| STEVIE | | | |
| 098689169637 | 1 | 275.00 | 137.50 |
| 50% OFF | | | (137.50) |
| NEDA | | | |
| 098689068510 | 1 | 145.00 | 72.50 |
| 50% OFF | | | (72.50) |

|  |  |
|--|--|
| Subtotal | 210.00 |
| Tax | 17.32 |

---

| Total: | 227.32 |
|--------|--------|

---

American Express               227.32
     **********6009
     Auth. No. 532535
     Transaction Type: Sale
     Entry Method: Swiped
     Auth Time: 11:50 AM